**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SLUSH PUPPIE LIMITED, | ) | Case No. 1:19-cv-00189-MRB |
| | ) | |
| Plaintiff, | ) | Judge Michael R. Barrett |
| | ) | |
| vs. | ) | Magistrate Judge Bowman |
| | ) | |
| THE ICEE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

---

**MOTION TO STRIKE OR TO NOT CONSIDER DEFENDANT THE ICEE COMPANY'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS (DOC. #98), OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY OF RESPONDENTS**

---

**NOW COMES** Respondents, Non-Parties Benesch, Friedlander, Coplan & Aronoff LLP, Mark Avsec, Elizabeth R. Emanuel, Matthew D. Gurbach, Ronald L. House, Jennifer M. Turk, and Eric Larson Zalud ("collectively Benesch") and hereby move this Court to either strike or not consider ICEE Company's ("ICEE") Reply Memorandum (Doc. #98). In the alternative, Benesch moves for leave to file a Sur-Reply. The reasons why this Motion should be granted are set forth in the attached Memorandum.

1

Respectfully submitted,

/s/ Patrick Kasson
Patrick Kasson (0055570) (Trial Attorney)
Steven A. Chang (0088321)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311 / Fax: (614) 232-2410
pkasson@reminger.com
schang@reminger.com

Robert W. Hojnoski (0070062)
Ian D. Mitchell (0090643)
**REMINGER CO., L.P.A**
525 Vine Street, Suite 1500
Cincinnati, Ohio 45202
(513) 721-1311 / Fax: (513) 721-2553
rhojnoski@reminger.com
imitchell@reminger.com

*Counsel for Non-Parties Benesch,*
*Friedlander, Coplan & Aronoff LLP, Mark*
*Avsec, Elizabeth R. Emanuel, Matthew D.*
*Gurbach, Ronald L. House, Jennifer M. Turk,*
*and Eric Larson Zalud*

2

## MEMORANDUM

ICEE's 277-page "Reply" is a "do over" confirming its initial Motion for Sanctions was woefully deficient.  It also is a blatant and knowing violation of (1) Benesch's due process rights, (2) the Southern District of Ohio's Local Rules, (3) this Court's Standing Orders, (4) controlling Sixth Circuit law, and (5) this Court's Notation Order granting Plaintiff's additional pages for the "Reply."  (Order, entered March 17, 2021).   Indeed, tacitly admitting that its anemic 3-page argument in its initial Motion is not sufficient to satisfy due process, ICEE seeks a "do over" with an effectively renewed Motion for Sanctions under the guise of a "Reply" – nearly three times the size of the original Motion.  It must be stricken and/or not considered by the Court.  Alternatively, Benesch is entitled to a full response to this "renewed" Motion for Sanctions that dwarfs the original filing.

## I.     ICEE AND ITS COUNSEL KNOWINGLY VIOLATED THIS COURT'S LOCAL RULES, STANDING ORDERS, AND CONTROLLING SIXTH CIRCUIT LAW.

ICEE's violation of this Court's Local Rules, Standing Orders, and controlling Sixth Circuit law provide a clear basis to strike[1], or not consider ICEE's "Reply," in its entirety.  ICEE's violations are particularly egregious as ICEE's Philadelphia counsel's *pro hac vice* status is contingent upon complying with this Court's Orders. *See Dish Network v. Fun Dish*, 2017 U.S. Dist. LEXIS 204220, at *22-23 (N.D. Ohio 2017) (revoking *pro hac vice* status for multiple

---

[1] Benesch acknowledge this Court's decision in *Nokes v. Miami Univ.*, in which Judge Barrett opined that the Federal Rules of Civil Procedure "provide no mechanism for 'striking' documents other than pleadings." *Nokes v. Miami Univ.*, No. 1:17-cv-482, 2017 U.S. Dist. LEXIS 136880, at *23 (Aug. 25, 2017).  A court should ignore improper memoranda. *Id.* (citing *Johnson v. Wolgemuth*, 257 F. Supp. 2d 1013, 1024 S.D Ohio 2003). However, other Courts, in analyzing *Nokes*, have held that the district court has the inherent power to strike non-pleadings, particularly those that violate local rules. *See Newman v. Univ. of Dayton*, No. 3:17-cv-179, 2017 U.S. Dist. LEXIS 148877, at *6 (S.D. Ohio Sept. 14, 2017) (gathering gases striking non-pleadings in this district).  And this Court has previously recognized its own authority to do the same. *Macum v. Jones*, No. 1:15-CV-239, 2016 U.S. Dist. LEXIS 37031 (S.D. Ohio Mar. 22, 2016) (upholding magistrate's decision striking a sur-reply without leave filed in violation of R. 7.2(a)(2)).

3

violations of a District Court's Orders).  ICEE has violated this Court's rules and Sixth Circuit law in at least the following five ways:

1.      **Rule**:  A brief and memorandum **cannot exceed twenty (20) pages in length**, without first obtaining leave of Court.  (J. Barrett Standing Order, Section G); (S.D. Ohio Civ. R. 7.2(a)(3)).

