IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SLUSH PUPPIE LIMITED,<br><br>                Plaintiff,<br><br>    v.<br><br>THE ICEE COMPANY,<br><br>                Defendant. | CASE NO. 1:19-cv-00189-MRB<br><br>Judge Michael R. Barrett |

**DEFENDANT ICEE'S OPPOSITION TO
RESPONDENTS' MOTION TO STRIKE REPLY BRIEF IN SUPPORT OF MOTION
FOR SANCTIONS (DOC. 101)**

Respondents are apparently out of ideas for defending their conduct in this litigation. So they are trying a different procedural tactic—a motion to strike ICEE's reply brief. Doc. 101. The Court should summarily reject this gambit. ICEE's reply brief did precisely what reply briefs are supposed to do: address the issues and arguments raised in the opposition brief, and add and discuss information that was not available when the opening brief was filed. The reply brief conforms to the local rules and this Court's practices. It is, moreover, entirely consistent with the Court's orders granting ICEE additional pages and an extension of time until after ICEE was able finally to take the Rule 30(b)(6) depositions that SPL and its current counsel had delayed.

ICEE's motions seeking additional pages and for an extension of time to file the reply brief specifically referred to the need to incorporate depositions of Plaintiff Slush Puppie Limited's designees, which were taken only three days before the reply brief was due. Docs. 96 & 97. And, when those depositions of Laura Peters and Abiodum Somorin were finally taken on March 16, they provided additional proof that various of the Respondents had engaged in

sanctionable conduct when they (1) failed to correct Mark Peters' perjurious testimony on July 1, 2020 to the effect that SPL had no IT professionals; (2) failed to produce a prepared 30(b)(6) designee to testify on SPL's behalf on October 9, 2020; (3) falsely stated in correspondence with defense counsel and the Court that "no one [at SPL] has the knowledge sought by the specific Rule 30(b)(6) knowledge categories" (E. Zalud, Esq. Letter of Feb. 8, 2021 to Hon. Michael Barrett); (4) repeatedly stated that there was no IT professional at SPL who could answer questions about the forgery of documents, the failure to investigate those forgeries, and the failure to preserve digital evidence; (5) falsely stated that a reasonable inquiry was conducted into the forgery of the Wendsday email; and (6) insisted that the Rule 30(b)(6) deposition noticed for October 9, 2020 should not go forward until the end of *April* and only be held in person in the U.K. or Ireland—thereby attempting to force ICEE to incur huge costs for transatlantic travel—before being ordered by the Court to produce witnesses sooner and via Zoom. It would be ironic in the extreme to accept Respondents' argument that, having failed to correct Peters' perjury almost a year ago; having misrepresented repeatedly SPL's institutional knowledge regarding IT issues; and having delayed the Rule 30(b)(6) deposition until after ICEE's principal brief was filed, the Court should now strike ICEE's reply brief for referring to this "new evidence." Suffice it to say that Respondents' motion is the latest in a long string of unreasonable and vexatious multiplying of the proceedings, 28 U.S.C. § 1927, and it is meritless.

First, this Court has held that a brief is not a pleading and therefore the Federal Rules of Civil Procedure provide no mechanism for striking it. *Nokes v. Miami Univ.*, 2017 U.S. Dist. LEXIS 136880, at *23, 2017 WL 3674910, at *8 (S.D. Ohio Aug. 25, 2017).

Second, ICEE complied with Local Rule 7.2(d). The proofs that were "then available" in support of the motion were cited and attached or cross referenced in the opening briefs. The

depositions of Laura Peters and Abiodum Somorin were not "then available" on account of certain of the Respondents' delays, misrepresentations, and obfuscations. To the extent Respondents are complaining about the explosive testimony of Abiodum Somorin, they have only themselves to blame. Respondents Gurbach, Turk, and House never corrected Mark Peters' perjurious testimony on July 1, 2020 that SPL had no IT department, and none of the Respondents ever bothered to reach out to speak to IT about Peters' obvious forgeries or about preserving critical evidence on Peters' laptops. To make matters worse, Respondent Turk presented the perjurer himself for deposition on October 9, 2020 as if the fox could testify about the break in to the hen house. Respondent House repeatedly represented in correspondence that SPL had no information to provide, which the deposition of Abiodum Somorin proved false. And Respondent Zalud tried to delay the deposition of Somorin for months and tried to force ICEE to incur the huge cost of a transatlantic flight for in person depositions.

