IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SLUSH PUPPIE LIMITED, | ) | Case No. 1:19-cv-00189-MRB |
| | ) | |
| Plaintiff, | ) | Judge Michael R. Barrett |
| | ) | |
| vs. | ) | Magistrate Judge Bowman |
| | ) | |
| THE ICEE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE OR TO NOT CONSIDER DEFENDANT THE ICEE COMPANY'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS (DOC. # 98), OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY**

ICEE's Opposition to the Motion to Strike effectively admits its 277-page "Reply" was out of line for multiple reasons. Indeed, it has no objection to the request for a "full" response to its renewed Motion for Sanctions that dwarfed its original filing. (Doc. # 102, PageID # 2862). Despite ICEE's argument that its 277-page "Reply" necessitates a Sur-Reply, the Motion to Strike should be granted because ICEE fails to adequately respond to the Motion to Strike.

*First,* ICEE makes no argument – much less denies – that its Motion for Sanctions did not comport with due process. (Doc. # 102, PageID # 2860-2861) (failing to argue that ICEE complied with due process within ICEE's original Motion to Strike).

*Second,* ICEE's disingenuous assertion it complied with Loc. R. 7.2(e) because the factual "chronology" was actually a "demonstrative exhibit" has been tried and rejected. *See, e.g., Numatics, Inc. v. H.H. Balluff, Inc.,* No. 13-11049, 2014 U.S. Dist. LEXIS 156914, at *2 (E.D. Mich. Nov. 6, 2014) (granting a motion to strike to where an attorney attempted to avoid the page limitation of the local rule by attaching "facts" as "an appendix to the brief."). Calling a statement

of facts a "demonstrative exhibit" is simply a transparent ploy to skirt the Local Rules. ICEE's lack of candor here, alone, mandates the Reply should be stricken.

*Third,* ICEE's demand for an oral argument is simply an attempt by ICEE to have another opportunity to make arguments, which should have been made in its Motion for Sanctions. *See* Memorandum in Opposition Motion for Sanctions (Doc. # 95, PageID # 2440-2442). Simply, ICEE was required to put forth the entire basis for its Motion for Sanctions in that Motion. It failed to do so. It cannot remedy that through an oral argument or its 277-page renewed Motion for Sanctions, disguised as a "Reply." The "Reply" should be stricken.

>
> Respectfully submitted,
>
> /s/ Patrick Kasson
> Patrick Kasson (0055570) (Trial Attorney)
> Steven A. Chang (0088321)
> **REMINGER CO., L.P.A.**
> 200 Civic Center Drive, Suite 800
> Columbus, Ohio 43215
> (614) 228-1311 / Fax: (614) 232-2410
> pkasson@reminger.com
> schang@reminger.com
>
> Robert W. Hojnoski (0070062)
> Ian D. Mitchell (0090643)
> **REMINGER CO., L.P.A**
> 525 Vine Street, Suite 1500
> Cincinnati, Ohio 45202
> (513) 721-1311 / Fax: (513) 721-2553
> rhojnoski@reminger.com
> imitchell@reminger.com
>
> *Counsel for Non-Parties Benesch, Friedlander, Coplan & Aronoff LLP, Mark Avsec, Elizabeth R. Emanuel, Matthew D. Gurbach, Ronald L. House, Jennifer M. Turk, and Eric Larson Zalud*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2021 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

*/s/ Patrick Kasson*
Robert W. Hojnoski (0070062)
