IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SLUSH PUPPIE LIMITED, | ) Case No: 1:19-cv-00189-MRB |
| Plaintiff, | ) JUDGE MICHAEL R. BARRETT |
| vs. | ) MAGISTRATE JUDGE BOWMAN |
| THE ICEE COMPANY, | ) |
| Defendant | ) |

**PLAINTIFF SLUSH PUPPIE LIMITED'S OPPOSITION TO DEFENDANT
THE ICEE COMPANY'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Slush Puppie Limited ("SPL") opposes Defendant The ICEE Company's ("ICEE") Motion for Preliminary Injunction ("Motion"). ICEE has failed to identify any basis to support the extraordinary and expedited relief requested by its Motion. SPL stopped using the SLUSH PUPPIE® mark in December of 2020. (*See* Declaration of Laura Peters, **EXHIBIT A**.)

In the present posture — although the Motion argues otherwise — the Court need not address the underlying merits. Instead, the Court should deny the Motion outright for the following synopsized reasons:

- The Motion is silent on what actually matters: the Court does not have extraterritorial jurisdiction over the enforcement of the requested injunctive relief. *Liberty Toy Co. v. Fred Silber Co.*, Case No. 97-3177, 1998 U.S. App. LEXIS 14866, at *20 (6th Cir. June 29, 1998).

- A "party pursuing a trademark claim must meet a threshold 'use in commerce' requirement." *Johnson v. Apple, Inc.*, No. 3:13-CV-204, 2014 WL 4076148, at *4 (S.D. Ohio Aug. 14, 2014), *report and recommendation adopted*, No. 3:13-CV-204, 2014 WL 7330737 (S.D. Ohio Sept. 8, 2014). In December of 2020, SPL stopped all "use in commerce" of the SLUSH PUPPIE® mark, as that phrase is defined in 15 U.S.C. § 1127. (**EXHIBIT A**, ¶ 4.)

- SPL does not hold "itself out as a licensee or owner of the SLUSH PUPPIE® marks." (Doc. 103, p. 1; **EXHIBIT A**, ¶ 5.) SPL testified that it does not "produce or manufacture any more products or place any more Slush Puppie machines out in the field." (*See* Deposition of Laura Peters at 9:19-21, **EXHIBIT B**; **EXHIBIT A**, ¶ 6.)

- ICEE has identified no fact to set this case apart from the body of law establishing that the "holder of a trademark cannot prevent others from using the word that forms the trademark in its *primary* or *descriptive* sense." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 612 (6th Cir. 2009) (emphasis in original). Consequently, ICEE's reliance on one true historical fact on the "frozenbrothers.com" webpage to establish infringement (that in 1974 Frozen Brothers introduced the "Slush Puppie" frozen beverage to the United Kingdom, Europe, and Scandinavia) is misplaced. (*See* Doc. 103, p. 18.)

- SPL's domain names "slushpuppie.co.uk" and "slushpuppie.fr" are not prohibited by trademark law. (*See* Doc. 103, p. 17.) When a domain name is used to indicate an address on the Internet, and not in connection with the sale of goods and services, it is not functioning as a trademark. *Bird v. Parsons*, 289 F.3d 865, 878 (6th Cir. 2002). These domain names are not active and result in an "error message," as the Motion explains. (Doc. 103, p. 17.) The domain names, therefore, are not used in connection with a sale or in violation of any law. (**EXHIBIT A**, ¶ 7.)

- SPL does not own and has no intellectual property rights in the domain name "https://www.rosemarketinguk.com/slush-puppie/" nor does SPL control *any* goods sold through the website to which that domain name resolves. (Doc. 103, p. 18; **EXHIBIT A**, ¶ 8); *see Bell v. Worthington City Sch. Dist.*, No. 2:18-cv-961, 2020 U.S. Dist. LEXIS 96424, at *45-46 (S.D. Ohio June 2, 2020) (stating the "Court agrees" that defendant "has nothing to do with [CME's website] and thus, it cannot be held liable for CME's alleged use of [p]laintiff's trademark").

- SPL does not control or have administrative access to the Slush Puppie UK Twitter account. (Doc. 103, p. 18; **EXHIBIT A**, ¶ 9); *see Mrs. United States Nat'l Pageant, Inc. v. Williams*, 353 F. Supp. 3d 213, 220-23 (W.D.N.Y. 2019) (denying motion for preliminary injunction, since "there is no evidence that defendants are presently making use of any of plaintiff's trademarks in connection with any social media accounts that are under their control").

