IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SLUSH PUPPIE LIMITED,<br><br>                    Plaintiff,<br><br>      v.<br><br>THE ICEE COMPANY,<br><br>                    Defendant. | CASE NO. 1:19-cv-00189-MRB<br><br>Judge Michael R. Barrett<br><br>**ORDER** |

    This matter is before the Court on Defendant ICEE's Consent Motion (Doc. 80) for Leave to File Under Seal Exhibit C to its Opposition (Doc. 81) to Plaintiff Slush Puppie Limited's Motion (Doc. 72) for Leave to File a Second Amended Complaint to Withdraw Certain Causes of Action.  Defendant's Consent Motion (Doc. 80) will be denied.

    "Unless permitted by statute, parties may not file documents under seal without obtaining leave of Court upon motion and **for good cause shown**."  S.D. Ohio Civ. R. 5.2.1 (emphasis added).  To this end, ICEE explains that "[s]ealing is justified because Exhibit C is an email exchange with an SPL-authorized licensee that SPL produced in this litigation and marked as CONFIDENTIAL under the Stipulated Protective Order."  (Doc. 80 PAGEID 1973).

    In the Sixth Circuit, motions to file a document under seal must meet the standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016) and the cases decided it its wake.  On its website, the Court has provided a draft two-tier protective order that contains the following instructive language:

> The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.  Regardless of whether the parties

1

agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof.

United States District Court, Southern District of Ohio, Attorneys, "Protective Orders" available at https://www.ohsd.uscourts.gov/sites/ohsd/files//Two-Tier%20Form%20Protective%20Order.pdf (last visited July 19, 2021).

A producing party's confidentiality designation, standing alone, fails to provide the Court with sufficient information to make an independent assessment as to whether a seal is appropriate. Defendant ICEE's Consent Motion (Doc. 80) is therefore **DENIED**. Plaintiff Slush Puppie Limited shall have seven (7) days (from the date this Order is entered) to file its own motion to seal under Local Rule 5.2.1 if it so chooses. In the event no such motion is filed, Defendant ICEE shall file a notice to that effect with Exhibit C attached and accessible for public review.

**IT IS SO ORDERED**.

/s/ *Michael R. Barrett*
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT