IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SLUSH PUPPIE LIMITED,<br><br>        Plaintiff,<br><br>v.<br><br>THE ICEE COMPANY,<br><br>        Defendant. | CASE NO. 1:19-cv-00189-MRB<br><br>Judge Michael R. Barrett |

**DEFENDANT THE ICEE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE NEW PURPORTED EVIDENCE AND <u>CORRECT THE MISLABELED RECORD (DOC. 139)</u>**

Plaintiff Frozen Brothers argues that board member Laura Peters did not commit perjury when she testified that plaintiff is "moving completely away from the Slush Puppie name," and that Frozen Brothers will never change its name back to Slush Puppie despite the fact that a few days before her testimony, Frozen Brothers had incorporated a new entity called "Slush Puppie Ltd." Doc. 134 at p. 3 PAGEID 3685; Doc. 134-1; Doc. 139 at PAGEID 3796-38; Afternoon Tr. 58:16-19. Without offering any evidence, Frozen Brothers expects this Court to believe that the new Slush Puppie Ltd was incorporated without any direction from Frozen Brothers by a "self employed" "independent contractor" named Peter Splatt who just happened to choose the name "Slush Puppie" for his own personal reasons. These are just plain lies. In fact, whatever his "label," as Laura Peters admitted, Peter Splatt has long worked on behalf of SPL and Frozen Brothers, and his illegal activities in forming companies and filing trademark applications incorporating ICEE's SLUSH PUPPIE® trademark and ICEE's name—as well as confusingly similar graphics—on behalf of Frozen Brothers are further evidence of the need for this Court to immediately enter the preliminary injunction proposed by ICEE.

**I.     PETER SPLATT IS AN OFFICER OF FROZEN BROTHERS WHO HAS LONG SERVED AS MARK PETERS' POINT PERSON.**

Peter Splatt is on *officer* at the Frozen Brothers group, specifically the current corporate secretary for Frozen Brothers UK Retail Two, Ltd.  Exh. 1 (Companies House Appointment notice dated April 16, 2020).  His board of directors includes none other than ***Laura Peters*** and ***Mark Peters***. Exh. 2 (Companies House Appointment notice dated Nov. 28, 2019); Exh. 3 (Cert. of Incorporation dated  Nov. 20, 2019 at p. 4).  Frozen Brothers UK Retail is wholly owned by plaintiff Slush Puppie Limited, now known as Frozen Brothers Limited, which in turn is owned by Mark Peters.  Exh. 3 at p. 6 (showing shares as owned by Slush Puppie Limited located in High Wycombe, Bucks, UK); Exh. 4 (Companies House notice dated Jan. 21, 2021 (indicating name change of parent company from Slush Puppie Limited to Frozen Brothers Limited); M. Peters July 1, 2020 Dep. at 34:1-35:8 (M. Peters owns 90% of Ralph peters & Sons, which owns Slush Puppie UK).  Peter Splatt's correspondence address for his role as an officer of this Frozen Brothers subsidiary is at plaintiff's accountants, Buckle Barton—the same firm that has provided an opinion in support of plaintiff's claimed damages in this case.  Exh. 5 (Gov.UK screenshot re Frozen Brothers UK Retail Two Ltd officers);  Exh. 6, Buckle Barton Report, at 3 (stating that the firm has worked as "auditors and advisors to the Company since early 2014").

Splatt also served as corporate secretary of another Frozen Brothers entity with Mark and Laura Peters, called "Frozen Brothers UK Retail One Limited."  Exh. 7 (Certificate of Incorporation); Exh. 8 (Appointment of Peter Splatt dated April 16, 2020); Exh. 9 (Appointment of Laura Peters dated Nov. 28, 2019).  That company went into bankruptcy administration in 2020 and was dissolved in July 2021.  Exh. 10 (Administrator's Final Progress Report); Exh. 11 (Notice of Dissolution).  And in June 2019, as the dispute over Mark Peters' fraudulent claim to rights under the forged 2000 Appointment was heating up, Splatt incorporated a new entity

called "The IC Drinks Company Limited," an obvious play on the name ICEE. Exh. 12, (Certificate of Incorporation for The IC Drinks Company Limited). The address—Sanderson House—is the same Buckle Barton address that Splatt used as corporate secretary for the boards he was on with Mark and Laura Peters. *Id.* at 2. At the very same time, Splatt filed UK trademark applications for the word mark "IC" (get it? "ICEE") and for a cartoon polar bear designed to mimic the one used by ICEE:



| Splatt's 'IC' Polar Bear | ICEE's Polar Bear |
|---|---|

Exhs. 13, 14 (copies of printouts from UK trademark website). According to Frozen Brothers and its complicit counsel, these are all mere coincidences. But the Court need not indulge such obvious and unsupported falsehoods. Splatt is, as Laura Peters confirmed, an integral part of Frozen Brothers and Mark Peters' right-hand man in executing his spiteful and illegal schemes. L. Peters Aug. 23, 2021 Dep. Tr. 43:16-44:6.

