IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SLUSH PUPPIE LIMITED, | Case No: 1:19-cv-00189-MRB |
| Plaintiff, | JUDGE MICHAEL R. BARRETT |
| v. | MAGISTRATE JUDGE BOWMAN |
| THE ICEE COMPANY, | |
| Defendant. | |

**SLUSH PUPPIE LIMITED'S RESPONSE TO THE ICEE COMPANY'S NOTICE OF FILING OF PROPOSED ORDERS (DOC. 180)**

At the close of the oral argument on February 6, 2023, the Court ruled from the bench and asked Defendant the ICEE Company ("ICEE") to prepare the orders. The next day, the Court specifically directed "counsel for ICEE to prepare an order, with *supporting text and citations, consistent* with the Courts ruling, first circulating it to opposing counsel for comment." (*See* Docket Entry Notation Order dated February 7, 2023) (emphasis added).

ICEE ignored the italicized language and instead crafted *its own* rulings. The proposed language is overreaching and inconsistent with the Court's rulings:

> "Plaintiff shall produce Management Account reports for the Slushy Jack's brand from June 26, 2019 to present for Frozen Brothers Ltd., Frozen Brothers BV, Frozen Brothers AG, Frozen Brothers GmbH, and Frozen Brother SARL within 10 days of this Order."

> "Judgment is entered for Defendant The ICEE Company and against plaintiff Slush Puppie Limited on any claims or parts of claims by Slush Puppie Limited alleging liability or damages based on the premise that ICEE did not properly terminate the 1996 Manufacturing Appointment or the 1999 Distributor Agreement on June 25, 2019."

(*See* Doc. 180-1.) These orders cannot be reconciled with what the Court has said.

As the transcript will reveal, the Court did not order Slush Puppie Limited ("SPL") to produce Management Account reports for a number of Frozen Brothers entities. It expected the

1

parties to return to the discovery process for *pending* discovery requests, meet and confer on any objections not relating to the protective order, and produce responsive documents. ICEE attempts to bypass this process in its entirety, and has invented a new area of discovery not previously put at issue. Review of ICEE's pending discovery requests reflects that the there is no pending request reflecting the items described in the proposed order. As such, ICEE is trying to shortcut to a production it never requested, which the Court has not ordered.

Similarly, the Court ordered judgment for ICEE on *Count 12* of SPL's Amended and Supplemental Complaint (s*ee* Notation Order) — not on Count 8 of SPL's Second Amended Complaint and "any claims or parts of claims . . . alleging liability or damages based on the premise that ICEE did not properly terminate." (*See* Notation Order; *compare* Doc. 180-1.)

Per the Court's mandate, SPL's Second Amended Complaint will no longer contain Count 8. ICEE, however, has added the vague, overbroad language "any claims or parts of claims." ICEE did not request or receive such a broad, vague judgment. Rather, the Court held that SPL's Motion for Leave to File Second Amended Complaint would be granted, with the understanding that the claims remaining in the Second Amended Complaint would be subject to the Court's ruling on ICEE's termination notice.

SPL has proposed an order that properly reflects what the Court said, SPL's proposed orders should be used.

Respectfully submitted,

BENESCH, FRIEDLANDER, COPLAN
   & ARONOFF LLP

*/s/ Eric L. Zalud*
Eric Larson Zalud (0038959)
Laura Kogan (0087453)
200 Public Square, Suite 2300
Cleveland, OH 44114
(216) 363-4500; (216)-363-4588
ezalud@beneschlaw.com
lkogan@beneschlaw.com

Jennifer M. Turk (0073781)
41 South High Street, Suite 2600
Columbus, Ohio 43215
(614) 223-9300; (614) 223-9330
jturk@beneschlaw.com

*Attorneys for Plaintiff Slush Puppie Limited*

## **CERTIFICATE OF SERVICE**

The foregoing Slush Puppie Limited's Response to The ICEE Company's Notice of Filing of Proposed Orders (Doc. 180) was filed electronically on February 13, 2023.  Notice of this filing will be sent to all parties registered with the Court's electronic filing system by operation of the Court's system.  Parties may access this filing through the Court's electronic filing system.

                                            */s/ Eric L. Zalud*
                                            Eric Larson Zalud
                                            *Attorney for Plaintiff Slush Puppie Limited*