**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| SLUSH PUPPIE LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 1:19-cv-00189-MRB |
| | ) | |
| v. | ) | JUDGE MICHAEL R. BARRETT |
| | ) | |
| THE ICEE COMPANY, | ) | **ORAL ARGUMENT REQUESTED** |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF SLUSH PUPPIE LIMITED'S MOTION TO STAY
NON-UNITED STATES DISCOVERY PENDING RESOLUTION OF
MOTION TO DISMISS FOR LACK OF JURISDICTION (DOC. 201)**

Plaintiff/Counter-Defendant Slush Puppie Limited ("SPL"), pursuant to Federal Rule of Civil Procedure 26(c), respectfully moves this Court for an order staying all post-termination discovery on any conduct that did not occur in the United States, pending disposition of the Motion to Dismiss for Lack of Jurisdiction (Doc. 201) ("Motion to Dismiss").

The Motion to Dismiss asks the Court to answer a crucial threshold question — namely, whether Defendant/Counter-Plaintiff The ICEE Company's ("ICEE") claims under the Lanham Act reach conduct that is entirely extraterritorial? As set forth below, the answer is no. *See Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S., ____, No. 21-1043, 2023 WL 4239255 (2023). Therefore, a cessation of discovery until this Court's ruling on whether it has jurisdiction over ICEE's claims eliminates unnecessary and expensive discovery, and thus promotes the efficiency for the parties and the Court while prejudicing no one. A memorandum in support is attached hereto.

Respectfully submitted,

BENESCH, FRIEDLANDER, COPLAN
   & ARONOFF LLP

*s/ Eric Larson Zalud*
Eric Larson Zalud (0038959)
Laura Kogan (0087453)
200 Public Square, Suite 2300
Cleveland, OH 44114
(216) 363-4500; (216)-363-4588
ezalud@beneschlaw.com
lkogan@beneschlaw.com

Jennifer M. Turk (0073781)
41 South High Street, Suite 2600
Columbus, Ohio 43215
(614) 223-9300; (614) 223-9330
jturk@beneschlaw.com

*Attorneys for Plaintiff Slush Puppie Limited*

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| SLUSH PUPPIE LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 1:19-cv-00189-MRB |
| | ) | |
| v. | ) | JUDGE MICHAEL R. BARRETT |
| | ) | |
| THE ICEE COMPANY, | ) | **ORAL ARGUMENT REQUESTED** |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO STAY
NON-UNITED STATES DISCOVERY PENDING RESOLUTION OF
MOTION TO DISMISS FOR LACK OF JURISDICTION (DOC. 201)**

For three years, ICEE has asserted claims with *all alleged conduct occurring abroad*. By these claims, ICEE seeks for this United States Court to stop conduct occurring entirely abroad — where ICEE holds foreign trademarks, employs foreign counsel, and actively asserts foreign claims. Due to this apparent lack of subject matter jurisdiction, SPL moved this Court to dismiss ICEE's Counts Three Four, Five, and Six, whereby ICEE invoked the United States Lanham Act and several provisions of Ohio-specific law. (Doc. 201.)

Then, on June 29, 2023, in a *unanimous* opinion, the Supreme Court of the United States resoundingly confirmed that the Lanham Act does not reach conduct that is entirely extraterritorial. *Abitron*, 2023 WL 4239255 (2023); Doc. 221-1. The *Abitron* Court's decision makes resolution of SPL's motion a foregone conclusion—§1114(1)(a) and §1125(a)(1) are not extraterritorial and do not reach entirely extraterritorial conduct. Because ICEE brings claims under these provisions and *no* conduct occurred in commerce in the United States, ICEE's Counts Three and Four cannot survive. As such, any post-termination discovery on non-United States conduct related to these

counts must be stayed as potentially unnecessary until this Court resolves SPL's pending Motion to Dismiss.[1]

## I.    LEGAL STANDARD

This Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *Kareem v. JPMorgan Chase Bank, N.A.*, No. 15-4387, 2016 WL 9405838, at *2 (6th Cir. Nov. 21, 2016) (same)  "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (; *see also Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding the district court did not abuse its discretion in staying discovery when the defendants challenged subject matter jurisdiction).

When motions to dismiss for lack of subject matter jurisdiction are filed, stays of discovery are frequently granted. *Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009).  Courts consider motions to dismiss for lack of subject matter jurisdiction as "special circumstances." *Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008).  In such cases, the Court typically determines whether the jurisdictional issue is "clear-cut" and likely to result in dismissal (which weighs in favor of a stay), or "fairly debatable" (which weighs against a stay). *See Ohio Bell*, 2008 WL 641252, at *2; *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3 (S.D. Ohio Dec. 10, 2020).

---

[1] SPL has already filed a Motion for Protective Order (Doc. 198) which remains pending before this Court.  This motion covers only part of the non-United States discovery that ICEE has sought and seeks a protective order based on ICEE's unnecessary *duplication* of such discovery.  As such, both motions should be treated separately.

