**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SLUSH PUPPIE LIMITED, | ) | Case No. 1:19-cv-00189-MRB |
| | ) | |
| Plaintiff, | ) | Judge Michael R. Barrett |
| | ) | |
| vs. | ) | Magistrate Judge Bowman |
| | ) | |
| THE ICEE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR RECONSIDERATION OF THIS COURT'S**
**ORAL ORDER GRANTING SANCTIONS DISCOVERY**

Matthew D. Gurbach, Ronald L. House, Mark Avsec, Elizabeth R. Emanuel, Jennifer M. Turk, and Eric Larson Zalud (the "Benesch Respondents"), pursuant to Fed. R. Civ. P. 54(b) and 26(c), request this Court reconsider its oral decision to permit sanctions discovery—including the depositions of the Benesch Respondents—and to set a show cause hearing with the Magistrate if the Court intends to consider the recent deposition testimony. The complete reasons why this Motion should be granted are set forth in the accompanying Memorandum.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570) (Trial Attorney)
Steven A. Chang (0088321)
Mrinali Sethi (0101295)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215

Ian D. Mitchell (0090643)
**REMINGER CO., L.P.A.**
525 Vine Street, Suite 1500
Cincinnati, Ohio 45202

*Counsel for the Benesch Respondents*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ iv

MEMORANDUM IN SUPPORT ....................................................................................... 1

I.      BACKGROUND—ICEE OBTAINS SANCTIONS DISCOVERY THROUGH A SERIES OF PLEADINGS LACKING BOTH CANDOR AND SPECIFICITY........ 1

II.     LEGAL STANDARD ................................................................................................ 6

III.    ARGUMENT ............................................................................................................. 6

A.     ICEE Has Been Afforded Sweeping Discovery on its Sanctions Motions Through Blatant Rule 11 Violations and Misrepresentations to the Court. ... 6

ICEE and its counsel have consistently violated Rule 11 by misrepresenting its intentions to this Court. Throughout, ICEE has shifted its position from requesting Shelton depositions to prove its claims to affirming the Benesch Respondents' argument: ICEE wanted sanctions discovery all along. Ultimately, this Court granted discovery on ICEE's Motion for Sanctions, in spite of ICEE's lies and without considering what ICEE had actually moved for, and the heightened standard for sanctions discovery.

B.     The Benesch Respondents' Due Process Rights Have Been Violated Multiple Times and Will Continue to Be Violated Without an Evidentiary Hearing.. 12

1.     This Court Has Repeatedly Ordered Discovery Without the Benesch Respondents Being Afforded an Opportunity to Respond. ................ 13

Due process mandates that the Benesch Respondents have a meaningful opportunity to respond to ICEE's allegations. *KCI USA, Inc. v. Healthcare Essentials, Inc.*, 797 F. App'x 1002, 1007 (6th Cir. 2020). ICEE disregards both due process and the civil rules by relentlessly moving this court for relief via email, instead of filing motions. And this Court has ordered the production of privileged documents without allowing the Benesch Respondents to brief the issues, violating their right to due process. *See id.*

2.     Granting Sanctions Based on the Sanctions Discovery Without an Evidentiary Hearing Precludes the Benesch Respondents from Meaningfully Responding to ICEE's New Allegations........................ 14

To satisfy due process, ICEE must assert the bases it seeks sanctions on. *Nisus Corp. v. Perma-Chink Sys.*, No. 3:03-CV-120, 2007 U.S. Dist. LEXIS 58363, at *11 (E.D. Tenn. Aug. 9, 2007). Since briefing closed on its Motion for Sanctions, ICEE has expanded and changed its theory. ICEE, without proper notice, aims to put the Benesch Respondents' testimony and credibility at issue. But, the Benesch Respondents have never had a chance

to respond to these new theories for sanctions, nor has it had a chance to brief the standards for sanctions discovery. An evidentiary hearing is necessary to provide them due process. *See TD Invs., LLC v. Nat'l City Bank*, No. 1:21-cv-337, 2022 U.S. Dist. LEXIS 58661, at * 2, 29 (S.D. Ohio Mar. 30, 2022).

**C.** **This Court Should Reconsider its Order Granting Sanctions Discovery Because Discovery in this Case Has Gone Far Beyond the Scope Permitted in Federal Courts .................................................................................................... 17**

Discovery to support sanctions is generally disfavored and courts reserve it for extraordinary circumstances, so that satellite litigation on sanctions does not eclipse the case. *Indianapolis Colts v. Balt.*, 775 F.2d 177, 183 (7th Cir. 1985). Sanctions discovery must be highly limited, even in cases involving forgeries. *Pate v. Pac. Harbor Line, Inc.*, No. 5:21-cv-01300, 2023 U.S. Dist. LEXIS 158880, at *51–55 (C.D. Cal. Sept. 6, 2023). Here, ICEE has ignored the Court's attempts to limit the depositions and the scope of discovery has far exceeded what federal courts allow.

**D.** **ICEE Has Not Articulated Any Basis to Depose Ms. Turk and Ms. Emanuel. .................................................................................................................... 20**

ICEE must articulate the basis for discovery under both Shelton and the standard for sanctions discovery. But when asked, ICEE cannot specify what specifically it needs from either Ms. Turk or Ms. Emanuel. And because sanctions discovery has never been briefed, Ms. Turk and Ms. Emanuel have not had an opportunity to respond. ICEE has conducted twenty-nine hours of depositions already. Even though some of the Benesch Respondents have mentioned them in their testimony, does not mean that their depositions are relevant and necessary.

**E.** **If Depositions Are Ordered, they Should Take Place Under Civil Rule 31, not Civil Rule 30. .................................................................................................. 21**

The scope of the depositions has far exceeded what ICEE originally argued for. And ICEE's counsel's conduct during the depositions shows that they will not adhere to any limitations. If the Court does order Ms. Turk's and Ms. Emanuel's depositions, they should proceed upon written questions, under Civil Rule 31.

