**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SLUSH PUPPIE LIMITED, | ) | Case No: 1:19-cv-00189-MRB |
| | ) | |
| Plaintiff, | ) | JUDGE MICHAEL R. BARRETT |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE BOWMAN |
| | ) | |
| THE ICEE COMPANY, | ) | |
| | ) | |
| Defendant | ) | |

**PLAINTIFF SLUSH PUPPIE LIMITED'S MOTION TO SHOW CAUSE**
**AND FOR RELIEF FOR VIOLATIONS OF STIPULATED PROTECTIVE ORDER**

Slush Puppie Limited ("SPL") has conclusively established that The ICEE Company ("ICEE") willfully violated the Stipulated Protective Order ("Order") by sharing **_over 400 pages_** of documents marked "Confidential" and "Attorney Eyes Only" ("AEO") in parallel overseas trademark litigation initiated by ICEE and J&J Snack Foods Corporation against Mark Peters and Ralph Peters & Sons in the Courts of England and Wales (the "English Proceedings"). (ECF No. 25.) For good reason, the Order strictly prohibits this:

> 2.1    Protected Material, and all summaries, compilations, and derivations thereof, whether oral or written, shall be maintained in confidence, shall be used solely in the preparation, prosecution, or trial of this action and not for any other purpose, and shall be disclosed only as provided in the following paragraphs.

ICEE is not above the law — and its misconduct has clear consequences. As set forth below, SPL respectfully moves the Court for a finding of contempt and appropriate sanctions based on ICEE's misconduct. Specifically, SPL requests that the Court: (1) hold ICEE in contempt; (2) order ICEE to reimburse SPL for its costs and fees incurred in seeking relief from ICEE's violation of the Order; and (3) grant such other and further relief as the Court deems just and proper.

## I.  RELEVANT BACKGROUND

### A.  The Stipulated Protective Order

The Order, agreed to by both SPL and ICEE, was entered on September 16, 2019.  (ECF No. 25.)  The Order clearly provides that ICEE and SPL (the "Parties") could, "designate any non-public document, material, or information as 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY' (collectively referred to as 'Protected Material')."  (ECF No. 25 at PageID 335.)    The Court further ordered that, "Protected Material, and all summaries, compilations, and derivations thereof, whether oral or written, shall be maintained in confidence, shall be used solely in the preparation, prosecution, or trial of this action and not for any other purpose, and shall be disclosed only as provided in the following paragraphs." (ECF No. 25 at PageID 338).  The Order further states that Protected Material could be disclosed "only" to "outside attorneys and their employees," "independent consultants or experts," "The Court and its personnel," "Court reporters," "professional vendors," the "author, addressee, or copy recipient" of the Protected Material, and "any party or employee of a party."  (ECF No. 25 at PageID 339.) The Order does not permit the use of any Protected Material outside of this current action.

Instead, the Order mandates that "[a]ll persons in possession of Protected Material shall exercise reasonable and appropriate care with regard to the storage, custody, and use of such information in order to *ensure that the provisions of this Stipulated Protective Order are observed and the confidential nature of the information is maintained*." (ECF No. 25 at PageID 340) (emphasis added).

### B.  ICEE Willfully Violated the Stipulated Protective Order

ICEE failed to maintain the confidential nature of AEO Information and Confidential Information as required pursuant to the clear terms of the Order. On December 5, 2024, SPL

learned that J&J Snack Foods Corporation and ICEE had appeared *ex parte* before HH Judge Davis-White KC of the High Court of Justice, Business and Property Courts of England and Wales, and received an Imaging Order and Freezing Order against Ralph Peters & Sons Limited and Mr. Mark Peters in the English Proceedings.  As part of the filings made by ICEE in advance of the *ex parte* hearing, which were attested to by ICEE's U.S. counsel David Wolfsohn, ICEE submitted Exhibit DW1, a 1,783 page exhibit.

Upon reviewing Exhibit DW1, SPL discovered that it contained **several hundred pages** of Confidential Information and AEO Information—including a sealed transcript of this Court's proceedings.[1]  Specifically, Exhibit DW1 contains 243 pages of documents labeled "Confidential Information," 83 pages of documents labeled "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," and the entire Monday, August 30, 2021, Afternoon Session Sealed Transcript of Proceedings of the Hearing on the Motion for Preliminary Injunction.  Despite clear and obvious notations on the deposition transcript of Mr. Kevin Scoles, which marks twenty-four pages as Attorney Eyes Only, *and* the Sealed Transcript of the Preliminary Injunction hearing, which contains a notation on every page that the transcript was "filed under seal," ICEE disclosed AEO Information and Confidential Information in the English Proceedings to external parties unassociated with this action.