**ICEE's Violation**: ICEE's reply brief violates the Standing Order, Local Rule 7.2, and this Court's March 17, 2021 Notation Order, as it **effectively contains 41 pages**, inclusive of its 16 page "chronologies" that were specifically drafted by counsel and attached as an "Appendix" to skirt local rules.  Federal courts have routinely rejected this transparent ploy to avoid page limitations. *See, e.g.*, *Numatics, Inc. v. H.H. Balluff, Inc.*, No. 13-11049, 2014 U.S. Dist. LEXIS 156914, at *2 (E.D. Mich. Nov. 6, 2014) (granting motion to strike where an attorney attempted to avoid the 25-page limit local rule by attaching "facts" as "an appendix to the brief."); *Winton Transp. v. South*, No. 1:05CV471, 2007 U.S. Dist. LEXIS 65947, at *3, n.2 (S.D. Ohio Sept. 6, 2007) (holding that Local Rule 7.2(a)(3) requires facts to be asserted in a supporting memoranda and parties cannot circumvent this rule by including such facts outside of the brief in order to "devote the whole twenty pages to addressing their legal arguments").

2.      **Rule:**  A brief must contain **a combined table of contents and summary of the argument**, with a "succinct, clear, and accurate summary," indicating the principal arguments in the brief, with citations to authority.  *Id.*

**ICEE's Violation**: ICEE's reply brief violates the Standing Order, Local Rule 7.2(a)(3), and this Court's March 17, 2021 Notation Order, as it **does not contain a combined table of contents and summary of the argument**.  The Notation Order even specifically warned ICEE that it must comply with "S.D. Ohio Civ. R. 7.2(a)(3) and Part I.G. of this Court's Standing Order on Civil

4

Procedures," in granting its motion for leave.  Notably, if *pro hac* counsel was confused about this Local Rule, it could have looked to Benesch's Opposition Memorandum, which complies.

**3.** __Rule:__  When "proof of facts not already of record is necessary to support . . . a motion, all evidence **then available** shall be discussed in, and submitted no later than, **the primary memorandum of the party relying upon such evidence**."  (S.D. Ohio Civ. R. 7.2(d)) (emphasis added).

__ICEE's Violation:__ ICEE's reply brief violates Local Rule 7.2(d) **by attaching 230+ pages of evidence** that was available at the time of the filing of its Motion and was required to be submitted with its "**primary memorandum**," not a reply brief.

**4.** __Rule:__  Only **evidence**, not statements of facts or "chronologies" drafted by counsel, may be included in an Appendix to a Memoranda.  (S.D. Ohio Civ. R. 7.2(e)).

__ICEE's Violation:__ ICEE's reply brief violates Local Rule 7.2(e) **by attaching documents it prepared – not actual evidence –in an "Appendix."**

**5.** __Rule:__  A party may not make new arguments, or rely on new evidence, in a reply brief. *See, e.g.*, *Abraitis v. United States*, 2012 U.S. Dist. LEXIS 97350, at *2 (N.D. Ohio July 13, 2012) (holding that, under Sixth Circuit law, "[n]ew evidence and new arguments are not appropriate in a reply brief" and are considered waived) (citing *Scottsdale Ins. Co v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)).

__ICEE's Violation:__ ICEE violates well-settled Sixth Circuit law by presenting new evidence and arguments on reply, including, without limitation, the 230 pages of "new evidence" and numerous new permutations of its original arguments.  *Id.*

District courts in the Southern District have routinely granted motions to strike memoranda for blatant violations of local rules.  *See Newman v. Univ. of Dayton*, No. 3:17-cv-179, 2017 U.S.

Dist. LEXIS 148877, at *6 (S.D. Ohio Sept. 14, 2017) (gathering nearly a dozen decisions striking memoranda for violations of local rules).  This Court should do the same.

## II. DUE PROCESS DEMANDS THE REPLY BRIEF BE STRICKEN.

The "Reply" is a knowing, disingenuous attempt to skirt due process and deny Benesch with a meaningful opportunity to respond.  ICEE had a burden to state, with particularity, the basis for its request for sanctions from the outset.  *Cook v. Am. S.S. Co.*, 134 F.3d 771, 776 (6th Cir. 1998) (show cause order does not shift burden of proof); *Nisus Corp. v. Perma-Chink Sys.*, No. 3:03-CV-120, 2007 U.S. Dist. LEXIS 58363, at *10-11 (E.D. Tenn. Aug. 9, 2007) (summarizing cases denying motions for sanctions for failing to provide particularized notice).  It did not. Instead, it filed the "Reply," which is nearly three times the size of its original Motion.  The "Reply" sets forth new claimed bases for sanctions and attempts to use – as its evidentiary basis – Benesch's Memorandum in Opposition.  Because due process cannot be satisfied through a Reply – as Benesch's opportunity to respond has been vitiated – the Reply should be stricken or not considered.  And in this case, ICEE's game is apparent.  Its "Reply" is really a new Motion for Sanctions and attempts to use as its basis Benesch's response to its original Motion.  It appears that the original Motion was just a game to attempt to shift the burden of proof to Benesch, as ICEE spends most of its "Reply" arguing only what Benesch did not prove.  Regardless, the use of a Reply to satisfy due process requirements is improper.