To the extent that the evidence attached and discussed did not relate to the Somorin or Laura Peters depositions, it was all "[e]vidence used to support a reply memorandum [that was] limited to that needed to rebut the positions argued in memoranda in opposition." Local Rule 7.2(d). The reply brief responds to Respondents' arguments and points out in the record the facts that undermine those arguments. Aside from the previously unavailable testimony of Laura Peters and Abiodum Somorin, the reply attaches correspondence between and among counsel and the Court and the two chronologies.

With regard to those chronologies, attaching them was entirely proper—and even necessary. Local Rule 7.2(e) states that "affidavits, declarations pursuant to 28 U.S.C. § 1746, deposition excerpts, admissions, verified interrogatory answers, and other documentary or electronic exhibits" may be "attached to the memorandum or included in an appendix thereto."

3

The two chronologies are in the nature of demonstrative exhibits that organize in chronological order the egregiously long history of discovery abuse involving the forged Wendsday email and the forged History of Working Practise, beginning at the time in late 2017 or early 2018 that Respondents Avsec and Zalud received those forged documents that were flagged as critical by SPL's U.K. counsel, RPC.  Given Respondents' numerous straw-man arguments, mischaracterizations, and obfuscations in their opposition brief, undersigned counsel thought it important to present in a methodical, nonargumentative manner the key historical datapoints involving Respondents' years of discovery abuse.

Finally, this Court's standing order requires that briefs in excess of twenty pages contain "a succinct, clear, and accurate summary not to exceed five pages of the principal arguments made and citations to the primary authorities relied upon in the memorandum." Standing Order at G.  ICEE's reply brief lists the authorities upon which it relies at pages iii-iv and contains a summary of the argument at pages 1-3.  Undersigned counsel did not understand that the Court wanted the authorities and the summary to be combined, as Respondents have done in their opposition brief, Doc. 95 at PAGEID 2428-2432; indeed, ICEE did not do that in its opening brief and Respondents did not complain.  If the Court prefers, however, that ICEE use the style that Respondents used in Doc. 95, then ICEE will of course promptly provide the Court with a summary of the argument using that outline style and citing the key cases.[1]

With regard to Respondents' request to file a sur-reply brief, ICEE does not object.  ICEE does, however, request oral argument on this motion so that, among other things, it will have the opportunity to address any points made in the sur-reply brief.

---

[1] ICEE finds it curious that so much of Respondents' motion to strike focuses on this point since, had ICEE followed the format followed by Respondents' opposition brief, it would have added five pages to ICEE's brief.

Dated:  April 6, 2021	Respectfully submitted,

**DUANE MORRIS LLP**

BY:  */s/ David J. Wolfsohn*
David J. Wolfsohn (*admitted pro hac vice*)
Tyler R. Marandola (*admitted pro hac vice*)
30 South 17th Street
Philadelphia, PA 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
djwolfsohn@duanemorris.com
tmarandola@duanemorris.com

Kenneth M. Argentieri (Ohio Bar No. 0067493)
600 Grant St., Ste. 5010
Pittsburgh, PA 15219
Tel.: (412) 497-1000
Fax: (412) 497-1001
kmargentieri@duanemorris.com

*Attorneys for Defendant, The ICEE Company*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2021 I served the foregoing document on counsel of record by CM/ECF.

BY: <em>/s/ Tyler Marandola</em><br>Tyler Marandola