- Lacking any evidence to suggest use or misuse, ICEE cannot show irreparable injury. Since an injunction must prevent irreparable harm, which is not imminent or even threatened here, the Motion should be denied. *Enyart v. Ohio Dep't of Rehab. & Correction*, No. 2:16-0161, 2016 WL 3946867, at *3 (S.D. Ohio July 22, 2016), report and recommendation adopted, No. 2:16-CV-00161, 2016 WL 5266476 (S.D. Ohio Sept. 22, 2016) (denying preliminary injunction and stating the "purpose of a preliminary injunction is always to prevent irreparable injury").

- ICEE did not plead a count for injunctive relief in its Counterclaim. *Elliot v. Snyder*, No. 2:18-CV-0085, 2020 WL 5351084 (W.D. Mich. May 13, 2020), *report and recommendation adopted in part*, No. 2:18-CV-85, 2020 WL 2988653, at *6 (W.D. Mich. June 4, 2020) ("Here, Elliot failed to state that he wanted injunctive relief. Without any request for injunctive relief or any description of what the injunctive relief might entail, the undersigned concludes that Elliot failed to request injunctive relief."). The Counts in ICEE's Counterclaim are for: Declaratory Judgment; Breach of Contract - 1996 Agreement; Breach of Contract - 1999 Agreement; Lanham Act Trademark Infringement; Lanham Act Unfair Competition; and O.R.C. §4615 Deceptive Trade Practices.

## I. RELEVANT FACTUAL BACKGROUND

On November 17, 2020, SPL formally changed its name and brand from Slush Puppie Limited to Frozen Brothers Limited. (**EXHIBIT A**, ¶ 3.) SPL stopped using the SLUSH PUPPIE® mark in December of 2020. (*Id*. at ¶ 4.) SPL does not place SLUSH PUPPIE® on any goods, containers, or displays. (*Id*.) SPL does not "produce or manufacture any more products or place any more Slush Puppie machines out in the field."[1] (*See* **EXHIBIT B** at 9:19-21; **EXHIBIT A**, ¶ 6.) Also, SPL does not use the domain names "slushpuppie.co.uk" or "slushpuppie.fr" in connection with the sale of goods or services. (**EXHIBIT A**, ¶ 7.) To date, there are ongoing legal proceedings before German tribunals regarding the SLUSH PUPPIE® mark. (*Id*. at ¶ 10.), along with other European proceedings in the tribunals referenced in ICEE's motion.

## II. LAW AND ARGUMENT

### A. Introduction: ICEE's Global and Geographically Limitless Request for Extraterritorial Relief.

ICEE has sought an extraordinary remedy, on a highly expedited basis, that has no foundation in law or fact. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (stating a "preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it") (internal quotations omitted). Not only is the relief sought by ICEE in its Motion extraordinary, it is beyond that. It is limitlessly broad. It asks a United States Federal Court, sitting in the Southern District of Ohio, to order a foreign, non-American corporate entity, to essentially cease the alleged conduct in every country in the world, without any limitation, let alone a geographic limitation. Such a

---

[1] Commensurate with this cessation of use, SPL is endeavoring to remove the branding from machines in venues that are open during the COVID-19 pandemic. SPL has already de-branded 86% of the estate. When the closed venues re-open, SPL will continue its endeavors to remove the branding from those machines. (**EXHIBIT A**, ¶ 11.)

3

request tramples over longstanding principles of international comity, essentially invades the jurisprudential sovereignty of other foreign nations, and possibly requires the Court to assess and examine the technical and complex trademark laws of countries on several continents.[2] Such a broad, almost imperialistic, request, is unsupported by the applicable law. However, in any event, although ICEE repeatedly insinuates otherwise, *SPL is not misusing the SLUSH PUPPIE® mark or even used the mark at all in its trademark sense*.