Far from being an independent contractor, Peter Splatt has over the years used a slushpuppie.co.uk email address and now has a frozenbrothers.com email address, just like plaintiff's other officers, directors, and employees. Exh. 15 (SP002722) (showing CFO Lindsay

3

Kirby, Sales Director Paul Johal, and Mark Peters as having slushpuppie.co.uk email addresses in 2009, and copying Peter Splatt; Exh. 16 (SP2823-2824) (showing Peter Splatt with a slushpuppie.co.uk email address in 2013); Exh. 17 (SP5182) (showing Peter Splatt with a slushpuppie.co.uk email address in 2014); Exh. 18 (SP5205-5207) (attorney's eyes only email being sent by Peter Splatt "on behalf of Slush Puppie Ltd" using slushpuppie.co.uk email address). And on the Frozen Brothers' profile on the charity website "Work for Good," Splatt is the *only* contact listed, with his frozenbrothers.com email address. Exh. 19.

Peter Splatt is not only the only contact person listed for Frozen Brothers in its "Work for Good" webpage, but he was also one of only two Frozen Brothers employees to hold a "Q&A" regarding the illegal "transition" from Slush Puppie to Slushy Jack's, a notification that went to thousands of Frozen Brothers customers in February 2021, according to board member Laura Peters. Exh. 20 (Feb. 5, 2021 email from Rodrigo Suarez Cabrera presenting "new Slush Jack's concept" and noting that "Peter Splatt and I will organize a meeting for Q&A next Friday, February 12th, so you can ask all the questions that you may have."); Afternoon Tr. 7:7-8 ("So we have sent out thousands of communications to customers advising them of the rebrand.").

Before being a point person for the Frozen Brothers "charity" and the illegal leveraging of the Slush Puppie trademark to steal Slush Puppie customers, Peter Splatt headed up a number of "top secret" projects—all marked by plaintiff as "attorneys eyes only"—for Mark Peters and Laura Peters. This includes Mark Peters' abandoned alleged idea of designing an "in home" freezer (which for a while was code named "Eskimo Joe") for which plaintiff is claiming damages in this case from ICEE. Exh. 21, SP004997-5005 (proposed contract with Xanda emailed from Splatt's slushpuppie.co.uk email address to Laura and Mark Peters marked "attorney's eyes only"); Exh. 22 (SP005059-5076) (Mark Peters email to Peter Splatt re "Eskimo

4

Joe" project marked "attorney's eyes only"); Exh. 17 (SP5182) (Mark Peters forwarding Splatt information about Soda Stream, which Buckle Barton relies upon in its "damages" estimate for plaintiff's damages report in this case); Exh. 23 (SP006617-6620) (emails from M. Peters re "home market" opportunity copying Splatt and relied upon in Buckle Barton report); Exh. 24 (SP6612-15) (Mark Peters' responses to Buckle Barton's questions, noting that code name of home freezer project is "Eskimo Joe" (Question 2) and that the estimate of future sales was based on SodaStream data (Question 10.f.)). Indeed, in testimony simply ignored by Frozen Brothers, Laura Peters herself described Splatt as "a work colleague" who is "in charge of the digital team for Frozen Brothers worldwide." Aug. 23, 2021 L. Peters Dep. at 43:16-21, 44:2-6.

  Over the years, Peter Splatt has also served as something of a trademark expert for Peters, registering various trademarks covering Frozen Brothers' products on behalf of Frozen Brothers. For example, Splatt registered "Tango Ice Blast" in Australia for plaintiff. Exh. 25 (Trademark 1195203) (listing Peter Splatt as applicant for Australian trademark in Tango Ice Blast). Tango Ice Blast is a Frozen Brothers product. July 1, 2020 M. Peters Dep. at 33:4-9; 249:7-251:3 (Frozen Brothers manufactures Tango Ice Blast and sells it to a Pepsi bottler). Likewise, Splatt registered "Eskimo Joe" (the code name for Mark Peters' abandoned "home freezer solution" (Exh. 24 (SP 6612 Question 2) for Peters. Exh. 26 (Eskimo Joe Australia trademark registration listing applicant as Peter Splatt). And Mark Peters has asked Splatt to follow up on other trademark infringement matters. Exh. 16 (SP2823).