## II.    BACKGROUND

In its Motion to Dismiss, SPL demonstrated that this Court cannot reach what is undisputedly extraterritorial conduct.  (Doc. 201; Doc. 218.)  Recently, the Supreme Court of the United States resoundingly confirmed this legal truth and made this Court's resolution of SPL's motion a foregone conclusion—§1114(1)(a) and §1125(a)(1) are not extraterritorial and do not reach entirely extraterritorial conduct.  Because ICEE brings claims under these provisions and *no* conduct occurred in commerce in the United States, ICEE's Counts Three and Four cannot survive.

## III.    ARGUMENT

The facts of the *Abitron* case are analogous to those presently before this Court.  In *Abitron*, the plaintiff Hetronic International, Inc., a U.S. company, sued six foreign defendants (collectively, "Abitron").  *Id.*, at *3.  Hetronic manufactures radio remote controls for construction equipment in more than forty-five countries.  *Id.*  Abitron originally operated as a licensed distributor for Hetronic, but Abitron later concluded that it held the rights to much of Hetronic's intellectual property, including its trademarks.  *Id.*  Abitron reverse engineered Hetronic's products and began to sell Hetronic-branded products across Europe and made some direct sales into the United States. *Id.*  Hetronic, like ICEE, sued its former distributor for trademark violations under the Lanham Act—invoking §§1114 and 1125.  *Id.*

There, like here, the defendant Abitron argued that Hetronic sought an impermissible extraterritorial application of the Lanham Act.  *Id.*; (Doc. 201; Doc. 218.)  The *Abitron* district court rejected Abitron's arguments.  *Id.*  The district court awarded Hetronic millions of damages related to Abitron's global use of Hetronic's trademarks and entered a worldwide injunction.  *Id.*

On appeal, the Supreme Court was required "to decide the foreign reach of 15 U.S.C. § 1114(1)(a) and § 1125(a)(1)." *Id.* at *2.  As to entirely extraterritorial conduct, the Court provided a simple answer — neither provision reaches beyond the United States.

The Supreme Court's resolution of this question involved a two-step framework—first determining whether a provision is extraterritorial and, if the provision is not extraterritorial, then determining "whether the suit seeks a (permissible) domestic or (impermissible) foreign application of the provision." *Id.* at *4. First, the Supreme Court concluded that the Lanham Act is not extraterritorial. *Id.* at *5; (Doc. 201, PageID#: 7522.)  To resolve the second step, courts must identify the "focus" of congressional concern underlying the provision. *Id.*  The Supreme Court then specifically addressed entirely exterritorial conduct:

> [T]o prove that a claim involves a domestic application of a statute, plaintiffs must establish that the *conduct relevant to the statute's focus* occurred in the United States. … [I]f the relevant conduct occurred in another country, then the case involves an impermissible extraterritorial application regardless of any other conduct that occurred in U.S. territory. … [I]f all the conduct regarding [the] violations took place outside the United States, then courts do not need to determine … the statute's focus at all.  In that circumstance, there would be no domestic conduct that could be relevant to any focus, so the focus test has no filtering role to play.

*Id.* at 4 (quotations omitted) (citations omitted) (emphasis in original).  Thus, the Supreme Court vacated the judgment and remanded for further proceedings.

In this case, SPL demonstrated that this Court lacks subject matter jurisdiction over SPL's entirely extraterritorial conduct.  (Doc. 201; Doc. 218.)  SPL proved how ICEE fails under the Sixth Circuits "substantial effects" test.  (*Id.*)  ICEE advocated for the application of *other Circuit* law instead.  Now, however, the Supreme Court has made crystal clear that, where, as here, there is *only* extraterritorial alleged conduct, ICEE's claims must fail because this "case involves an impermissible extraterritorial application" of the Lanham Act.

Accordingly, because SPL's Motion to Dismiss raises a special circumstance, subject matter jurisdiction, and because SPL's success on the Motion to Dismiss could not be more "clear-cut," the Court should grant this motion to stay discovery as to all post-termination discovery on any conduct that did not occur in the United States.

## IV.    CONCLUSION

For the foregoing reasons, the Court should enter an order staying all post-termination discovery on any conduct that did not occur in the United States.

Respectfully submitted,

BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP

*s/ Eric Larson Zalud*
Eric Larson Zalud (0038959)
Laura Kogan (0087453)
200 Public Square, Suite 2300
Cleveland, OH 44114
(216) 363-4500; (216)-363-4588
ezalud@beneschlaw.com
lkogan@beneschlaw.com

Jennifer M. Turk (0073781)
41 South High Street, Suite 2600
Columbus, Ohio 43215
(614) 223-9300; (614) 223-9330
jturk@beneschlaw.com

*Attorneys for Plaintiff Slush Puppie Limited*

## <u>CERTIFICATE OF SERVICE</u>

The foregoing was filed electronically on July 7, 2023. Notice of this filing will be sent to all parties registered with the Court's electronic filing system by operation of the Court's system. Parties may access this filing through the Court's electronic filing system.

*s/Eric Larson Zalud*

Eric Larson Zalud

*Attorneys for Plaintiff Slush Puppie Limited*

22981241 v1