## **TABLE OF AUTHORITIES**

**Cases**

*Am. Civil Liberties Union of Ky. v. McCreary Cty., Ky.*, 607 F.3d 439 (6th Cir. 2010) ............... 6

*Banks v. United States*, 614 F.2d 95 (6th Cir. 1980) .................................................................. 16

*Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001) ................................................................... 7, 18

*Clark v. Louisville Jefferson Cty. Metro Gov't*, No. 3:17-CV-419-GNS-CHL, 2021 U.S. Dist. LEXIS 84654 (W.D. Ky. May 3, 2021).................................................................................... 9

*Cook v. AM. S.S. Co.*, 134 F.3d 771 (6th Cir. 1988)........................................................ 15, 16, 17

*Estate of Alvarez v. Johns Hopkins Univ.*, No. TDC-15-950, 2019 U.S. Dist. LEXIS 145562 (D. Md. Aug. 27, 2019)..................................................................................................... 12

*Indianapolis Colts v. Balt.*, 775 F.2d 177 (7th Cir. 1985) ......................................... 10, 14, 18, 20

*Julien v. Zeringue*, 864 F.2d 1572 (Fed. Cir. 1989).................................................................. 15

*KCI USA, Inc. v. Healthcare Essentials, Inc.*, 797 F. App'x 1002 (6th Cir. 2020).......... 12, 14, 15

*Kurtz v. Sec'y of the Army*, No. 3:06-1209, 2009 U.S. Dist. LEXIS 119683 (M.D. Tenn. Dec. 21, 2009) ............................................................................................................................. 12

*Louisville/ Jefferson Cty. Metro Gov't v. Hotels.com*, L.P., 590 F.3d 381 (6th Cir. 2009)........... 6

*Marcum v. Duchak*, No. 3:17-cv-437, 2021 U.S. Dist. 116844 (S.D. Ohio June 23, 2021) .......... 6

*Nationwide Mut. Ins. Co.* 278 F.3d 621, 628 (6th Cir. 2002)...................................................... 14

*Nisus Corp. v. Perma-Chink Sys.*, No. 3:03-CV-120, 2007 U.S. Dist. LEXIS 58363 (E.D. Tenn. Aug. 9, 2007) ......................................................................................................... 7, 8, 15, 16

*Pate v. Pac. Harbor Line, Inc.*, No. 5:21-cv-01300, 2023 U.S. Dist. LEXIS 158880 (C.D. Cal. Sept. 6, 2023) ................................................................................................................ passim

*Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759 (6th Cir. 2019)........................... 15

*Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949 (6th Cir. 2004)....... 6

iv

*Sanford v. Corr. Officer Mullins*, No. 19-2255, 2020 U.S. App. LEXIS 29306 (6th Cir. Sept. 15, 2020). ........................................................................................................................ 12, 21

*TD Invs., LLC v. Nat'l City Bank*, No. 1:21-cv-337, 2022 U.S. Dist. LEXIS 58661 (S.D. Ohio Mar. 30, 2022) ....................................................................................................... 7, 16, 18

*Ted Lapidus, S.A. v. Vann*, 112 F.3d 91 (2d Cir. 1997) ............................................... 15

*United States v. Lowrimore*, 923 F.2d 590 (8th Cir. 1991) ......................................... 16

*United States v. Weichert*, 836 F.2d 769 (2nd Cir. 1988) ............................................ 16

*Williams v. Wellston Schools*, No. 2:9-cv-566, 2010 U.S. Dist. LEXIS 122796 (S.D. Ohio 2010) ........................................................................................................................... 19

*Wilmington Trust Co. v. AEP Generating Co.*, No. 2:13-cv-01213, 2016 U.S. Dist. LEXIS 205552 (S.D. Ohio Mar. 17, 2016) ................................................................................. 9

*Wilson-Simmons v. Lake Cty. Sheriff's Dep't*, 207 F.3d 818 (6th Cir. 2000) ............... 15

**Statutes**

28 U.S.C. §636(b)(1)(b) ............................................................................................ 17

**Rules**

Fed. R. Civ. P. 11 ............................................................................................... 14, 18

Fed. R. Civ. P. 26 ............................................................................................... 14, 18

Fed. R. Civ. P. 31 ...................................................................................................... 21

Fed. R. Civ. P. 54(b) ................................................................................................... 6

## <u>MEMORANDUM IN SUPPORT</u>

The Benesch Respondents are entitled to due process, including the benefit of the Civil and Local Rules. But ICEE has obtained effectively unlimited discovery—**twenty-nine hours** for the first three Benesch lawyers—by violating Civil Rule 11 and counsel's duty of candor. Sanctions discovery has taken on a life of its own through ICEE's continual misrepresentation to the Court as to the limits of the requested discovery, effectively permitting ICEE unfettered discovery—in violation of well-established federal law.

There can be no question: (1) the Benesch Respondents have been deprived of due process as ICEE's ability to conduct depositions on the sanctions has never been briefed; (2) the discovery conducted, to date, blows past any limitations established in federal court; and (3) if the Court intends to consider the deposition of the Benesch Respondents and a new "should have known" theory, it should provide Benesch a hearing to respond, in accordance with due process.

## I. BACKGROUND—ICEE OBTAINS SANCTIONS DISCOVERY THROUGH A SERIES OF PLEADINGS LACKING BOTH CANDOR AND SPECIFICITY.

When ICEE's conduct is examined—*step by step*—ICEE's lack of candor and specificity is difficult to accept, when it is ICCE whom seeks sanctions, through counsel admitted *pro hac vice*:

*Motion for Sanctions:* ICEE files a Motion for Sanctions, with vague, conclusory conspiracy theories claiming willful conduct and little specifics. (*See* Mot. for Sanctions, Doc. 89).

*Opposition to Motion for Sanctions:* The Benesch Respondents oppose the Motion, detailing why there is no support for sanctions under any statute or Civil Rule. (*See* Mem. in Opp. to ICEE's Mot. for Sanctions, Doc. 95). The Memorandum explains that ICEE's Motion lacks factual support—it is simply rank speculation that the Benesch Respondents had any willful involvement in any forgery, without evidence. (*Id.* at PageID # 2445–55).

1

*ICEE's Reply:* From the beginning, ICEE knew it could not prove the allegations in its Motion. Knowing there is no actual support for its speculation the Benesch Respondents had willful involvement in any forgeries, it wanted a chance to question the Benesch lawyers. ICEE demanded an evidentiary hearing where the lawyers could "explain themselves" as it relates to the issues raised in the Motion for Sanctions—i.e., the lawyers' alleged "role" in the "forgeries." (ICEE's Reply Mem. of Law in Support of Its Mot. for Sanctions, Doc. 98, PageID # 2527).

*ICEE files a Motion for Leave to Amend its Counterclaim, attaching a draft Counterclaim to its Motion:* (Mot. to Amend Countercls., Doc. 152; Exhibit A, Doc. 152-1). The draft Counterclaim makes <u>no reference</u> to the Benesch Respondents' alleged involvement. (*See* Exhibit A, Doc. 152-1).

*The Court denies ICEE's request for an evidentiary hearing:* On February 14, 2023, the Court denied ICEE's Motion for an evidentiary hearing. (Order, Doc. 182, PageID # 6142).