On December 11, 2024, Mr. Peters' British counsel objected to ICEE's disclosure and use of AEO Information and Confidential Information in the English Proceedings.  Duane Morris responded on December 11, 2024, and simply stated, "For clarity's sake, whilst we will reply once we have taken instructions, we note that at this stage we do not accept that the documents in question are covered by the terms of the SPO, nor do we accept that our clients were precluded

---

[1] Given the size of this document, SPL will provide the Court with a copy of DW1 upon request.

from deploying the documents in these proceedings." A true and accurate copy of Duane Morris' December 11, 2024 Letter to RPC is attached hereto as **Exhibit 1**. To date, Duane Morris has failed to provide any reasonable explanation for its use of AEO Information and Confidential Information in the English Proceedings in violation of the Order.[2]

## II.    LEGAL STANDARD

Courts routinely hold that, "where protective orders have been violated, courts have broad discretion to impose whatever remedy they deem appropriate." *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 500 (S.D.Ohio 2002) (citing 6 James William Moore, *Moore's Federal Practice* § 26.108 [2] (3d ed.1997)). *Best Process Sols., Inc. v. Blue Phoenix Inashco USA, Inc.* N.D.Ohio No. 1:21-CV-0662, 2023 WL 7323327, at *4 (instructing courts to apply civil contempt standards for protective order violations).

Indeed, "[t]he Court has the power to dismiss a claim or enter judgment against a party for failure to comply with discovery orders, including protective orders." *Field Turf USA, Inc. v. Sports Const. Grp., LLC*, No. 1:06 CV 2624, 2007 WL 4412855, at *4 (N.D. Ohio Dec. 12, 2007) (citing Rule 37(b)(2) for the Court's contempt power to tailor punishment for such violations); s*ee also Ravin Crossbows, LLC v. Hunter's Mfg. Co.*, N.D.Ohio No. 5:18-CV-1729, 2023 WL 6170365 (N.D. Ohio Sep. 22, 2023) (finding a party in civil contempt for violating a protective order). "The Court also has the power, under Rule 37, to assess attorneys' fees and costs to the offending party or its counsel." *Field Turf USA* at *4 (citing *Roadway Express v. Piper,* 447

---

[2] Curiously, on January 6, 2025, Mr. Wolfsohn notified SPL's counsel that several documents stamped as confidential should not be designated as Confidential Information. A true and accurate copy of Mr. Wolfsohn's January 6, 2025 Letter to Mr. Zalud is attached hereto as **Exhibit 2**. While these are not items at issue in the English Proceedings, ICEE's counsel's submission shows that ICEE is aware of the Order and that it provides a procedure for challenging confidentiality designations. *See* ECF No. 25 at PageID 340.

4

U .S. 752, 763 (1980);

In the Sixth Circuit, a party seeking civil contempt sanctions must demonstrate by clear and convincing evidence that the opposing party knowingly violated a definite and specific order of the court. *Ravin Crossbows*, 2023 WL 6170365 at *4. The "definite and specific" requirement means that a party "'fully under[stood]' the meaning of a court order and yet 'ch[ose] to ignore its mandate.'" *Best Process Sols., Inc. v. Blue Phoenix Inashco USA, Inc.*, N.D.Ohio No. 1:21-CV-0662, 2023 WL 7323327 at * 4 (quoting *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017)). Definite and specific orders shall be read "to mean rather precisely what they say." *Grace v. Center for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996) (quoting *NBA Properties, Inc. v. Gold*, 895 F.2d 30, 32 (1st Cir. 1990)).

## III.    LAW AND ARGUMENT

The Order in this case is abundantly clear: "Protected Material, and all summaries, compilations, and derivations thereof, whether oral or written, shall be maintained in confidence, ***shall be used solely in the preparation, prosecution, or trial of this action and not for any other purpose***, and shall be disclosed only as provided in the following paragraphs." (ECF No. 25 at PageID 338) (emphasis added). ICEE's inclusion and use of 438 pages of Confidential Information and AEO Information in the English Proceedings is a blatant disregard for this Court's Order. ICEE's willful misconduct is worthy of a finding of at least civil contempt.

Clear and convincing evidence exists that ICEE knowingly violated the definite and specific Order of this Court. Indeed, ICEE's brazen departure from the Order conflicts with its previous actions. During the course of this action, ICEE challenged SPL's designation of deposition testimony as AEO Information pursuant to the Order. Specifically, on August 24, 2022, Mr. Wolfsohn sent an email to SPL's Counsel stating, "Your designation of the entire transcripts for Scoles and Wallace as attorneys' eyes only is improper. We disagree that any of them should

be so designated. Please reconsider your position." A true and accurate copy of Mr. Wolfsohn's August 24, 2022 Email is attached hereto as **Exhibit 3**. Accordingly, ICEE clearly understands that the Order contemplated the designation of material as AEO Information, that the Order allowed a party to challenge a designation, and that there was a proper avenue to do so.