ICEE does not dispute that due process requires particularized notice of the allegations as against each attorney and an opportunity to respond.  (*See* Doc. # 98, PageID # 2526) (attempting to describe how its 16-page narrative satisfies this particularized notice requirement).  The filing of its Reply Brief admits as much – using 25 pages of briefing to expand on its three-page

conclusory assertions of its original motion and "clarifying" what actions it seeks to hold which attorneys accountable.  (*See generally Id.*)

Coming in a Reply Brief, however, this is too little, too late, to satisfy due process. (*Nisus Corp. v. Perma-Chink Sys.*, No. 3:03-CV-120, 2007 U.S. Dist. LEXIS 58363, at *10-11 (E.D. Tenn. Aug. 9, 2007) (summarizing cases denying motions for sanctions for failing to provide particularized notice in its motion).  ICEE should not be permitted to engage in a shell game.  ICEE cannot be purposefully vague by failing to set forth, **in its initial motion**, the specific law under which sanctions are sought, for what conduct, as against which attorney.  And then come back on reply to "clarify" what it really meant, without an opportunity for a response from Benesch.

As just one example, ICEE in its original motion seeks sanctions pursuant to Rule 26(g) against Mr. House, Ms. Emanuel, Ms. Turk, and Mr. Gurbach, but failed to specify on what basis such sanctions were brought against Mr. House, Ms. Emanuel, or Ms. Turk, **who did not even sign the discovery responses**.  (Doc. # 89, PageID # 2316, 2321).  ICEE now implicitly "clarifies" in its reply brief that it is only *really* seeking sanctions under that law against Mr. Gurbach.  But ICEE provides no explanation for its prior frivolous request for sanctions against Mr. House, Ms. Emanuel, and Ms. Turk pursuant to Rule 26(g).  (Doc. # 98, PageID # 2521-24).  Each section of ICEE's "Reply" contains similar clarifications, and permutations of their original allegations.  If ICEE wanted a "do over," it could have withdrawn the Motion.  What it cannot do is wait to ambush its adversary on reply.  The brief should be stricken or, at minimum, disregarded by the Court.

**III.     ALTERNATIVELY, BENESCH MUST BE AFFORDED AN OPPORTUNITY TO FULLY RESPOND TO ICEE'S "REPLY," WHICH IS AN AMENDED MOTION FOR SANCTIONS.**

Alternatively, Benesch should be afforded an opportunity to respond to this new evidence, and "revised" arguments, in full.  The Sixth Circuit has routinely recognized a right to file a sur-reply when an adversary has become a moving target, saving for its reply brief a multitude of arguments and evidence in an effort to deny Benesch with an opportunity to respond.  *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 Fed. Appx. 575, 583 (6th Cir. 2010) (holding that trial court abused its discretion in denying motion for leave to file a sur-reply brief where a party presented new arguments and new evidence on reply, and therefore vitiated the respondent's right "to notice and a reasonable opportunity to respond"); *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 836 (S.D. Ohio 2019) ("Generally, 'good cause' exists where the reply brief raises new grounds that were not included in movant's initial motion.") (citation omitted); *Guyton v. Exact Software N. Am.*, 2015 U.S. Dist. LEXIS 170241, at *10 (S.D. Ohio Dec. 21, 2015) (granting motion to file sur-reply to correct misstatements by opposing party).  And, in fact, courts have held that leave to file a sur-reply should be granted, even without good cause, if a party "will suffer no prejudice by the filing of the sur-reply."  *NCMIC*, 375 F. Supp. 3d at 836.

Here, due process and controlling Sixth Circuit law requires that this Court provide Benesch an opportunity to respond if it does not strike and/or disregard ICEE's reply. Accordingly, if this Court denies the instant motion to strike, Benesch respectfully request leave to file a Sur-Reply.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570) (Trial Attorney)
Steven A. Chang (0088321)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311 / Fax: (614) 232-2410
pkasson@reminger.com
schang@reminger.com

Robert W. Hojnoski (0070062)
Ian D. Mitchell (0090643)
**REMINGER CO., L.P.A**
525 Vine Street, Suite 1500
Cincinnati, Ohio 45202
(513) 721-1311 / Fax: (513) 721-2553
rhojnoski@reminger.com
imitchell@reminger.com

*Counsel for Non-Parties Benesch,*
*Friedlander, Coplan & Aronoff LLP, Mark*
*Avsec, Elizabeth R. Emanuel, Matthew D.*
*Gurbach, Ronald L. House, Jennifer M. Turk,*
*and Eric Larson Zalud*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2021 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s Patrick Kasson*
Patrick Kasson (0055570) (Trial Attorney)