      **B.    The Court Does Not Have Geographically Limitless Extraterritorial Jurisdiction to Regulate Conduct.**

The "Lanham Act may extend to entirely foreign commerce which has a substantial effect on commerce between the states or between the United States and foreign countries." *Libbey Glass, Inc. v. Oneida Ltd.*, 61 F. Supp. 2d 720, 722 (N.D. Ohio 1999) (citing *Vanity Fair Mills v. T.E. Eaton Co.*, 234 F.2d 633, 641 (2d Cir. 1956)). However, the "extraterritorial reach of the Lanham Act is limited." *Libbey Glass*, 61 F. Supp. 2d at 722 ("courts have narrowed the circumstances under which the Lanham Act applies against foreign defendants").

When determining whether extraterritorial jurisdiction is proper, the Sixth Circuit instructs courts to apply the following "balancing test" factors: "(1) whether the defendant's conduct has substantial effect in the United States; (2) whether defendant is a citizen of the United States; and (3) whether there exists a conflict with trademark rights under foreign law." *Liberty Toy Co. v. Fred Silber Co.*, Case No. 97-3177, 1998 U.S. App. LEXIS 14866, at *20 (6th Cir. June 29, 1998);

---

[2] *See, e.g., Hoffman-LaRoche Ltd. v. Empagran, S.A.,* 542 U.S. 155, 176, 124 S. Ct. 2359, 159 L. Ed. 226 (2004) (the law "should be read in accord with the customary deference to the application of foreign countries' laws within their own territories); *TH Agric. & Nutrition LLC v. Ace Eur. Grp., Ltd*, 416 F. Supp. 2d 1054 (D. Kan. 2006), *order aff'd, appeal dismissed sub nom*, 488 F.3rd 1282 (10th Cir. 2007) ("The substantive law of the Netherlands will govern this case.").

4

*see also Steele v. Bulova Watch Co.*, 344 U.S. 280, 286-87, 73 S. Ct. 252 (1952). Here, ICEE cannot satisfy the balancing test.

*First*, SPL stopped all "use in commerce" of the SLUSH PUPPIE® mark. As such, SPL's non-use of the trademark has no effect (let alone a substantial effect) in the United States. No matter how much ICEE implies otherwise, this factor cannot be satisfied.

*Second*, SPL is not a citizen of the United States. Rather, SPL is a private limited company organized under the laws of England and Wales, with its principal place of business at Coronation Road, Cressex Business Park, High Wycombe, Buckinghamshire, HP12 3TA.

*Third*, the "concept of territoriality is basic to trademark law; trademark rights exist in each country solely according to that country's statutory scheme." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 714 (3d Cir. 2004). Courts should "decline exercising jurisdiction given [] ongoing legal proceedings abroad." *THEIA Techs. LLC v. THEIA Grp., Inc.*, No. 20-97, 2021 U.S. Dist. LEXIS 16284, at *15 (E.D. Pa. Jan. 27, 2021); *see Vanity Fair Mills, Inc.,* 234 F.2d at 646. *Goldberg v. Cordis Corp.*, No. 76 C 2952, 1976 U.S. Dist. LEXIS 11895, at *5 (N.D. Ill. Dec. 10, 1976) (declining to exercise jurisdiction over British and Canadian patent disputes and ruling: "In an action where claims of infringement of foreign patents are made, the validity of the patents would necessarily be in issue. To determine the validity of patents granted by foreign governments would invite conflicts with the administrative and judicial officers of those governments. The power to adjudicate conflicts of this type should be exercised with great reluctance. [] This Court will not retain jurisdiction here.") (internal citation omitted). Consequently, the law does not support extraterritorial jurisdiction.[3]

---

[3] Also, post-termination contractual obligations cannot be broader than the actual trademark protections that ICEE may own as determined by the internal trademark laws of each particular country. To that effect, the 1996 Agreement encompasses the territories of:

C. **SPL Does Not Use the Trademark.**

In order for use of a trademark to constitute "use" under the Lanham Act, the mark must be "used or displayed in the sale or advertising of services and the services are rendered in commerce" — evidence that is absent in the record. *See* 15 U.S.C. § 1127. The term "'use in commerce' means the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark." *Id*. With respect to goods — as opposed to services — a trademark is "used in commerce" when the mark "is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto" and "the goods are sold or transported in commerce[.]" *Id.*; *Johnson*, 2014 WL 4076148 at *4 (finding that the "purported trademarks are not used in commerce" because the "products are not on the market").