  Notably, SPL's "motion to strike" the incorporation certificate ICEE submitted is not accompanied by a declaration or any other evidence that Mark and Laura Peters were unaware of Splatt's formation of the new Slush Puppie Limited—indeed the motion is not accompanied by any evidence at all. This Court can therefore presume (and can find based on the extensive

evidence of Splatt's work with SPL) that (1) Laura Peters was aware that Splatt had incorporated Slush Puppie Ltd (indeed, plaintiff faults ICEE for not being aware of this sooner!) and (2) it was incorporated at Mark Peters' request.  Indeed, this is not the first time that Frozen Brothers has lied about its use of the Slush Puppie name.  In response to ICEE's preliminary injunction motion, Laura Peters submitted a declaration saying that SPL had "formerly [*sic*] changed its name and brand from Slush Puppie Limited to Frozen Brothers Limited" on November 17, 2020.  Doc. 105-1.  But as ICEE pointed out, and as SPL hid from the Court, on the very same day, SPL changed the name of a previously dormant company *to* Slush Puppie Limited.  Doc. 106 at 7-8.  Caught in its lies, SPL beat a hasty retreat—changing the name back again on August 10, 2021.  Laura Peters even made up an excuse for this behavior at the hearing, claiming that SPL was simply trying to make sure that no one else registered the name while SPL rebranded.  Afternoon Tr. 57:11-22.  And then, knowing ICEE was keeping an eye on filings by Mark and Laura Peters, they had Splatt start a *new* Slush Puppie Limited, hoping it would go unnoticed.

     With no justification on the merits, SPL asks the Court to strike Splatt's certificate of incorporation for the new Slush Puppie Limited because it was filed on August 18, 2021, twelve days before the preliminary injunction hearing, and was therefore "available" to ICEE.  This argument is remarkable for its brazenness.  First, as noted, it in effect concedes that Laura Peters was aware of her fellow officer's use of the Slush Puppie name to form a new entity just a few days before she testified.  Second, plaintiff offers no excuse for Laura Peters' false statement that the company would never use the Slush Puppie name again.

     Nor can plaintiff's complaint about "reopening the record" be taken seriously.  Right after the hearing, Frozen Brothers itself moved to "reopen" the record so that it could provide another (albeit weak) declaration from Laura Peters herself (Doc. 131) on a subject she easily

6

could have testified about at the hearing—although that would have subjected her to cross examination  Then,  Frozen Brothers filed a notice of "supplemental authority" to submit an off-topic case from the Southern District of New York (Doc. 138), and just a few days ago produced unauthenticated, suspicious-looking and self-serving spreadsheets that also could have been submitted at the hearing—and been subject to cross examination—more than two months late (Doc. 140).

All that hypocritical conduct aside, no formal motion to "reopen" is necessary, since there is no formal "opening" and "closing" of evidence that the court may consider at the preliminary injunction stage.  That is because "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits."[1] *Bazzy Investments v. City of Dearborn*, 2018 WL 10962765, at *3 (E.D. Mich. Aug. 2, 2018); *see also id.* ("Generally 'the Court may properly consider documentary support for a motion for preliminary injunction regardless of whether the materials satisfy the rules of evidence."); *United States v. O'Brien*, 836 F. Supp. 438, 441 (S.D. Ohio 1993) ("The federal rules of evidence do not apply at preliminary injunction hearings generally . . . ."). The incorporation certificate supplied by ICEE is a public record whose authenticity SPL does not dispute—not a self-serving declaration or a document generated for this litigation—and the Court may certainly consider it on this motion since it flatly contradicts testimony by Frozen Brothers' only witness—a member of its board of directors.

---

[1] In contrast, the only case that SPL cites denied a motion to reopen to submit additional evidence "over six weeks after the conclusion of the trial" on the merits—not at a preliminary injunction hearing.  *Muhammad v. Coughlin*, 1995 WL 242119, at *1 (S.D.N.Y. Apr. 26, 1995).

**II.     PETER SPLATT'S RECENT TRADEMARK FILINGS ARE MORE EVIDENCE OF THE NEED FOR IMMEDIATE INJUNCTIVE RELIEF**

While Frozen Brothers weakly tries to excuse Laura Peters' perjury by distancing her from her fellow officer Peter Splatt, this attempt backfires—only strengthening ICEE's case for immediate injunctive relief.