*Only then does ICEE unilaterally notice Mr. Gurbach's and Mr. House's depositions because it wishes to determine their "roles" in the "forgeries:"* On March 29 and April 5, 2023, Subpoenas were issued to Mr. Gurbach and Mr. House, with copies only being provided to the Benesch Respondents' counsel after each individual witness was served. (*See* Gurbach Subpoena, Doc. 210-1; March 29, 2023, Correspondence to David Wolfsohn, Doc. 210-2; House Subpoena, Doc. 210-5). When questioned, ICEE's counsel indicated he *wishes to determine the lawyers' "role"* in the "forgeries." (March 30, 2023, Correspondence from David Wolfsohn, Doc. 210-3) (emphasis added). **No other reason is given** for the depositions. (*Id.*).

*Counsel for the Benesch Respondents points to a lack of relevance:* In response to the Subpoenas, counsel for the Benesch Respondents protested the relevance of the deposition—reasoning that the 2000 Appointment was no longer part of the case, as the Amended Complaint

2

had withdrawn any claim based upon it. (April 3, 2023, Correspondence from Patrick Kasson, Doc. 210-4).

*In response, ICEE files an unapproved Counterclaim trying to implicate the Benesch Respondents and force their testimony into relevancy:* Only after realizing the 2000 Appointment is not relevant to SPL's claims, ICEE's counsel scrambles and adds 115 paragraphs to its Amended Counterclaim, which were not approved by the Court. Now, the Amended Counterclaim—filed without leave of Court—contains many allegations as to the Benesch Respondents' involvement, entirely unrelated to the underlying claims asserted therein. (Doc. 194).

*ICEE moves to compel the depositions of the Benesch Respondents:* ICEE files another vague and conclusory motion, arguing it is entitled to depose the Benesch Respondents under the *Shelton* standard because their testimony is allegedly necessary and relevant to its counterclaims. (Doc. 205, PageID # 7960–61). Notably, ICEE does not articulate how the testimony would be relevant to an element of a claim. (*Id.*). **No other reason is given for the deposition** other than ICEE's counterclaims. The Motion fails to request—or so much as mention—sanctions discovery or the standard for discovery on a motion for sanctions, which is even more limited than *Shelton*.

*The Benesch Respondents move for a protective order to prohibit the depositions:* The Benesch Respondents point out ICEE failed to meet its heavy burden under *Shelton*, and that ICEE failed to make any connection between the requested depositions and any element(s) of its counterclaims. Put simply, ICEE is *actually* looking for discovery on its Motion for Sanctions—but lacked the candor to state this directly—despite the requirement of candor to the Court in Rule 11 and other rules. (*See* Doc. 210). In other words, the Benesch Respondents took the strong position that ICEE was lying in its Motion to Compel and concealing the fact that it really wanted

discovery to try to find evidence to support its unsupported Motion for Sanctions. (*Id.* at PageID # 8186–89).

*The Court holds oral argument on the competing motions:* At oral argument, ICEE advances new arguments attempting to relate the requested testimony to its counterclaims that were never articulated in its brief. (Tr. of May 31, 2023, Mots. Hr'g, 3:8–7:8, Doc. 220, PageID # 8656–60). The Benesch Respondents, again, point out that ICEE lying—it wanted sanctions discovery under the guise of discovery on its counterclaims. (*Id.* at 23:1–5, PageID # 8676). But ICEE's counsel never indicated he wanted this discovery to bolster the Motion for Sanctions—*and only argued for discovery on ICEE's counterclaims*. (*See id.* at 3:8–22:12, 40:21–47:20, PageID # 8656–75, 8693–700). Counsel repeatedly, vehemently, and *falsely* represented to the Court all he wanted was to prove ICEE's counterclaims—the sanction issue is never mentioned by ICEE's counsel as a basis for the depositions. (*Id.* at 12:19–21, PageID # 8665).

*Ultimately, this Court orders ICEE to submit the "specific limited areas of inquiry that [ICEE] would have for Gurbach, Avsec, and House," for the Court's review.* (*Id.* at 49:1–4, PageID # 8702). The Court, at no time, mentions submitting limited area topics that would involve Ms. Turk, Ms. Emanuel, and Mr. Zalud. (*See id.*). And no reference is made to sanctions discovery.

*ICEE submits a proposed order with twenty-nine topics that exceed its argument in both its briefing and at oral argument:* A practice of *asking for an inch and taking a mile* continues with ICEE's proposed order, which grossly oversteps the scope of the Court's instruction. The Court specifically wanted "limited areas of inquiry" for three specific Benesch lawyers, only. (*Id.*). Not constrained by the Court's instruction, ICEE submits a list of twenty-nine topics—for *all* the Benesch Respondents—despite the Court's instruction to limit it to just *three*. And it goes *far beyond* what ICEE's counsel argued he needed in the oral argument. (*Compare id.* at 3:8–22:12,

40:21–47:20, PageID # 8656–75, 8693–700, *with* ICEE's Proposed Order, attached hereto as Exhibit A).

*Over the Benesch Respondents' objections, this Court ordered sanctions discovery:* Counsel for Benesch wrote the Court pointing out that the list of topics went far beyond what the Court ordered ICEE to submit. (*See* June 5, 2023 Correspondence from Patrick Kasson, attached hereto as Exhibit B). Because ICEE was engaged in a deliberate subterfuge to the Court and has grossly overstepped this Court's order, the Benesch Respondents' counsel demands honesty in the proceedings. ICEE's reasons were a fraud; sanctions discovery is really what is at issue. (Ex. B).[1] The Court then ordered discovery on ICEE's motion for sanctions, **despite the issue having *never been* 1) asked for, 2) briefed, or 3) argued**. (Tr. of Aug. 8, 2023 Disc. Conf., 3:17–20, Doc. 227, PageID # 8855).

*In the argument over the topics, ICEE's counsel reveals their subterfuge by effectively admitting the Motion to Compel violated Rule 11:* Once the depositions were ordered, ICEE's counsel finally admitted—for the first time—that they were designed to obtain information to support ICEE's Motion for Sanctions, **despite the fact they were submitted as the result of a hearing where he argued the topics were only needed for counterclaim discovery**. (*Id.* at 9:7–10:11, 19:12–18, PageID # 8861–62, 8871). This was the first time ICEE's counsel admitted the truth about his true motivation for the depositions—which came well after the motion to compel was granted. (*Compare* Doc. 205 *with* Doc. 227).