Even more telling, during the *ex parte* hearing, ICEE's counsel informed the Court in the English Proceedings that there was information from the instant action that could not be used in the English Proceedings. On December 11, 2024, Mr. Wolfsohn provided a copy of the December 3, 2024 judgment issued by Judge Davis-White, KC, of the High Court of Justice, Judge Davis-White's asset freezing order and imaging order, and the December 3, 2024 transcript of the *ex parte* hearing. A true and accurate copy of Mr. Wolfsohn's December 11, 2024 Email is attached hereto as **Exhibit 4**. On page 71 of the Transcript for the Proceedings between J&J Snack Foods v. Ralph Peters & Sons LTD, ICEE specifically stated it could not use certain documents that Mr. Wolfsohn had accessed in "the higher proceedings" in the English proceeding:

> 3 **MR. HANDLEY**: <u>There are documents that we cannot use and I have</u>
> 4 <u>not seen, but Mr Wolfsohn has because of his conduct of the</u>
> 5 <u>higher proceedings</u>. But also because the company has products
> 6 other than Slushy Jack's - Frozen Fanta, Frozen Coke,
> 7 Robinson's Ice and so on - so the revenue in the accounts ---
> 8 **JUDGE DAVIS-WHITE**: I am with you, is not just ---
> 9 **MR. HANDLEY**: Is not just Slushy Jack's.
> 10 **JUDGE DAVIS-WHITE**: Non-carbonated --
> 11 **MR. HANDLEY**: So we have assumed, which may be wrong, but we have
> 12 assumed that the proportion the UK-EU sales that is generic
> 13 across RPSL would apply to Slushy Jack's. That may be wrong
> 14 but we have made that assumption and <u>we have taken the sales</u>
> 15 <u>figures that are have been disclosed in the Ohio proceedings</u>
> 16 and then without allowing for inflation, without allowing for
> 17 any sort of growth we have just said those three and a half
> 18 years have produced that level of sales.

Ex. 6, pg. 59. But mere lines later, ICEE's counsel admits that he *has* taken information disclosed in the Ohio proceedings and utilized it to determine amounts. While these amounts may not be

confidential, ICEE's counsel's comments clearly establish ICEE's prescient knowledge of the Order and the obligations it placed on ICEE.

Finally, Mr. Wolfsohn's January 6, 2025, correspondence objecting to the designation of several documents as Confidential Information further demonstrates that ICEE understands the Order is in place and that it provides a procedure for challenging designations.  *See* Ex. 2.  The January 6, 2025 correspondence is clear and convincing evidence that ICEE "fully under[stood'" the meaning of a court order and yet 'ch[ose] to ignore its mandate' when it utilized documents from the instant matter identified as Confidential Information and AEO Information in the English Proceedings. *Best Process Sols., Inc. v. Blue Phoenix Inashco USA, Inc.*, N.D.Ohio No. 1:21-CV-0662, 2023 WL 7323327 at * 4.

Altogether, ICEE's conduct throughout this action and its testimony during the English Proceedings where it referred Judge Davis-White, KC to 439 pages of documents SPL identified as AEO Information and Confidential Information clearly establishes that ICEE understood the Order to be definite and specific.  No dispute exists that ICEE understood the Order and ignored its mandate.  ICEE's brazen and willful violation is grounds to hold ICEE in civil contempt.

## IV.   CONCLUSION

For the foregoing reasons, SPL respectfully requests that this Court: (1) hold ICEE in contempt; (2) order ICEE to reimburse SPL for its costs and fees incurred in seeking relief from ICEE's violation of the Order; and (3) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

/s/ *Eric Larson Zalud*
Eric Larson Zalud (0038959)
Laura E. Kogan (0093369)
200 Public Square, Suite 2300
Cleveland, OH 44114
(216) 363-4500 - Telephone
(216) 363-4588 - Facsimile
ezalud@beneschlaw.com
lkogan@beneschlaw.com

Jennifer M. Turk (0073781)
41 South High Street, Suite 2600
Columbus, Ohio 43215
(614) 223-9300 – Telephone
(614) 223-9330 – Facsimile
jturk@beneschlaw.com

*Attorneys for Plaintiff Slush Puppie Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's case management and electronic filing system.  Parties may access this filing through the Court's case management and electronic filing system.

*/s/ Eric Larson Zalud*
Eric Larson Zalud
*Attorney for Plaintiff Slush Puppie Limited*

25378241 v1