In December of 2020, SPL stopped all "use in commerce" of the SLUSH PUPPIE® mark. SPL does not place SLUSH PUPPIE® on any goods, containers, or displays. (**EXHIBIT A**, ¶ 4.) SPL does not "produce or manufacture any more products or place any more Slush Puppie machines out in the field."[4] (*See* **EXHIBIT B** at 9:19-21; **EXHIBIT A**, ¶ 6.) In light of these facts, ICEE cannot show the threshold requirement of "use in commerce." *Johnson*, 2014 WL 4076148 at *4. Since no "use" of the trademark exists, the Motion should be denied in its entirety.

---

AREA SHALL INCLUDE THE FOLLOWING GEOGRAPHICAL ENTITIES:

| | | | |
|---|---|---|---|
| Austria | Belgium | Cyprus | Czechoslovakia |
| Denmark | Finland | France | Germany |
| Gibralter | Greece | Hungary | Ireland |
| Italy | Liechtenstein | Luxembourg | Malta, Gozo |
| Monaco | Netherlands | Norway | Poland |
| Portugal | Spain | Sweden | Switzerland |
| Vatican City | U.K. | Yugoslavia | |

The 1999 Agreement encompasses the territories of the UK and Ireland. ICEE of course cannot improve its trademark position beyond the countries in which it has registered the Slush Puppie trademark.

D.     **SPL's Descriptive Use of Slush Puppie is a Fair Use.**

A "claim that fails our threshold trademark use test will also be vulnerable to a fair use defense." *Sazerac Brands, LLC v. Peristyle, LLC*, 892 F.3d 853, 858-60 (6th Cir. 2018) (affirming that "use of the [trademark] name constituted fair use" and that defendant "never used [the trademark] in a non-descriptive fashion"). In "technical trademark jargon, the use of words for descriptive purposes is called a 'fair use,' and the law usually permits it even if the words themselves also constitute a trademark." *Vining Indus., Inc. v. M.B. Walton, Inc.*, 106 F. Supp. 2d 966, 969 (S.D. Ohio 1997); 15 U.S.C. § 1115(b)(4). The "fair use defense is predicated upon the principle that no one should be able to appropriate descriptive language by registering a trademark." *Id*. at n. 4. The fair use doctrine establishes a common-sense principle that owning a trademark in a term does not mean one can prevent others from using that term in a sentence. Fair use is "established if [the use of a mark is] descriptive, not used in a trademark sense, and [is] used in good faith." *Id*. at 969.

Aiming to create the appearance of smoke without an underlying fire, ICEE relies upon the factual use of the "Slush Puppie" term in a purely narrative sense on frozenbrothers.com to argue misuse. (*See* Doc. 103, p. 18.) However, SPL's mention of "Slush Puppie" when describing its "heritage" is clearly a *descriptive* fair use. Below is the reference of which ICEE complains:

**OUR HERITAGE**

We are **Frozen Brothers** a company created from a union of family businesses that back in 1974 introduced the United Kingdom, Europe and, Scandinavia to a frozen beverage called Slush Puppie.

(*See* Doc. 103, p. 18.) It is purely generic, and a neutral, historical business fact. The caselaw simply does not forbid such use. *See ETW Corp. v. Jireh Pub., Inc.*, 332 F.3d 915, 920-21 (6th Cir. 2003) (finding use of the trademark name in the "narrative" sense was "purely descriptive," and that there was "nothing to indicate that [it was] used other than in good faith"). Similarly, here SPL

7

uses "Slush Puppie" in good faith, merely as part of a true historical statement (which is clearly a descriptive use and not a trademark use). *See Hensley*, 579 F.3d at 612. To put it more lyrically, Ringo Starr, is permitted to say that: "I used to be in the Beatles."

The burden is on ICEE to prove facts establishing trademark misuse, not just make allegations. ICEE has not established any facts evidencing misuse. Therefore, ICEE is not entitled to any relief.

E. **SPL's Domain Names are Inactive and Not in Violation of Trademark Law.**

"Domain names present a special problem under the Lanham Act because they are used for both a non-trademark technical purpose, to designate a set of computers on the Internet, and for trademark purposes, to identify an Internet user who offers goods or services on the Internet." *Bird*, 289 F.3d at 878. Indeed, "domain names, like trade names, do not act as trademarks when they are used to identify a business entity; in order to infringe they must be used to identify the source of goods or services." *U-Haul Int'l, Inc. v. WhenU.com, Inc.*, 279 F. Supp. 2d 723, 728 (E.D. Va. 2003); *Accelerated Analytics, LLC v. Int'l Bus. Machines Corp.*, No. 1:15 CV 401, 2015 WL 3828077 (N.D. Ohio June 19, 2015) ("The line dividing use of a word or symbol in its trademark and non-trademark senses is determined, in significant part, by whether it is used in connection with goods or services.").