Frozen Brothers pastes into its brief only oddly cropped, unauthenticated screenshots of invoices that it never produced in this case from a "Blue Square Nominees" to support its naked claim that Splatt is somehow "independent." Doc. 139, at 2. Plaintiff's public financials show no evidence of the relationship SPL now claims exists between itself and Blue Square Nominees, but it does not matter anyway how Splatt is paid. Splatt did not incorporate Slush Puppie Limited in mid-August on behalf of Blue Square Nominees. He did so as an individual—the same individual with a long history of employment with SPL/Frozen Brothers, as Laura Peters admitted, and a long history as Mark Peters' point man on various key projects, including illegal ones. Splatt is just a new vehicle for Mark Peters' illegal conduct.

Indeed, Frozen Brothers motion ***does not deny*** that Splatt was directed by Mark Peters to incorporate "Slush Puppie." Rather, Frozen Brothers claims that Splatt is a "self-employed entrepreneur" who "has worked as an independent contractor and digital advisor for Plaintiff Slush Puppie Limited" "for years." Doc. 139, at 2. But so what? Even if that were true, it does nothing to contradict the obvious fact that the only reason Splatt would have to incorporate a new entity with the Slush Puppie name is to serve Frozen Brothers' interest. Indeed, a search of the internet finds no evidence that Splatt is operating any businesses in the soft drink or slushy space, and plaintiff does not argue that he has any legitimate reason to use the Slush Puppie name other than on behalf of Mark Peters and Frozen Brothers.

8

Frozen Brothers also curiously identifies three "Slush Puppie" trademark applications that Splatt filed in various countries as "evidence" that he is acting "on his own behalf." Doc. 139, at 3. But it offers no explanation of why Splatt would do so. Again, the obvious reason is that Mark Peters asked him to do this to frustrate ICEE's control over its brand.

In fact, Splatt's trademark registrations *confirm* the need for preliminary injunctive relief here, rather than counsel against it. Searches of the European trademark databases show that Splatt has been busy filing trademark registrations for "Slush Puppie" for goods like "pet medicine." These filings picked up speed in October of this year—after the preliminary injunction hearing on August 30. Based on the recent filings, it is clear that Mark Peters has directed Splatt to "troll" ICEE. Thus Splatt has incorporated a company called "IC"—originally located at plaintiff's accountants (Buckle Barton) but now located at a post office box in the same town (High Wycombe) where Frozen Brothers is located. Exh. 12. Splatt followed that up with two 'IC' trademark applications. Exhs. 13-14. And Peters has apparently directed Splatt to register trademarks for "Slush Puppie" and "SlushPuppie" ostensibly in the business of providing shampoos and vitamins for pets. Exhs. 27 and 28 (applications UK00003712010 and UK00003712012). None of these companies or purported trademarks are actually in use; these are all bad-faith filings designed to harass ICEE.

Enough is enough. The Court can and should act immediately in granting ICEE's motion for preliminary injunction and entering ICEE's proposed order. Doc. 127-1. And the Court should begin the process of calling SPL and its counsel to account for their egregious behavior in this case by granting ICEE's twin pending motions for sanctions. *See* Doc. 73, 89.

ICEE respectfully requests that the Court deny SPL's latest motion and immediately enter ICEE's proposed preliminary injunction.

9

| | |
|---|---|
| Dated:  November 12, 2021 | Respectfully submitted,<br><br>**DUANE MORRIS LLP**<br><br>BY:  /s/David J. Wolfsohn<br>David J. Wolfsohn (*admitted pro hac vice*)<br>Tyler R. Marandola (*admitted pro hac vice*)<br>30 South 17th Street<br>Philadelphia, PA 19103<br>Tel.: (215) 979-1000<br>Fax: (215) 979-1020<br>djwolfsohn@duanemorris.com<br>tmarandola@duanemorris.com<br><br>Kenneth M. Argentieri (Ohio Bar No. 0067493)<br>Trial Attorney<br>600 Grant St., Ste. 5010<br>Pittsburgh, PA 15219<br>Tel.: (412) 497-1000<br>Fax: (412) 497-1001<br>kmargentieri@duanemorris.com<br><br>*Attorneys for Defendant, The ICEE Company* |

## CERTIFICATE OF SERVICE

      I hereby certify that on November 12, 2021 I served the foregoing document on counsel of record by CM/ECF.

                                              BY:  *s/Tyler Marandola*
                                                                Tyler Marandola