---

[1] ICEE and its counsel suggest that the Benesch Respondents have agreed to discovery and the depositions, through this correspondence. Not true. The Benesch Respondents opposed the Motion to Compel and moved for a protective order. (*See generally* Doc. 210). ICEE hangs its hat on the phrase "so be it," ignoring counsel for the Benesch Respondents' next sentences. "But the proposed order should be clear that is the basis for any such topic. It should not bury sanction topics within a proposed *Shelton* order." (Ex. B). The Benesch Respondents were not waiving their objections and instead were ensuring that the record was clear. (*Id.*)

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure authorize this Court, at any time before the entry of final judgment, to revise any order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b); *Marcum v. Duchak*, No. 3:17-cv-437, 2021 U.S. Dist. 116844, at *6 (S.D. Ohio June 23, 2021). "District courts have authority both under common law and [Federal Rule of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *see also Am. Civil Liberties Union of Ky. v. McCreary Cty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010) (noting that where the district court has not yet entered final judgment, it is "free to reconsider or reverse its decision for any reason").

Reconsideration is appropriate where there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/ Jefferson Cty. Metro Gov't v. Hotels.com*, L.P., 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959).

## III.     ARGUMENT

### A.     ICEE Has Been Afforded Sweeping Discovery on its Sanctions Motions Through Blatant Rule 11 Violations and Misrepresentations to the Court.

The irony of ICEE's conduct is not lost upon the Benesch Respondents. From ICEE's Motion for Sanctions, through its Motion to Compel, ICEE's counsel has continually violated their Rule 11 obligations and duties of candor to this Court. Through misrepresentations, time and time again, ICEE has enjoyed sweeping discovery on its Motion for Sanctions—of a kind never seen in federal court.

*ICEE moves for sanctions without support.* (Doc. 89, PageID # 2324–26). ICEE's Motion was based on claims the Benesch Respondents knew of forgeries and actively participated in them. Simply, ICEE was not permitted to move for sanctions—unless its Motion identified *specifically* what each lawyer did, what law was violated, and the factual support for ICEE's contentions. *Nisus Corp. v. Perma-Chink Sys.*, No. 3:03-CV-120, 2007 U.S. Dist. LEXIS 58363, at *10–11 (E.D. Tenn. Aug. 9, 2007) (summarizing case law).[2] But ICEE's Motion can only charitably be described as a "rant." It gives virtually no support for its allegations—engaging in rank speculation and disparaging members of the bar, without evidence. For example:

- "Counsel had to have been aware from the outset that both the 'Wendsday' email and its metadata and the November 20, 2017 version of the '2011' 'History of Working Practise' were forged by Mark Peters to make the 2000 Appointment appear to be genuine." (no factual citation or individual allegations).

- "Presumably, the Benesch lawyers then spoke to Ralph Peters, but they must not have liked what he told them because they decided he 'will not be a witness in this case.'" (no citation to support speculation).

- "House's February 25, 2020 email proves that no later than this date, House, Gurbach, Turk, Avsec, and Emanuel all knew their client had committed forgery, and they wanted to pin the blame for this coming out at Peters' deposition scheduled for the next week on Peters himself." (no citation).

- "In the meantime, they must have tipped off Peters about the imminent inspection." (no citation).[3]

(*See, e.g.*, Doc. 89, PageID # 2308, 2313, 2319, 2322). ICEE's entire Motion/rant was based solely on hyperbolic speculation that Benesch willfully participated in and willfully covered up fraud. The sanction issue should have ended there. ICEE's Motion violated Civil Rule 11 because basic

---

[2] Indeed, where discovery has been allowed on motions for sanctions, it is generally allowed either leading up to a hearing or prior to the motion being filed. *See Byrne v. Nezhat*, 261 F.3d 1075, 1084–85 (11th Cir. 2001); *TD Invs., LLC v. Nat'l City Bank*, No. 1:21-cv-337, 2022 U.S. Dist. LEXIS 58661, at *2, 29 (S.D. Ohio Mar. 30, 2022).

[3] Ridiculous beyond belief, as ICEE had requested Benesch obtain Peter's laptop, which required the Benesch Respondents to tell Peters of the request.

sanctions case law requires factual support for assertions, not speculation. *Nisus Corp.,* 2007 U.S. Dist. LEXIS 58363, at *10–11.

*ICEE violates Rule 11 by knowingly falsely claiming it was seeking depositions of the Benesch Respondents to support ICEE's counterclaims.* As mentioned above, ICEE demanded a hearing where it would be able to cross-examine the Benesch lawyers. (Doc. 98, PageID # 2526–27). But once this Court indicated it would not have a hearing—thereby sealing the fate on ICEE's unsupported Motion for Sanctions—ICEE's counsel violated Civil Rule 11 by filing the Motion to Compel, which he knew contained direct misrepresentations to this Court. The Motion disingenuously indicated ICEE sought depositions of the Benesch Respondents to support the merits of ICEE's counterclaims. Counsel for ICEE knew this was not the reason and thus violated Rule 11 and his duty of candor toward the Court.

To be sure, two years after it filed its Motion for Sanctions, ICEE subpoenaed Mr. Gurbach,[4] claiming that he played an "important role" in the "various forgeries at issue." (Doc. 210-3, PageID # 8208). No mention is made of the need for discussion on over twenty topics—only one reason was given. (*Id.*).

The parties agreed that the matter would be briefed. But in its briefing to this Court, **ICEE did not request sanctions discovery—**it was not mentioned. Instead, ICEE moved to compel depositions, arguing that "the forgeries are an important part of *ICEE's [counter]claims against SPL, as well as SPL's defenses to ICEE's claims*"—never discussing the need for discovery on its sanctions motion. (Doc. 205, PageID # 7960) (emphasis added). Transparently, ICEE made no argument about ***how*** the lawyers' testimony was relevant or crucial to any of its causes of action.

---

[4] Consistent with ICEE's east coast intimidation litigation style, Mr. Gurbach was unilaterally served with a subpoena. And Mr. Gurbach's counsel was not sent a copy or told of this, until after Mr. Gurbach had received it, *at work*. A similar thing occurred with Mr. House.

But ICEE needed this basis, given *Shelton's* requirement that discovery must be narrowly tailored to what is absolutely needed and unavailable from any other source. (*See id.* at 7959–61); *see also Wilmington Trust Co. v. AEP Generating Co.*, No. 2:13-cv-01213, 2016 U.S. Dist. LEXIS 205552, at *12 (S.D. Ohio Mar. 17, 2016); *Clark v. Louisville Jefferson Cty. Metro Gov't*, No. 3:17-CV-419-GNS-CHL, 2021 U.S. Dist. LEXIS 84654, at *21 (W.D. Ky. May 3, 2021).

ICEE's *only attempt* to tie any anticipated deposition testimony to specific aspects of its counterclaims and defenses was made ***for the first time at oral argument***. (Tr. of May 31, 2023 Mots. Hr'g, 3:8–7:8, Doc. 220, PageID # 8656–60). And, at the hearing, the Benesch Respondents' counsel called out the Motion to Compel for the sham that it was—arguing it was a backdoor attempt to get sanctions discovery. (*Id.* at 23:1–23, PageID # 8676). Despite this, ICEE's counsel remained resolute in his presentation that the reasons needed had to do with ICEE's claims—never mentioning the need for the discovery for sanctions. (*See id.* at 3:8–7:8, PageID # 8656–60).