Here, the domain names "slushpuppie.co.uk" and "slushpuppie.fr" do not violate trademark law since neither domain name is being used in connection with the sale of any goods or services. *See Bird*, 289 F.3d at 878; *555-1212.com, Inc. v. Commc'n House Int'l, Inc.*, 157 F. Supp. 2d 1084, 1092 (N.D. Cal. 2001) (stating the "mere reservation of a domain name, without use in connection with any commercial enterprise, fails to trigger infringement by confusion under the Lanham Act."). In fact, as the Motion concedes, these domain names are not active and

accessing either results in an "error message." (Doc. 103, p. 17; **EXHIBIT A**, ¶ 7.) Further, ICEE has not shown or even alleged that SPL registered these domain names with bad faith to profit from them. Thus, the existence of the domain names in and of themselves cannot constitute infringements or violations of any law.

      F.      **ICEE Cannot Show Irreparable Injury.**

ICEE has not shown that it will suffer irreparable injury in the absence of immediate injunctive relief. For example, ICEE points to no proof of "lost customers" or "evidence of loss of reputation or goodwill in the community." *D & J Master Clean, Inc. v. Servicemaster Co.*, 181 F. Supp. 2d 821, 831 (S.D. Ohio 2002) (denying motion for preliminary injunction, since "there is no evidence to suggest that [defendant] will be irreparably harmed in the absence of injunctive relief"). Rather, ICEE relies solely upon the language contained in the 1999 Distributor Agreement at III.B setting forth that any use of the SLUSH PUPPIE® marks by SPL after the termination of agreement will result in irreparable injury to ICEE. (Doc. 103, p. 18). However, as discussed above, ICEE has presented no evidence exists that SPL continues to use any SLUSH PUPPIE® marks.

Consequently, there is "no evidence to suggest that [ICEE] will be irreparably harmed in the absence of injunctive relief," and thus ICEE "has failed to satisfy [this] prong of the preliminary injunction standard." *D & J Master Clean*, 181 F. Supp. 2d at 831; *Worthington Foods, Inc. v. Kellogg Co.*, 732 F. Supp. 1417, 1461 (S.D. Ohio 1990) ("In short, the plaintiff relies for the most part on the likelihood of success as the basis for a presumption that irreparable injury will occur;" however, "the Court finds that the plaintiff has failed to show irreparable injury."). Since an injunction must prevent irreparable harm, which is not threatened here, the Motion should be denied. *Enyart*, 2016 WL 3946867 at *3.

### III. CONCLUSION

For the foregoing reasons and authorities cited, ICEE's Motion should be denied.

        Respectfully submitted,

        BENESCH, FRIEDLANDER, COPLAN
          & ARONOFF LLP

        <u>*s/Eric Larson Zalud*</u>
        Eric Larson Zalud (0038959)
        Laura Kogan (0087453)
        200 Public Square, Suite 2300
        Cleveland, OH 44114
        (216) 363-4500; (216)-363-4588
        ezalud@beneschlaw.com
        lkogan@beneschlaw.com

        Ronald L. House (0036752)
        Jennifer M. Turk (0073781)
        41 South High Street, Suite 2600
        Columbus, Ohio 43215
        (614) 223-9300; (614) 223-9330
        rhouse@beneschlaw.com
        jturk@beneschlaw.com

        *Attorneys for Plaintiff Slush Puppie Limited*

## CERTIFICATE OF SERVICE

The foregoing *Plaintiff Slush Puppie Limited's Opposition to Defendant The ICEE Company's Motion for Preliminary Injunction* was filed electronically on May 6, 2021.  Notice of this filing will be sent to all parties registered with the Court's electronic filing system by operation of the Court's system.  Parties may access this filing through the Court's electronic filing system.

*s/Eric Larson Zalud*
Eric Larson Zalud (0038959)

14527582 v1