*ICEE ignores this Court's request for limited topics addressed to three lawyers.* The Court—obviously seeking to determine whether the depositions would relate to ICEE's claims—asked for "limited topics" for three lawyers, Gurbach, House, and Avsec. (*Id.* at 49:1–4, PageID # 8702). ICEE ignored the Court's request for "limited" topics that were "specific" and for only three lawyers, by submitting a proposed order with ***twenty-nine*** expansive topics, for "six current and former Benesch counsel." (*Compare id.* at 49:2–3, PageID # 8702, *with* Ex. A). *Ask for an inch, take a mile.* Indeed, a review of the requests clearly demonstrates that ICEE's counsel violated Civil Rule 11 and his duty of candor to the Court in both the Motion to Compel and oral arguments, in which he claimed discovery was necessary for ICEE's counterclaims, never mentioning sanctions discovery. (*See, e.g.*, Ex. A, topics 3, 4, 16, 26).

Of course, this Court recognized the truth—ICEE's counsel completely lacked candor. The real motive for the request for the depositions was for the sanctions motion. (*See* Tr. of Aug. 8, 2023 Disc. Conf. 3:17–22, Doc. 227, PageID # 8855). Counsel was disingenuous in both the oral argument and Motion to Compel. The reasons for the depositions morphed from 1) "role in forgeries" to 2) information for counterclaims to 3) sanctions discovery (twenty-nine topics) to 4) unfettered depositions on standard of care issues. *Ask an inch, take a mile.*

For some reason, the Court ignored counsel's blatant misrepresentation and ordered sanctions discovery. That is right. ICEE *benefited* from a Motion to Compel, supported by a knowingly false reason, and lack of candor in the oral argument. Sanctions discovery was ordered despite a Motion to Compel *which never requested it.* And, of course, the Benesch Respondents never had an opportunity to brief sanctions discovery because the Motion to Compel *didn't even ask for it.* (*Compare* Doc. 205, *with* Doc. 227).

Of course, once ICEE's counsel learned the Court was going to grant sanction discovery, he showed no shame. Counsel readily admitted most of the topics related to sanction issues, directly contradicting his prior representations to the Court in ICEE's Motion to Compel and the oral argument. (Tr. of Aug. 8, 2023 Disc. Conf., 9:7–10:11, 19:12–18, Doc. 227, PageID # 8861–62, 8871).

*And all of this matters.* The standards for discovery sanctions are much more limited than even *Shelton* discovery. *Indianapolis Colts v. Balt.*, 775 F.2d 177, 183 (7th Cir. 1985); *Pate v. Pac. Harbor Line, Inc.*, No. 5:21-cv-01300, 2023 U.S. Dist. LEXIS 158880, at *51 (C.D. Cal. Sept. 6, 2023). Yet Benesch has been completely deprived of an opportunity to address the scope of the sanctions discovery. The only Motion to Compel was a *Shelton* motion on the counterclaims—no mention was made of the sanctions discovery standards.

*ICEE obtained twenty-nine hours of depositions by misrepresenting the scope and length of those depositions.*  In convincing the Court to allow those depositions, ICEE's counsel falsely portrayed the depositions as being very limited in duration and scope. And in granting discovery sanctions—without the benefit of a motion to compel on it on the sanctioned discovery—the Court clearly relied upon this representation.

As to the duration of the depositions, ICEE's counsel specifically misrepresented to the Court that he just needed a little bit of discovery: "I mean, it's certainly not going to be a full day, right? . . . It will be half that . . . But it can't be a full day." (Tr. of Aug. 8, 2023 Disc. Conf., 34:9–24, Doc. 227, PageID # 8886). And this **Court relied on ICEE's representations when ruling, noting that if the depositions were "not going to be a full day, [it was] not concerned."** (*Id.* at 34:13–14, PageID # 8886) (emphasis added). Again, *ICEE's counsel asked for an inch, and took a mile*. ICEE marched off and deposed three witnesses for a total of ***twenty-nine hours***—hardly half day depositions, limited in scope.

On the substance, Counsel for the Benesch Respondents expressed concern the depositions would turn into a browbeating session not focused on limited issues. But ICEE repeatedly argued that it only sought *factual information*: who knew what, and when; it only needed the lawyers to fill in the holes. (*See id.* at 10:6–11, 13:8, 15:19–23, 19:12–18, 23:13–20, PageID # 8862, 8865, 8867, 8871, 8875; Tr. of May 31, 2023 Mots. Hr'g, 12:3–10, 46:8–15, Doc. 220, PageID # 8665, 8699). This was simply false, and counsel knew it. ICEE's counsel spent most of the depositions badgering the lawyers about *why* they made certain decisions, the *standard of care* and other *ethical obligations*, and information outside the scope of the proposed topics. (*See, e.g.* Gurbach Dep., 63:19–64:14, 155:14–157:4, 185:9–187:2, 225:16–226:23, 297:10–299:2, 321:12–323:14;

Avsec Dep., 5:23–6:4, 11:20–13:13, 17:17–19:3, 21:25–23:8; House Dep. vol. 1, 57:9–59:14,73:16–74:26, vol. 3, 230:16–231:6, vol. 4, 308:14–310:11). *Ask for an inch, take a mile.*

*All this violated Sixth Circuit caselaw*. Civil Rule 37 prescribes a procedure in which non-parties—like the Benesch Respondents—can be compelled to attend depositions. Fed. R. Civ. P. 37(a)(1). And the Sixth Circuit is adamant that ICEE must set forth the basis in the Motion to Compel, *tying the need for the discovery to <u>each</u> witness. Sanford v. Corr. Officer Mullins*, No. 19-2255, 2020 U.S. App. LEXIS 29306, at *18 (6th Cir. Sept. 15, 2020). **That has never occurred**. ICEE never set forth—in any motion—why it needs discovery from a certain witness for the sanctions issue**.** Rather, ICEE has obtained this discovery by lying to the Court that it wanted the depositions for the merits of its counterclaims and defenses. This denied the Benesch Respondents the due process they are entitled to, which requires counsel to disclose the real basis for the Motion to Compel and responding to it for *each* lawyer. Moreover, ICEE never met its burden of proof of establishing why it needs certain specific pieces of information, that it cannot get that through other means. *See Estate of Alvarez v. Johns Hopkins Univ.*, No. TDC-15-950, 2019 U.S. Dist. LEXIS 145562, at *33–36 (D. Md. Aug. 27, 2019).

**B.      The Benesch Respondents' Due Process Rights Have Been Violated Multiple Times and Will Continue to Be Violated Without an Evidentiary Hearing.**

The Civil Rules, controlling access to federal court, in and of themselves provide a measure of fairness and procedural uniformity. *Kurtz v. Sec'y of the Army*, No. 3:06-1209, 2009 U.S. Dist. LEXIS 119683, at *10–11 (M.D. Tenn. Dec. 21, 2009). They are specifically designed to level the playing field—to allow each litigant an opportunity to fair and full access to the courts. *Id.* And due process also has a role in sanction litigation, providing a party a fair and meaningful opportunity to respond. *KCI USA, Inc. v. Healthcare Essentials, Inc.*, 797 F. App'x 1002, 1007 (6th Cir. 2020). The Benesch Respondents have repeatedly been denied due process. And they will

continue to be deprived of due process if not provided an opportunity to respond to any information and new theories submitted by ICEE, such as deposition testimony, after the briefing has closed.

### 1. This Court Has Repeatedly Ordered Discovery Without the Benesch Respondents Being Afforded an Opportunity to Respond.

The Civil Rules have repeatedly been disregarded in this litigation. ICEE simply sends an email to the Court demanding that information immediately be produced—and almost every time ICEE gets exactly what it wants.

For example, ICEE—via a letter to the Court—demanded that the Benesch Respondents produce certain *privileged* documents referenced by Mr. House in his deposition. (*See* Oct. 31, 2023, Correspondence from David Wolfsohn, Doc. 241, PageID # 9296–98). *The very next day*, before the Benesch Respondents could respond formally, this Court ordered the production of a February 2020 email, and Mr. House's written notes of his conversations with Mark Peters. (*See* Nov. 1, 2023, Notation Order). This Order only gave the Benesch Respondents four hours to produce the documents to ICEE. (*Id.*) (ordering the production to ICEE by 7:00 p.m. the same day). The majority of this was work product or attorney-client privileged information. The Benesch Respondents had no opportunity to brief the issue, go over it with the Court *in-camera*, or any other action that the Rules of Civil Procedure and Sixth Circuit case law would require. ICEE asked for privileged documents via letter—with no formal motion—and ICEE got it almost immediately, with no opportunity for opposition. This pattern of ICEE simply demanding documents via email, and almost always getting what it wants, has continued through the case.

And most egregious, Benesch is undergoing sanctions discovery, having never had the opportunity to brief a motion to compel on that issue. (*See* Section III(B)(2), *infra.*). ICEE was also never required to brief, *under the sanctions discovery standard*, what discovery <u>each</u> lawyer

should be required to give.[5] And this actually matters, because the standards for the scope of discovery related to sanctions versus the scope for discovery on the merits of the case are different. *See Pate v. Pac. Harbor Line, Inc.*, No. 5:21-cv-01300, 2023 U.S. Dist. LEXIS 158880, at *51 (C.D. Cal. Sept. 6, 2023). Parties seeking discovery under *Shelton* must meet a higher standard to show they need an attorney's deposition. *Nationwide Mut. Ins. Co.* 278 F.3d 621, 628 (6th Cir. 2002). Plus, the standard for sanctions discovery is *even higher* than the Civil Rules or *Shelton*, as it is **explicitly disfavored**. *See Indianapolis Colts v. Balt.*, 775 F.2d 177, 183 (7th Cir. 1985) (citing Fed. R. Civ. P. 11, advisory committee's notes to 1983 amendments); *see also* Fed. R. Civ. P. 11, advisory committee's notes to 1983 amendments; Fed. R. Civ. P. 26, advisory committee's notes to the 1983 amendments.

Due process mandates the Benesch Respondents have a meaningful opportunity to respond. *KCI USA, Inc.*, 797 F. App'x at 1007. Ordering privileged documents and other information, without the Benesch Respondents having an opportunity to respond, violates this basic concept of due process. Likewise, not requiring ICEE to submit a motion to compel and comply with its Sixth Circuit obligation to demonstrate an actual need on each specific piece of sanction discovery— thus depriving Benesch an opportunity to address that issue in briefing—likewise violates due process. Simply put, ICEE has run amuck. *Ask for an inch, take a mile.* This must stop.

> **2. Granting Sanctions Based on the Sanctions Discovery Without an Evidentiary Hearing Precludes the Benesch Respondents from Meaningfully Responding to ICEE's New Allegations.**

The Motion for Sanctions was based upon the frivolous allegation that lawyers knew of forged documents, willfully withheld discovery documents to cover up forgeries, suborned perjury, and more— all willful violations of the law. And ICEE now knows this is all false. Make

---

[5] ICEE's insistence that counsel advocated certain witnesses go first—once the Court ordered discovery—is not an agreement to the depositions going forward, as he had already filed a Motion for a Protective Order.

no mistake—when the discovery is over, ICEE's *new theory will be a standard of care theory*—the lawyers "should have known." But basic sanctions law requires this theory to be presented, first, in ICEE's Motion for Sanctions. *Nisus Corp. v. Perma-Chink Sys.*, No. 3:03-CV-120, 2007 U.S. Dist. LEXIS 58363, at *10–11 (E.D. Tenn. Aug. 9, 2007). If the Court proceeds to a decision based on the depositions and this new "should have known" theory, the Benesch Respondents will have been completely deprived of any opportunity to defend those new claims supported by deposition testimony which did not exist when the Motion was filed. The Benesch Respondents' request for a hearing *must* be granted, for five reasons.

*First*, to be sure, due process "is a flexible concept and ***the particular procedural safeguards required will vary depending upon all the circumstances***." *Cook v. AM. S.S. Co.*, 134 F.3d 771, 775 (6th Cir. 1988) (emphasis added) (quoting *Julien v. Zeringue*, 864 F.2d 1572, 1575 (Fed. Cir. 1989). Due process demands that a lawyer, facing sanctions, must have a ***meaningful opportunity* to respond** to those allegations. *KCI USA, Inc.*, 797 F. App'x at 1007 (citing *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 771 (6th Cir. 2019); *Cook*, 134 F.3d at 774–75; *Wilson-Simmons v. Lake Cty. Sheriff's Dep't*, 207 F.3d 818, 822–23 (6th Cir. 2000)) (emphasis added).

*Second*, in order to meaningfully respond, each of the Benesch Respondents is entitled to know the specific conduct that ICEE alleges to be sanctionable and the standard by which they should be sanctioned. *Nisus Corp.*, 2007 U.S. Dist. LEXIS 58363, at *11 (quoting *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 97 (2d Cir. 1997)). "Simply describing the conduct is not sufficient." *Id.* at *13. But the Court has permitted unlimited discovery depositions—most of which the Court or its staff attorney have attended. Granting sanctions based upon what the Court saw in those depositions, without providing the Benesch Respondents an opportunity—*likewise before the*

*Court*—to respond, violates due process. ICEE has had an opportunity to question witnesses in front of the Court; the Benesch Respondents should as well. And more importantly, this opportunity must come **after** being made aware of ICEE's forthcoming "should have known" theory **and the basis for it**. *Id.* at *11.

*Third*, when courts in this District grant sanctions discovery after a sanctions motion is filed, an evidentiary hearing follows. *See TD Invs., LLC v. Nat'l City Bank*, No. 1:21-cv-337, 2022 U.S. Dist. LEXIS 58661, at *2, 29 (S.D. Ohio Mar. 30, 2022). Since this Court granted ICEE leave to conduct discovery, the Benesch Respondents have not been able respond to ICEE's new allegations and testimony.[6] ICEE, *without proper notice*, attempts to put the Benesch Attorneys' testimony and credibility at issue. If the Court considers the depositions, due process mandates that the Benesch Respondents have an opportunity to respond. *Cook*, 134 F.3d at 775.

*Fourth*, "it is indeed improper for a district court to delegate its fact-finding function to other entities." *Id.* at 776 (citing *Banks v. United States*, 614 F.2d 95, 97 (6th Cir. 1980); *United States v. Lowrimore*, 923 F.2d 590, 594 (8th Cir. 1991); *United States v. Weichert*, 836 F.2d 769, 772 (2nd Cir. 1988)). But here, ICEE has taken the reins. This Court initially determined "***that it needs no further evidence*** to decide whether to award sanctions." (February 14, 2023, Order, Doc. 182, PageID # 6142) (denying ICEE's request for a show-cause hearing on sanctions). But, at oral argument, this Court clarified that it had not foreclosed discovery on sanctions, and there were still open questions for it to decide. (Tr. of May 31, 2023 Mots. Hr'g, 23:7–17, Doc. 220, PageID # 8676) ("There's going to be a real question about whether it's the client or its joint and several")). Later, the Court explicitly ordered discovery on the sanctions motion. (Tr. of Aug. 8, 2023, Disc. Conf., 3:17–20, Doc. 227, PageID # 8855). But it is the Court's function to seek out answers to

---

[6] This is especially true if ICEE is going to shift its theories based on the depositions.

the questions that the Court has—it cannot delegate that responsibility to ICEE, in the form of unlimited discovery depositions. *See Cook*, 134 F.3d at 776.

*Finally*, and most troubling is the fact that—after the Court watched Mr. Gurbach's and Mr. House's depositions—the Court has made comments which suggest the Court has already formed credibility opinions by watching the one-sided questions from ICEE's counsel. (Tr. of Sept. 22, 2023, Disc. Conf 2:8–22, Doc. 247, Page ID # 9580). To allow fact-finding to now occur on new theories, and to have the Court judge the credibility of the witnesses after only watching one sided questioning, denies the Benesch Respondents an opportunity to show the other side of these issue and violates due process. Benesch should be able to present testimony to this Court, after knowing the full basis for ICEE's Motion.

But there is much water under that bridge. This case has been an unbelievably contentious case both on the issue of sanctions and the underlying dispute. As such, Benesch respectfully requests that the Court defer a show-case hearing to the Magistrate Judge, where the Benesch Respondents will come forward and respond to the allegations raised by ICEE. *See* 28 U.S.C. §636(b)(1)(b). The Magistrate Judge—having a clean slate—can make factual findings and a recommendation on whether sanctions should or should not be granted. And to be sure, **ICEE has clearly indicated it does not oppose a hearing** on the matter. (Tr. of Dec. 7, 2023 Disc. Conf. 13:8–14, Doc. 251, PageID # 9624).

### C. This Court Should Reconsider its Order Granting Sanctions Discovery Because Discovery in this Case Has Gone Far Beyond the Scope Permitted in Federal Courts.

ICEE has been granted unfettered sanction discovery. It has spent *twenty-nine hours*—after claiming it would need no more than twelve. *Ask for an inch, take a mile*. Essentially, ICEE did whatever it wanted. This is so far afield from what federal courts permit in the context of sanctions discovery, that this Court should reconsider its oral Order.

17

In fact, discovery to support a motion for sanctions is generally disfavored, and courts should "limit the scope of sanction proceedings to the record and allow discovery only in extraordinary circumstances, lest the costs of satellite litigation over sanctions outweigh the benefits . . ." *Indianapolis Colts v. Balt.*, 775 F.2d 177, 183 (7th Cir. 1985) (citing Fed. R. Civ. P. 11, advisory committee's notes to 1983 amendments; *see also* Fed. R. Civ. P. 11, advisory committee's notes to 1983 amendments ("[T]he court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances."); Fed. R. Civ. P. 26, advisory committee's notes to the 1983 amendments ("To prevent the proliferation of the sanction procedure and to avoid multiple hearings, discovery in any sanction proceeding normally should be permitted only when it is clearly required by the interests of justice. In most cases the court will be aware of the circumstances and only a brief hearing should be necessary.").[7] And even when courts grant limited discovery, they note that it is unusual. *See Byrne v. Nezhat*, 261 F.3d 1075, 1084 (11th Cir. 2001) ("Suspecting that the claims in the complaint lacked factual bases, ***the district court took an unusual step*** and granted the defendants leave to conduct discovery for the purpose of determining whether plaintiff's counsel had violated Rule 11 of the Federal Rules of Civil Procedure." (emphasis added)).

If the extraordinary circumstances of a case warrant limited discovery for sanctions, discovery is proper **prior** to filing a motion for sanctions **or** in **preparation** for an evidentiary hearing. *See id.* at 1084–85; *TD Invs., LLC v. Nat'l City Bank*, No. 1:21-cv-337, 2022 U.S. Dist. LEXIS 58661, at * 2, 29 (S.D. Ohio Mar. 30, 2022) (granting limited discovery in advance of

---

[7] While ICEE has not moved for sanctions against the Benesch Attorneys under Rule 11, cases analyzing discovery under Rule 11 and the advisory committee's notes are instructive to the present matter.

evidentiary hearing at request of moving party); *Pate v. Pac. Harbor Line, Inc.*, No. 5:21-cv-01300, 2023 U.S. Dist. LEXIS 158880, at *51 (C.D. Cal. Sept. 6, 2023).

Even in cases where there are claims that documents have been forged, discovery is not unlimited. *See Pate*, 2023 U.S. Dist. LEXIS 158880, at *55. In *Pate v. Pacific Harbor Line, Inc.*, defendants alleged that plaintiff and his counsel had fabricated a grievance document. *Id.* at *4. The district court issued a show-cause order and limited discovery, to be overseen by a magistrate judge. *Id.* at *4–6. Defendants attempted to obtain discovery far broader than the district court had contemplated, arguing that it related to the alleged forgery. *Id.* at *9–13. The magistrate judge, applying *Shelton* and the standards for sanctions discovery, noted that the scope of discovery was distinct from traditional merits discovery and specifically limited discovery to the alleged forgery and the true grievance document. *Id.* at *51–55.

This Court said it best: "this thing has gotten pretty out of hand[.]" (Tr. of Aug. 8, 2023 Disc. Conf., 24:22–23, Doc. 227, PageID # 8876). It has. To be sure, ICEE shows no sign of slowing its scorched-earth tactics. It has continued to demand, tooth and nail, more depositions of the Benesch Respondents, despite having numerous documents and having taken twenty-nine hours of depositions—amassing 1,141 pages of testimony. (*See generally* Gurbach Dep.; Avsec Dep.; House Dep. vols. 1–5). **This amount and scope of discovery for sanctions has never been seen before in federal courts**. And the transcripts make it clear, ICEE is fishing for sound bites to twist and use against the Benesch Respondents repeatedly asking the same questions, seemingly hoping for different answers. (*See, e.g.* Gurbach Dep. 225:16–23, 305:17–18, 401:17–21; Avsec Dep. 188:8–10, 192:12–15; 276:8–277:2; House Dep. vol. 3, 231:8–9, 232:18–19, 233:24–234:10, 240:14–16, 240:20–21, 241:10–11); *see also Williams v. Wellston Schools*, No. 2:9-cv-566, 2010 U.S. Dist. LEXIS 122796, at *8–9 (S.D. Ohio 2010) (noting that deposing current or former

counsel involves the "possibility or probability that the deposition has been noticed not simply as an effort to obtain relevant information, but to harass or burden the opposing party"); (Examples of ICEE's Harassment, attached hereto as Exhibit C).

This is enough. If the Court has concerns, it should issue a show-cause order. The Benesch Respondents will gladly take the lead and show why the Motion for Sanctions is frivolous.

### D. ICEE Has Not Articulated Any Basis to Depose Ms. Turk and Ms. Emanuel.

Under both *Shelton* and the standards for sanctions discovery, ICEE is required to articulate a basis for the discovery it wants to compel. *See Pate v. Pac. Harbor Line, Inc.*, No. 5:21-cv-01300, 2023 U.S. Dist. LEXIS 158880, at *43–55 (C.D. Cal. Sept. 6, 2023). Here, for Ms. Turk and Ms. Emanuel, it has not.

*First,* ICEE sets forth no real basis to depose Ms. Turk and Ms. Emanuel in its Motion to Compel. (*See* Doc. 205, PageID # 7950–51). The Motion simply notes Ms. Turk and Ms. Emanuel were copied on emails and refers to one email Ms. Emanuel sent. (*Id.*). Despite this, ICEE now is demanding to depose Ms. Turk on all the issues raised in the twenty plus topics. Indeed, in the recent conference, when ICEE's counsel was challenged to limit the topics, he engaged in a rambling fifteen-minute soliloquy—but never concisely indicated what specifically he needed from Ms. Turk. (Tr. of Dec. 7, 2023 Disc. Conf. 8:22–11:12, Doc. 251, PageID # 9624–22). This is important because sanctions discovery must be as limited as possible. *Indianapolis Colts v. Balt.*, 775 F.2d 177, 183 (7th Cir. 1985).

*Second,* Mr. Turk and Ms. Emanuel obviously have had no opportunity to brief this issue or create a substantive record. As it stands, ICEE has not set forth any *specific* topics upon which it needs these two lawyers to testify—other than its Motion to Compel, when it falsely argued it wanted information for ICEE's counterclaim. Compelling Ms. Turk's and Ms. Emanuel's depositions, without requiring ICEE to articulate the basis for the discovery, violates fundamental

20

due process. *See Pate,* 2023 U.S. Dist. LEXIS158880 at *43–55. Simply, the Sixth Circuit requires ICEE to set forth the basis in a motion to compel. *Sanford v. Corr. Officer Mullins*, No. 19-2255, 2020 U.S. App. LEXIS 29306, at * 18 (6th Cir. Sept. 15, 2020). Other than a few emails, ICEE has not set forth any basis to depose these individuals in its Motion to Compel, and they likewise have not had ability to respond, having seen no basis.

      *Third,* there has been no analysis as to what issues have been put to bed, with the twenty-nine hours of previous deposition testimony. And ICEE's counsel in the recent conference with the Court, made no specific assurances that there were topics that are now closed.

      *Finally—to address this Court's concern*—the mere fact that witnesses reference Ms. Turk or Ms. Emanuel having knowledge is not a sufficient basis to depose either lawyer. Above all, the discovery of Ms. Turk and Ms. Emanuel must relate to 1) issues raised in the Motion for Sanctions 2) that have not already been addressed by another witnesses or documents. *Pate,* 2023 U.S. Dist. LEXIS158880 at *52–55. There has been no attempt by ICEE—so that Ms. Turk and Ms. Emanuel can respond—to identify why they want to depose either of them, and ***why that is relevant to an issue in the Motion for Sanctions that is currently <u>in dispute</u>***. Simply having knowledge on something, that another witness does not, does not mean either Ms. Turk or Ms. Emanuel needs to be deposed—if the issue is not in dispute or beyond the scope of the current Motion for Sanctions. *Id.* at *15–16, 50–55.

### E.    If Depositions Are Ordered, they Should Take Place Under Civil Rule 31, not Civil Rule 30.

      ICEE claims it merely wants to fill in some holes in these depositions. But, as discussed above, the scope and length suggest otherwise.  As does ICEE's counsel's behavior. (*See* Ex. C). But the topics can truly be limited, and behavior curtailed with depositions upon written questions under Civil Rule 31. Fed. R. Civ. P. 31.

If the Court denies the request to reconsider, and orders Ms. Turk's and Ms. Emanuel's depositions, then the depositions should be through such written questions.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570) (Trial Attorney)
Steven A. Chang (0088321)
Mrinali Sethi (0101295)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215

Ian D. Mitchell (0090643)
**REMINGER CO., L.P.A.**
525 Vine Street, Suite 1500
Cincinnati, Ohio 45202

*Counsel for the Benesch Respondents*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served upon the following counsel of record via the Court's E-filing system, this 12th day of December, 2023.

*/s/ Patrick Kasson*
Patrick Kasson (0055570)
Steven A. Chang (0088321)
Mrinali Sethi (0101295)