**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

SLUSH PUPPIE LIMITED,

                Plaintiff/counterclaim
defendant

       v.

THE ICEE COMPANY,

               Defendant/counterclaim
plaintiff.

CASE NO. 1:19-cv-00189-MRB

Judge Michael R. Barrett

**NOTICE OF ICEE'S UPDATED CHRONOLOGY
RELATING TO SANCTIONS MOTIONS**

     ICEE's reply brief in support of its motion for sanctions against the Benesch Respondents

included two appendices that identified in non-argumentative fashion the chronology of events

surrounding the Wendsday Email and the History of Working Practise documents. Doc. 98, at

PAGEID 2530-2540, 2553-2559. Since that reply, the depositions and document production have

shed additional light on the chronology. For the purpose of the Court's reference at argument,

ICEE submits this updated and combined chronology, to which it might refer during the hearing.

| Date | Event | Citation |
|------|-------|----------|
| Feb 1, 1996 | Manufacturing Appointment executed by Will Radcliff (witnessed by Diane Menzer) & Ralph Peters. | Doc. 72-2 |

1

| Dec 3 & Dec 23, 1999, eff. Jan. 1, 2000 | Mark Peters, witnessed by Gary Ruffell (board member and finance director) and Diane Menzer (on behalf of SPC) execute Distributor Agreement.<br><br>Per Ralph Peters, at this time "Mark was running the business, not me. . . . He was running it, but still consulted with me. . . . I had not given up completely." Feb. 24, 2020 Ralph Peters Dep., 35:7-36:6 . | Doc. 72-3 |
|---|---|---|
| Jan 2001 | DPSU acquires SPC. | Doc. 276-4 PAGEID 13113 |
| Feb 7, 2001 | Diane Menzer faxes Kim Yee at DPSU: the Manufacturing license "needs to be adjusted to reflect 2 ½% commission vs. 5%. (3A)."<br><br>House puts this in his pre-suit Choice of Contracts folder, noting that it refers to the Manufacturing Appointment. | Doc. 276-4 PAGEID 13098 |
| 2006 | ICEE acquires SPC. | Doc. 276-4 PAGEID 13113 |
| Dec 8, 2008 | Real string between Jerry Bird & Lindsay Kirby used by Peters to create "Nov. 11, 2008" Wendsday Email.  Kirby's response to Bird's inquiry on Nov 11 is "I have just returned today from a 2 weeks holiday in South Africa and I know you did ask just before I left but I just ran out of time."  Asks for a couple more days to send Bird the statements.  Bird follows up again on December 8—not copying Peters, and Kirby responds on Dec 8, again not copying Peters: "Royalty for 2007 was based on £1419,760 @ 2.5%."<br><br>Duane Morris produces this on Oct 28, 2019.  ICEESPL_005772.  **Turk** compares this to Wendsday Email on or around Feb 24, 2020.  May 17, 2024 Turk Dep. 138:20-139:1; 148:1-149:11. | Doc 276-9, DX95 |

| Jan 31, 2009 | Lindsay Kirby informs ICEE's Susan Woods that "Will Radford entered into a legally binding *verbal contract* on this matter with Ralph Peters" regarding European rights.  She notes that if all decisions on licensing are made by ICEE, "this would be a major change to the working practice we have established over the last 31 years." (emphasis supplied).  Mark Peters is copied.<br><br>The date line in Kirby's email correctly spells "Wednesday."<br><br>Emanuel, supervised by Gurbach and House, produces this on Oct 11, 2019. | Doc. 276-14, PAGEID 13318, Doc. 267-2, MP2, DX 055, SP001864, SP000424 |
|---|---|---|
| July 27, 2009 | Peters, copying Lindsay Kirby, sends Fachner 1999 distributor agreement, asking for it to be amended to let SPL file a TM lawsuit in Spain, since "because of the way the contracts was set up between my Father and Will many years ago . . . the Distribution contract only covers the United Kingdom and Ireland."<br><br>Emanuel, supervised by Gurbach and House, produces this on Oct 11, 2019. | DX 211; SP SP000299, 301 |
| April 10, 2010 | Fachner points out that SPL only has distribution rights in the UK and Ireland, but "what you are asking for is much larger than this."  Peters responds by sending the 1996 Manufacturing Appointment.<br><br>Emanuel, supervised by House and Gurbach, produces this on Oct 11, 2019. | DX 213, SP001417, SP1384 |
| May 22, 2010 | Mark Peters asks his father Ralph to review proposed email to Dan Fachner about rights in Europe.  Ralph says he disagrees with Mark's USA lawyers, who told Mark that SPL has "zero wrights."  Ralph's opinion is that:  "As regards the USA lawyers you consulted I think they are wrong.  Established practice known about and not contested is tantamount to agreement."<br><br>Emanuel, supervised by Gurbach and House, produces this on Oct 11, 2019. | Doc. 73-6, MP013, SP000251, |

| | | |
|---|---|---|
| June 14, 18, & 21, 2010 | Fachner tells Peters that the "areas you have expanded into including territories outside your agreement and brand licenses are clearly in violation of our agreements."<br><br>Peters, copying his father Ralph, suggests they "start with a blank peace [sic] of paper to get a faith and balanced way for both parties" that would supersede the "perpetual agreements" that have "many erroneous clause," and "might even breach anti competition legislation in the USA and Europe."<br><br>Fachner responds by stating that the Distributor Agreement covers the license for UK and Ireland, and that "anything beyond that is being done outside the agreement."<br><br>Emanuel, supervised by House and Gurbach, produces these on Oct 11, 2019. | SP000383, Doc. 274-6, SP001717, SP001706,<br><br>SP001722 |
| April 22, 2011 | Email string between Peters and ICEE's Kent Gallaway, copying Susanne Treacher (SPL secretary) showing that Peters believes 2.5% royalty is being paid under the 1996 manfucturing agreement.<br><br>**House** puts this in his presuit "choice of contracts" folder. | Doc. 276-4 PAGEID 13106-107 |
| April 26, 2011 | Peters to Karen Kline (Duane Morris trademark attorney): "Since our phone call I can confirm that my father and Will Radcliffe [sic] have documented the history behind the agreements we have today and what they intended the agreements to secure for both parties. I am currently in France . . . and will be in the UK tomorrow. I will then be able to get the signed statement of facts scanned and sent over to you."<br><br>Emanuel, supervised by Gurbach and House, produces this on Oct 11, 2019.<br><br>It is shown to Mark Peters at his July 1, 2020 Rule 30(b)(6) deposition, attended by Gurbach and House. | Doc. 267-4, MP019, SP001895 |

| April 26, 2011 | Peters emails Kline Feb 16, 2011 "History  of working practice" w/ attachment name "Will & RPP history of SP USA Contrat Vl .pdf"<br><br>The Will Radcliff and "BJ Cork" signatures are the same as those in the 2000 Appointment.<br><br>Peters doesn't provide this to Benesch; it is produced by Duane Morris on Oct  28, 2019 (Doc. 276-2). | Doc. 60-4; Doc. 73-29 |
| --- | --- | --- |
| May 3, 2011 | Kline responds to Peters' email forwarding History.  The string includes Peters' April 26 email sending the History but *not the attached History.*<br><br>Emanuel, supervised by Gurbach & House, produces this on Oct 11, 2019. | SP001892 |
| Jan 18, 2017 | Alan Beaney (SPL director), in email to Peters, describes the change from 5 to 2.5% as "verbally communicated."<br><br>House puts this in his pre-suit "Choice of Contract" folder. | Doc. 276-4 PAGEID 13096 (DX 127), DX 136, DX 157, DX 62 |
| Nov 20, 2017, 3:31 p.m. | Peters creates forged History, adding 2 entries "corroborating" 2000 Appointment.  The altered History quotes from agreement's royalty provision, stating that it was agreed to in by s an agreement between Will Radcliff and Ralph Peters in 2000 that mimics the 2000 Appointment.<br><br>Peters removes Will Radcliff and "BJ Cork" signatures, replacing them with others so that signatures in this History do not resemble those in the 2000 Appointment.<br><br>Document title is "Microsoft Word-Will RPP History of SP USA Contrat Vl. l" & author is "markp." | Doc. 73-12 at PAGEID 1483 (showing metadata); Doc. 98 PAGEID 2566-2571 |
| Nov 20, 2017 4:14 PM | Peters sends forged History & 2000 Appointment to RPC.  Subject line is "Slush Puppie Documents from Stephan [sic] Loos."  Loos had no dealings w/ Peters after Peters took over business from his father in late Nineties.  S. Loos Dep. 13:13-14:17. | Doc. 73-12 PAGEID 1453 |

| | | |
|---|---|---|
| Dec 1, 2017 | Cran sends **Avsec & Zalud** the forged History as "Document 5": a "chronology setting out the history of relationships."<br><br>House puts this in his pre-suit Client History of Relationship file, which is bar coded by the Benesch Firm. | Doc. 73-20 PAGEID 1557, Doc. 276-15, Doc. 267-5 |
| Dec 20, 2017 | Cran to Peters: "anything that fixes ICEE with knowledge of [the 2000 Appointment], or shows that ICEE has been working to its terms, would be helpful." | Doc. 73-14 PAGEID 1502-03 |
| Dec 20, 2017 | RPC sends Peters litigation hold (RPC Guide to Litigation).  (See Pownall's Sept 24, 2018 email.)<br><br>The Guide states:  "It is especially important that you take immediate steps to preserve any relevant electronic documents which might otherwise be deleted accidentally or in accordance with the routine operation of a document retention policy or in the ordinary course of your business.  You should also consider carefully where electronic documents may be held, eg computers, mobile phones, hard-drives, . . . mobile devises . . . "  Doc. 282-16 PAGEID 13795. | Doc. 276-4 PAGEID 13114, DX 83, DX 133 |
| Jan 17, 2018<br>9:53 a.m. | "markp" creates Wendsday email from Word document. | Doc. 73-14 PAGEID 1516 (showing metadata of doc as sent to Cran) |
| Jan 10 & 17, 2018,<br>10:26 a.m. | RPC asks Peters for emails/correspondence with ICEE "and we will consider with a view to advising further on the acceptance/enforcement of the later 2000 agreement (ie document 4) on ICEE."  Peters sends draft contract from Cadbury referring to August 8, 2000 agreement and "an e mail exchange from our head of finance" ("LK_E_Mail_Roylaty.pdf.") "Is this of any help?"<br><br>Metadata shows it was created by markp from Word on Jan 17 at 9:53 AM. | Doc. 73-14 PAGEID 1501 |

| Feb 28, 2018 | Peters sends Fachner the 2000 Appointment: "Following our previous discussions, in the course of reviewing our existing arrangements, we have identified the attached exclusive licence dated 8 August 2000, which governs the arrangements between the parties.  This exclusive licence post-dates both the [1996 and 1999 agreements], which were the subject of our previous discussions.  This exclusive licence confirms that SPL has the exclusive rights to use the SLUSH PUPPIE trade mark in Europe in relation to freezers, syrups and products for the promotion of the SLUSH PUPPIE trade mark." | Doc. 60-6, MP009 |
|---|---|---|
| March 12 & 20, 2018 | Fachner asks Peters:  "This is the first time that you have shared another contract.  Where did this contract come from and why was this never produced or mentioned in the past decade?"<br><br>Peters responds:  "That exclusive licence was in fact raised with ICEE many years ago even though as an oversight it was not mentioned in more recent correspondence." | Doc. 60-6 |

| April 17, 2018 | RPC to **Avsec** and **Zalud:** "[A]s recently as 2017 . . . neither party mentioned the existence of the 2000 licence agreement . . .Since then, the client has been in touch directly with [ICEE] to try to resolve the issues – this time specifically mentioning the 2000 licence agreement.  We set out below the additional documents that we have received from the client since we last discussed this matter.  You will see that there are some helpful contemporaneous emails that refer to the payment of royalties pursuant to the 2000 licence agreement." | Doc. 73-20, DX 78, DX 134, DX 154 |
| --- | --- | --- |
| | Encloses Wendsday w/ metada showing created Jan 17 by "markp" from Word doc.  This is described as an "Email exchange between Lindsay Kirby and Jerry Bird in late 2008, regarding the basis upon which royalties were calculated.  We understand that this is the only correspondence around this time dealing with this issue." | |
| | Encloses Beaney's email to ICEE's Steve Every, affirming that the 1996 and 1999 agreements are in effect, and the June 23, 2017 and Aug 8, 2017 letters between Gowling and Weightmans, confirming the same. | |
| April 19, 2018 | Peters forwards to RPC, copying Beaney, his email exchange with Fachner about the discovery of the 2000 Appointment. | Doc. 267-9, SP003613 |

8

| April 25, 2018 | Gowling (UK TM counsel for ICEE) to Weightmans (UK counsel for SPL): "Your client says that it 'identified' the 2000 Document 'in the course of reviewing its existing arrangements' and it now seeks to rely on it. This seems peculiar given that the 2000 Documents was unknown to our clients, and apparently also to yours. Since ICEE purchased the Slush Puppie business in 2006, our respective clients have discussed and debated issues with the [1996 and 1999] agreements.] Our client asked yours where the 2000 Document had come from, and why it had not been produced or referred to during these discussions over the past several years. No satisfactory response has been received. Your client has said 'That exclusive licence was in fact raised with ICEE many years ago (even though, as an oversight, it was not mentioned in more recent correspondence)—and indeed royalties have been paid by us, and accepted by ICEE, under that agreement for many years.' This is not accepted by our client. Despite numerous and various communications, both in writing and orally, over the course of at least 11 years, there has been no mention of the 2000 Document, or any written agreements between the parties other than the 1996 Agreement and the 1999 Agreements, until Mr Peters' email to Mr Fachner in February 2018. . . . Our client has not accepted royalties under the 2000 Document."<br><br>Encloses Feb 2001 fax from Menzer to Yee, saying that 1996 agreement needs to be "adjusted to reflect 2 ½% commission vs. 5%." | Doc. 73-15 |

| May 3, 2018 | RPC sends Peters proposed response to Gowling's April 25 letter. Draft relies on Wendsday Email to rebut Gowling's claim that ICEE did not know about the 2000 Agreement, but notes: "One point to mention is that the risk of relying on the 2008 email without having done full searches is that any response and subsequent correspondence could be highly relevant – we note in particular the email ends with a question 'is this what you need?'" | Doc. 73-16, Doc. 276-4 PAGEID 13085-86. |
|---|---|---|
| | RPC says that Peters "will provide us with all of SPL's emails" by taking an image of SPL's servers: "This exercise needs to be carried out to properly answer Gowlings' allegations and it will be more compelling if we can provide a comprehensive response. The previous Weightmans letters and the recent Gowlings response show the risk of asserting a factual position that is contradicted by the documents." | |
| | "If the electronic documents are available and can be provided now, we can factor those into the proposed response to Gowlings. If not, this document collation and review process should be carried out as soon as possible, so we can prepare the follow up letter to Gowlings and provide US counsel with the information that they will need to prepare the further letter to ICEE on the breach of SPL's exclusive arrangements. ***I remain of the view that the US letter cannot be properly prepared without clarity as to the contractual arrangements between ICEE and SPL.***" (emphasis supplied). | |
| | Peters' emails are never collected (except certain ones collected by Peters himself) and RPC never sends this letter, or any response to Gowling's April 25 letter. | |
| | House puts this in his "Choice of Contract" folder. | |
| May 4, 2018 | Peters to RPC's Ben Mark—sending Fax to DPSU, Draft Agmnt from Cadbury Schweppes, Draft Gowling response done by RPC. | Doc 276-6, DX 198, DX 159, ; part of DX 127 |

| Aug 17, 2018 | **Avsec** threatens ICEE w/ litigation, noting that he has reviewed the Weightmans-Gowling solicitor correspondence (he copies Gowling on the letter) and contending that there is "no question that the parties have been operating under the terms of the 2000 Agreement (including its royalty provisions) since ICEE's acquisition of the SLUSH PUPPIE® brand and business in 2006." Avsec does not reference Wendsday email or forged History, even though they are the only "evidence" that Avsec has showing that ICEE would have been aware of the 2000 Appointment. | Doc. 73-17, Complaint Exh. J, FAC Exh. K, Doc 27-11 |
|---|---|---|
| Sept 13, 2018 | Kline to Avsec:  ICEE and presumably DPSU "have had no knowledge of the 2000 Document until attached to your client's February 28, 2018 email."<br><br>"We have followed up with DPSU, who confirmed that only the [1996 and 1999 agreements] were disclosed by Slush Puppie Corp. and listed as assumed contracts. . . . The totality of the circumstances raises serious questions about the agreement's authenticity.  We asked Mark Peters for an explanation, and he has provided no response." | Doc. 73-19, DX 135, DX 162 |
| Sept 19, 2018 | **Avsec** to **Gurbach**:  "Matt, HERE ARE THE CORE DOCUMENTS."  The CORE DOCUMENTS include the forged History. | Doc. 276-18 PAGEID 13458, DX 189 |
| Sept 20, 2018 | Ben Mark describes for **Avsec** and **Gurbach** one of the "key issues" being that "irrespective of whether the 2000 agreement is valid and in force, these pouches appear to fall squarely within the scope of the licence of the prior agreements. Whilst we would still want to pursue the claims in respect of the 2000 agreement it seems that the issue of interpretation of the scope of the earlier agreements could well be appropriate for summary judgment." | Doc 276-4 PAGEID 13116 |
| Sept 21, 2018 | **Avsec** and **Gurbach** have phone conference w/ Peters, Ben Mark, and David Cran. "Issue[:] what K controls: need to show 11/8/00 ap[pointment] controls." | Doc. 254-5, at 411:19-412:11; DX 177, Ronald House Notes |

| Sept 21, 2018 | **Avsec** forwards the "CORE DOCUMENTS" to **House**, including the forged History. **House** prints them out and puts them in his "Client History of Relationship" and "Choice of Contract" files, which the firm bar codes. | Doc. 276-18 PAGEID 13458, DX 189, Doc. 276-15 PAGEID 13322-13326, Doc. 276-15, DX125 |
|---|---|---|
| Sept 25, 2018 2:48 PM | "markp" creates the April 10, 2001 letter that is later attached to the complaint. | Doc 276-7 PAGEID 13279, DX210 |
| Sept 25, 2018 | RPC sends **Avsec**, **Gurbach**, and **House** another digital copy of the Wendsday email to show that SPL "has referenced [the 2000 Appointment] in correspondence" with ICEE. It has metadata showing that "markp" created it using Word on Jan 17, 2018 at 9:53 a.m. Also sends another copy of the forged History. Ben Mark: "Irrespective of whether the August 2000 Agreement is valid and in force . . ." | Doc. 73-13 |
| Sept 25, 2018 | **Avsec**, copying **Gurbach**, asks RPC and Peters: "So did SPL in fact pay royalties under the August 8, 2000 Agreement to Diet [sic] Pepper/Seven Up for some period of time until ICEE acquired the business form Diet Pepper/Seven Up?  Can we allege that with accuracy?  . . . Is it accurate to allege that, after ICEE's acquisition of the SLUSH PUPPIE trademarks and business that SPL continued to pay royalties under the August 8, 2000 Agreement to ICEE (in the amount of 2.5% of the toal cost of Syrups charged and sold to distributors after appropriate discounts as permitted)??"<br><br>Peters responds: "The only people I know who can answer this question with accuracy are the signatures [sic] on the August 2000 agreement, Ralph Peters and Stephan [sic] Loos (witness to Ralph Peters) and both are happy to give statements to the fact that the August 2000 agreement is the final agreement with SP USA before the sale to Dr Pepper/Seven Up."<br><br>**Avsec** forwards **House** the Sept 25 email from Peters. **House** prints it out and puts it in his folder marked "Choice of Contract." | Doc. 276-3 PAGEID 13065, Doc. 276-4 PAGEID 13111. |

| Sept 28, 2018 | Peters sends RPC, **Avsec**, & **Gurbach**, Beaney's notes referring to 1996 manufacturing agreement & need to update it, & stating that 2.5% is being paid "based on the verbally communicated change." | DX160, SP006308 |
|---|---|---|
| Oct 26, 2018 | RPC sends filled-out ediscovery questionnaire back to **Gurbach**, **House**, **Avsec**, & Cook.  Lists custodians as Treacher, Lindsay Kirby, Alan Beany, Gary Ruffell, Mark Peters, Accounts Payable.  None of these custodians' accounts are collected by RPC or Benesch. | Doc. 276-30, DX 130 |
| Nov 6, 2018 | **Gurbach** responds to Kline's Sept 13 letter: "Contrary to the statements in your letter, the 2000 Agreement and the 'totality of the circumstances' support SPL's position that it has the exclusive right to use the SLUSH PUPPIE trademark in the United Kingdom, Ireland and elsewhere in Europe and that ICEE has breached the parties' agreement."   **Gurbach** does not address Kline's contentions about the 2000 Appointment. | Doc. 89-1 |
| Nov 27, 2018 | **House** & **Avsec** have call w/ Kline & ICEE GC. "one main issue -- questions on authenticity." | Doc. 254-5, at 410:14-411:10; DX 177 (Ronald House Notes) |
| 11/27/18 | **House** to **Gurbach**, Avsec: "Likewise, assignment of the SP trademark should come with any agreement to which the trademark is subject. Whether ICEE was aware of the 2000 agreement should not matter.  The trademarks are subject to whatever agreements the assignor/licensor of the trademarks was bound.  Here, the SP trademark was assigned by SPC to DPSU and by DPSU to ICEE.  The assignment of the trademark should necessarily come with whatever restrictions were put upon it by the assignors.  Here, SPC gave SPL exclusive use under the 2000 agreement that may be terminated only by the terms of the 2000 agreement" | Doc. 276-4 PAGEID 13077 |

| Feb 12, 2019 | SPL files complaint in state court based on 2000 Appointment, attaching the forged contract and two forged letters. **House** and **Gurbach** are on the signature block. | Doc. 1-1 |
|---|---|---|
| June 25, 2019 | ICEE counsel terminates 1996 and 1999 Agreements. | Doc. 29-6 |
| June 28, 2019 | **Gurbach** asserts that the termination "is a nullity" because 2000 Appointment has superseded the 1996 and 1999 agreements. | Doc. 29-7 |
| July 5, 2019 | Responding to ICEE's first set of document requests, SPL promises to produce "[a]ll communications between [SPL] and ICEE relating to the Purported 2000 Appointment," and all documents relating to that agreement and the History of Working Practise. | Doc. 98-1 PAGEID 2575-2577 |
| Aug 29, 2019 | **Emanuel** asks RPC for a "call to discuss collection of documents and SPL's duty to preserve. I'm attaching the ediscovery questionnaire from October. Include IT personnel and others that may assist SPL in collection and document preservation duties. In the meantime SPL must continue to preserve all documents relating to or involving in any way the lawsuit, including computers, and hard drives used by custodians." | Doc. 282-17 PAGEID 13802 |
| Sept 4, 2019 | As followup to a call with Peters, Emanuel (copying Gurbach and House) sends Peters Don McCann's contact info. "Don will be the point of contact for uploading documents and management of those files." | Doc. 282-17 PAGEID 13801 |
| October 11, 2019, 1:32 p.m. | Supervised by **Gurbach** and **House**, **Emanuel** sends Duane Morris SP000001 – SP002032. | Doc. 98-2 |
| October 11, 2019, 5:34 p.m. | Duane Morris email to **Gurbach**, **House**, and **Emanuel** states that "none of the documents were produced with associated metadata, despite the fact that most of the production appears to be emails and attachments." Requests that SPL "reproduce the documents with appropriate metadata." | Doc. 98-3 |

| Oct 16, 2019 | **Gurbach** responds to Duane Morris' Oct 11 email, saying he is "reviewing your requests relating to metadata and parent-child relationships" and asking why *ICEE's* initial production lacked metadata. "Please confirm that ICEE maintains the associated metadata for emails contained in your production so far." | Doc. 31-5 |
| --- | --- | --- |
| Oct 28, 2019 | ICEE produces ICEESPL_133-6612, including the real Lindsay Kirby-Jerry Bird email chain to which the Wendsday email would have belonged, if genuine, the 2011 History with cover email from Peters to Kline, and Kirby's 2009 email stating that "I have previously explained that Will Radford [sic] entered into a legally binding verbal contract on this matter with Ralph Peters." | Doc 98-5, Doc. 60-11 (genuine Kirby-Bird chain) |
| Oct 29, 2019 | SPL produces metadata for its first production of documents. **Gurbach** again asks ICEE to confirm that it has produced "the associated metadata for any of the *e-mails* contained in its first production." | Doc 98-6 |
| Nov 13, 2019 | **Emanuel** updates McCann on metadata fields, & confers "with the client" (Peters) re same. | Doc. 276-11, Part of DX 124, |
| Nov. 14, 2019 | Wolfsohn letter to the Court noting that the 2000 Appointment turned up under suspicious circumstances. "Putting aside whether the document is a forgery, . . . ." | Nov. 14, 2019 Letter to Court |
| November 18, 2019 | **Emanuel**, supervised by **Gurbach** and **House**, produces SP2033-3568. This includes . . . | Doc. 73-28 |
| Nov 19, 2019 | Copying **House** and **Gurbach**, **Emanuel**, under the heading "ICEE's Metadata," demands metadata for various emails, listing dozens of them by Bates number. | Doc. 89-6, DX 182 |

| | | |
|---|---|---|
| Nov 20, 2019 | **Emanuel** writes to the Court: "SPL has not identified Ralph Peters as someone with discoverable knowledge, and he will not be a witness.  If it is determined that he has discoverable information and is able to testify, we can't agree to produce him in the United States due to his elderly age and inability to travel."<br><br>The first time Emanuel or anyone from Benesch communicated w/ Ralph Peters was on Feb 24, 2020 at his deposition. | Doc. 276-26.  DX 183; |
| Nov. 20, 2019 | Mark Peters uploads to Benesch server emails for production to ICEE. | DX 199. |
| Dec 4, 2019 | Benesch's Allison Cady rates the 2011 History produced by ICEE as "Hot." | Doc. 276-25, DX 196 |
| Dec 20, 2019 | Mark Peters downloads ICEE's productions. | DX 199. |
| Dec 23, 2019 | SPL's Responses to RFA 4 (admit that "Slush Puppie Limited did not provide a copy of the Purported 2000 Agreement to ICEE until February 28, 2018.") and RFA 5 (admit that there "are no records indicating that the Purported 2000 Agreement was ever provided to ICEE before February 28, 2018.") are signed by **Gurbach**: "Objection.  SPL cannot 'admit' or 'deny' anything in response to this Request for Admission, nor can it provide any information requested therein, because it is without knowledge and information sufficient to respond to the Request at this time.  SPL reserves the right to supplement at a later date."<br><br>At this time, however, Benesch has various copies of both the Wendsday Email and the forged History, both of which, if real, would show that ICEE had received the 2000 Agreement.<br><br>SPL never supplements these responses. | Doc. 89-4 |

| Dec 24, 2019 | ICEE's responses to SPL's interrogatories state that the "2000 Agreement" was never agreed to by Slush Puppie Corporation, and that plaintiff counsel's continued litigation based on this fake document is sanctionable. | |
|---|---|---|
| Jan 3, 2020 | Meet and confer is held with Marandola, Wolfsohn, Gurbach, House, and Emanuel to discuss SPL's evasive discovery responses re 2000 Agreement and History. | Doc. 276-12 |
| Jan 8, 2020 | Marandola follows up with Gurbach, House, and Emanuel re meet and confer.<br><br>Regarding the History, counsel states:  "We find SPL's purported lack of information particularly curious with respect to the 2011 History of Working Practice documents, which is the subject of interrogatory 6.  Mark Peters was the one who sent a copy of this document to ICEE in 2011.  Yet SPL claims to lack knowledge or information sufficient to formulate a response about where the original is or what happened to it."  Regarding Interrogatory 7, counsel notes that it "requests that SPL identify its communications with Will Radcliff and anyone representing him, for a very discrete, three month time period relating to the 2011 History of Working Practise, which Mark Peters procured and provided to ICEE on April 26, 2011.  SPL has invoked F.R.C.P. 33(d), but has not produced any responsive communications."<br><br>Regarding RFAs 4 and 5 (and accompanying interrogatories), which requested SPL to admit that it had not provided a copy of the 2000 Appointment to SPL, ICEE counsel notes that "we simply do not understand how SPL can claim to lack knowledge of whether it provided a document to ICEE." | Doc. 89-5 |
| Jan 28, 2020 12:25 PM | **Emanuel** views both the 2011 (pages 1-2) and forged versions (pages 1 & 4) of the History. | Doc. 276-25 PAGEID 13519 |

| Jan 28, 2020 5:21 PM | A few hours after viewing both versions of the History, **Emanuel,** supervised by **Gurbach** and House, emails Duane Morris, promising that "any responsive documents regarding the History of Working Practise will be produced, to the extent any exist, and can be referred to pursuant to F.R.C.P. 33(d) at that time.  If necessary, SPL will supplement its response once document production is complete." <br><br> As for SPL's responses to RFAs 4 and 5, and to the accompanying interrogatories, Emanuel insists that it cannot admit or deny whether SPL provided a copy of the 2000 Agreement to ICEE because "it is without knowledge and information sufficient to answer." | 73-18 |
|---|---|---|
| Feb 3, 2020 | **Turk** views pages 1 and 3 and downloads the forged History, and views page 1 of the 2011 History. | Doc. 276-25 PAGEID 13519 |
| Feb 4, 2020 | **Turk** sends the forged History to **Emanuel:** "What's the story behind the 'History of working practice' document attached?  Where did this come from?  Is ICEE taking the position that this is also a fake document that we forged?" <br><br> Emanuel:  "I don't think they've expressly taken that position yet, but Mark seems to not know much about this document other than that it was Ralph and Will's way of documenting the relationship (per Mark).  That's all I know unfortunately." | Doc. 274-21, 274-22. |
| Feb 8, 2020 | **House** tells **Avsec** to "search your old e-mails from RPC attaching documents."  Those would include the two emails forwarding the Wendsday Email with metadata and the two emails forwardin the forged History with metadata. <br><br> **Gurbach** tells McCann that "I have many of these saved on iManage, so we may want to look there as well." | Doc. 276-19 PAGEID 13465, DX 176, DX 191. |
| Feb 19, 2020 | **Turk** views pages 1-4 of the 2011 History. | Doc. 276-25 |

| Feb 19, 2020 | **Emanuel** produces a copy of the Wendsday email that has been scanned at Benesch, removing the document's metadata contained in the April 17, 2018 RPC email to Zalud & Avsec & the Sept 25, 2018 email from RPC to Avsec, Gurbach, & House showing that "markp" created it on Jan 17, 2018 using Word. | Doc. 60-8; 60-9 |
|---|---|---|
| Feb 20, 2020 | **Turk** exports 2011 History & views pages, 1, 2, and 4 of the forged History; she then marks one copy of it "not Responsive" and "Duplicate." | Doc. 276-25 PAGEID 13519-20 |
| Feb 20, 2020 | Don McCann adds the forged History to the Ralph Peters binder. | Doc. 276-25 PAGEID 13519-20 |
| Feb 24, 2020 9:37 GMT | **Emanuel** downloads the 2011 History at 9:37 GMT & then views the first page of both the 2011 History and the forged version. | Doc. 276-25 |
| Feb 24, 2020 1:43 PM GMT | Ralph Peters is deposed in London.  **Emanuel** defends live.  **Gurbach** and **Turk** attend via Zoom.  The 2011 version of the History is marked Exhibit 1, and shown on the Zoom platform. ICEE counsel in particular examines Ralph Peters on the last page of the 2011 version of the History, which Mark Peters did not give to RPC or Benesch. | 11:19-14:19 |
| Feb 24, 2020 | **Turk** notices that Kirby's response to Bird in the Wendsday Email is missing from the string produced by ICEE.  **House** notices the mis-spelling of Wendsday. **Turk** asks **Emanuel** to talk to Mark Peters about this since Emanuel is in London. | Turk Dep. 134:135:21 |
| Feb 24, 2020 | **Gurbach, Turk, and House** speak to the Benesch GC, Joe Gross, to obtain advice about the Wendsday Email. | Turk Dep. 163:9:164:2, 352:16-18 |

| Feb 25, 2020 | **House** to Mark Peters: "In preparing for your deposition we reviewed the attached which we received from RPC early in the case. It is an e-mail string between SPL's Lindsay Kirby and ICEE's Jerry Bird. We need to know whether the attached e-mail string can be retrieved in native format by your IT people and where the string came from. The word 'Wednesday' is misspelled as 'Wendsday' in the date of the top e-mail. An explanation is critical so please have your IT people look at this as soon as able and prior to your deposition." At this point, deposition is scheduled for early March. | Doc. 73-21 |
| --- | --- | --- |
| Feb 26, 2020 | **House** to Mark Peters: "advise where your IT people are on retrieving the e-mail string." | Doc. 73-22 |
| Feb 27, 2020 | **House** cancels Peters dep. It is rescheduled for March 16. | DX086 |
| March 3, 2020 | "With your IT person back please have that person search for the November 12, 2008 email from Lindsay Kirby to Jerry Bird in native format. And, we need to know where the e-mail came from. This is critical." | DX87 |
| March 6, 2020 | Rule 30(b)(6) notice is served on SPL. It is revised and sent out again on June 26, 2020 in expectation of the July 1 deposition of Mark Peters.<br><br>Topics include location, destruction, or loss of originals of the 2011 History; circumstances involving its execution; identity of those who signed it; and all communications about it. | Doc. 276-10 |
| March 10, 2020 | Don McCann explains to Emanuel that the copy of the Wendsday Email produced to ICEE was a PDF created at Benesch and that Benesch does not have it "in native format anywhere in Everlaw." | Doc. 274-16 |
| March 11, 2020 | Benesch cancels Mark Peters deposition and asks for moratorium on discovery. | Doc. 46; Doc. 49-8 |

| March 30, 2020 | Benesch refuses to produce Mark Peters via Zoom; insists on in-person deposition in London, which is impossible given the pandemic. | Doc. 46-1 PAGEID 721 |
|---|---|---|
| May 7, 2020 | Benesch claims that Mark Peters cannot be deposed for "health related issues," seeks a protective order precluding Peters' deposition, seeks a moratorium "to engage in settlement discussions," and claimed that a Zoom deposition because "SPL is unable to retrieve the documents and information needed to allw its counsel to prepare Mr. Peters adequately for his deposition." | Doc. 51 PAGEID 913-917. |
| May 7, 2020 | Emanuel withdraws appearance. | Doc. 50 |
| May 26, 2020 | Court rules that Zoom deposition of Mark Peters should go forward in last two weeks of June.  It is scheduled for July 1, 2020. | May 26, 2020 Minute Entry of Phone Conference |
| June 23, 2020 | House informs ICEE that Mark Peters will be the SPL designee on the Rule 30(b)(6) topics. | Doc. 89-7 |
| June 25, 2020 | **Gurbach** writes to David Cran at RPC: "An issue has arisen with regard to a document that we received at the inception of this case and I would like to discuss it with you." | Doc. 98-7,   DX 139 |
| June 25, 2020 | **House** informs Peters, copying **Gurbach** and **Turk**, that Benesch has "reached the conclusion inferred from circumstances that the e-mail is not authentic." | Doc. 73-23 |
| June 25, 2020 | **Gurbach** retains Vickie Willard (handwriting expert) to provide expert report as part of SPL's case in chief. | Doc. 255-1, at 375:8-376:2. |
| June 26, 2020 | **Gurbach** writes to ICEE's counsel: "Please be advised that Plaintiff withdraws documents SP003569-SP003570 from its prior document production.  Plaintiff will not be offering this document into evidence in this matter nor will it use it as an exhibit to any pleading, motion, or deposition." | Doc. 60-10 |

| July 1, 2020 | First deposition of Mark Peters (in his personal capacity and as Rule 30(b)(6) witness on, e.g., the History, with **House** defending & **Gurbach** attending.  Peters denies cutting and pasting a signature from another document into the 2000 Appointment.<br><br>ICEE counsel shows Peters the History and his cover email. | Doc. 74 |
|---|---|---|
| July 7, 2020 | House downloads the forged History, which, because it was not produced, lacks Bates numbers, and is tagged "nonresponsive" and "duplicate." | Doc. 276-25 |
| July 10, 2020 | ICEE serves Requests for Admission directed to the Wendsday email's authenticity and authorship. | Doc. 89-8 |
| July 10, 2020 | Gurbach sends Willard signature exemplars, but not the August 8, 2000 letter, the April 2001 letter, or the History. | |
| July 13, 2020 | Second session of Peters/Rule 30(b)(6) deposition. | |
| July 17, 2020 | Court extends discovery deadlines so that expert reports for the party with the burden of proof are now due on August 24, 2020. | Doc. 55 |
| Aug 10, 2020 | SPL responds to ICEE's RFAs, and the responses are signed by Attorney **Gurbach**.<br><br>SPL's response to RFA 19 admits Wendsday email is not genuine email from Lindsay Kirby to Jerry Bird.  With respect to three RFAs (20, 21, and 23), SPL responds &  **Gurbach** certifies that SPL has "made a reasonable inquiry" and does not have enough information to admit or deny. | Doc. 60-12 |
| Aug 13, 2020 | ICEE serves Request for Inspection directed to computers and electronic devices used by Mark Peters between June 1, 2017 and November 1, 2018. | Doc. 73-24 |

| Aug 13, 2020 | At ICEE's request (originally requested during the July 1, 2020 deposition of Mark Peters), Benesch provides a privilege log purporting to show how Benesch received the Wendsday email, and communications with Mark Peters relating to its withdrawal. | Doc. 60-7 |
|---|---|---|
| Aug 14, 2020 | Gurbach tells Willard that "we obviously did get that extension.  The new deadline is August 24." | |
| Aug. 16, 2020 10:45 PM GMT | Peters calls Thames Valley Police from a Birmingham landline to report that his car— parked a few hundred yards from his office parking lot (which has numerous CCTV cameras)—was broken into 85 minutes before the call and his laptops (plural) were stolen as well as his phone and rucksack. | Doc. 276-33, DX 209 |
| Aug. 19, 2020 | Turk informs House that although Radcliff's signature appears to be genuine, Willard cannot testify to that because it is of poor quality. | Benesch_000964-5. |
| Aug. 24, 2020 11:30 PM | Marandola sends Benesch the first Leonard report. | |
| Aug. 25, 2020 9:25 AM | House sends Peters the Leonard report, informing him that Leonard concludes Radcliff's signature was cut and paste from the 2011 History. | Doc. 274-27 |
| Aug 27, 2020 | ICEE files Motion to Compel allegedly privileged communications and documents relating to the Wendsday email on the grounds of the crime-fraud exception to attorney-client privilege.  ICEE points out the lack of metadata for the Wendsday email as it was produced in February. | Doc. 60 |
| Aug 31, Sept 10, 2020 | Court grants ICEE's Motion to Compel on crime-fraud grounds and orders Benesch to produce for *in camera* inspection communications relating to the Wendsday email. | Doc. 62, 67 |
| Sept 8, 2020 | **House** sends first round of documents to Court for *in camera* inspection. | Doc. 89-9 |

| Sept 14, 2020 | SPL response (signed by **House**) to ICEE's August 13 inspection request states that it will, "to the extent such devices exist, . . . produce the requested devices" to a third party vendor for imaging. | Doc. 73-25 |
|---|---|---|
| Sept 15, 2020 | SPL produces privilege log showing receipt of Wendsday email by RPC, and communications between RPC and Mark Peters relating to it. | Doc. 73-11 |
| Sept 15, 2020 | **Gurbach** withdraws appearance. | Doc. 95-3 PAGEID 2469 |
| Sept 16, 2020 | ICEE's counsel tells Benesch that its Sept 15 log contains more than 75 documents that "were attached to allegedly privileged emails that have not been produced and do not appear to be independently privileged," and requests their production. | Doc. 69-2 |
| Sep 18, 2020 | ICEE's counsel follows-up on its September 16, 2020 email, and asks **House** to "confirm asap" that two specific documents were among the documents Benesch supplied to the Court for *in camera* review.<br><br>They were not. | Doc. 69-2 |
| Sept 18, 2020 | Benesch supplements its production of documents *in camera* to include the withheld documents that ICEE identified. | Doc. 89-12 |
| Sept 18, 2020 | Benesch produces the nonprivileged attachments requested in ICEE's counsels' Sept 16 email.<br><br>The production includes, for the first time, the Wendsday email with its original metadata showing a creation date of January 17, 2018 by "markp" from a document titled "Microsoft Word - Document2" | Doc. 98-8 |
| Sept 21, 2020 | ICEE writes to the Court highlighting the significance of the newly produced metadata, which shows the Mark Peters fabricated the Wendsday email shortly before sending it to British counsel at RPC. | Doc. 69 |

| September 24, 2020 | Benesch tells ICEE that it "will be coordinating the document imaging efforts on SPL's end." | Doc. 89-10 |
| Sept 25, 2020 | The Court completes its *in camera* review and orders production of documents subject to crime-fraud exception. | Doc. 98-9 |
| Sept 29, 2020 | SPL sends a "supplemental" response (signed by **House**) to ICEE's inspection request stating that "SPL does not have possession or control of any devices responsive to this Request." No explanation is provided for this change of position. | Doc. 73-26 |
| Sept 29, 2020 | Mark Peters attempts to avoid being deposed by sailing down the Thames in his oyster boat. | |
| Oct 2, 2020 | ICEE serves a 30(b)(6) Notice of Deposition on SPL seeking testimony about the Wendsday email. The witnesses with knowledge are not produced until March 16, 2021, based on this Court's order. | Doc. 98-10 |
| Oct 9, 2020 | Mark Peters is produced as a 30(b)(6) witness, and denies all knowledge of the Wendsday email, and admits he is not prepared to provide any testimony with regard to the 18 topics in the notice. | Doc. 76 |
| Oct 15, 2020 | Benesch files motion for leave to amend to withdraw claims based on 2000 Appointment, writing that "SPL will not seek to enforce any rights set forth under the 2000 Agreement." | Doc. 72 |
| Nov 24, 2020 | ICEE's counsel writes to **House, Zalud, Turk**, and Monday to point out that Mark Peters was unprepared to testify about the Wendsday email and to seek a fully prepared witness. | Doc. 98-11 |

| Dec 1, 2020 | **Turk** writes to ICEE counsel that "[r]egarding the 30(b)(6) topics from Mark Peters' October 9, 2020 deposition, other than what has already been testified to, there is no one at SPL who has knowledge regarding the Kirby email or where the email was located."<br><br>The March 16, 2021 deposition of Abiodum Somorin showed that this statement was false. Notably, neither Attorney **Turk** nor any other Benesch attorney had tried to speak with SPL's IT professionals about the Wendsday email, and neither did Mark Peters. | Doc. 98-12 |
| --- | --- | --- |
| Jan 26, 2021 | ICEE writes to the Court seeking a prepared 30(b)(6) witness on the topics relating to the Wendsday email. | Doc. 98-13 |
| Feb 8, 2021 | **Zalud** writes to the Court and represents that "no one at [SPL] has the knowledge sought" by ICEE's requests, and therefore asks that the Court rule that SPL has complied with its discovery obligations.<br><br>This statement is false, and as of this date **Zalud** had not spoken to SPL's IT professionals regarding the deposition topics, and neither had Mark Peters. | Doc. 98-14 |
| Feb 8, 2021 | Court holds a conference and orders SPL to find an appropriate 30(b)(6) witness to testify on the topics in ICEE's notice. | |
| Feb 19, 2021 | **Zalud** writes to ICEE's counsel proposing testimony from Abiodum Somorin, whom he characterizes as SPL's "IT consultant," and from Mark Peters.<br><br>**Zalud** proposes deposition dates of "April 27, 28, or 29" for each witness, and proposes that ICEE's counsel travel to the United Kingdom and Northern Ireland to take the depositions.<br><br>As of this date, **Zalud** still has not spoken directly to Somorin. | Doc. 98-15 |

| | | |
|---|---|---|
| Feb 22, 2021 | Court holds conference with the parties, and **Zalud** admits that he has not yet even spoken with Somorin to determine if he has relevant information to provide. | |
| March 1, 2021 | Court holds a conference and orders depositions to go forward by Zoom, in March. SPL now says it will present Abiodum Somorin and Laura Peters. The depositions are ultimately scheduled for March 16, 2021 | |
| March 10, 2021 | ICEE serves amended Rule 30(b)(6) Notice on SPL. | Doc. 98-16 |
| March 15, 2021 | **Zalud** signs SPL's Response to 7th Amended 30(b)(6) Notice, claiming that "[t]here is no one at SPL with knowledge of who typed the Wendsday Email, although it does indicate, on its face, Lindsay Kirby as the sender and that is who SPL believes typed it. She last worked for SPL in 2009." | Doc. 98-17 |
| March 16, 2021 | ICEE takes deposition of SPL's designee, Abiodum Somorin, who works as SPL's head of IT. Somorin testifies that he searched for, but could not find, a native version of the Wendsday email in SPL's systems, and that he could not think of any other explanation than that Mark Peters typed the Wendsday email. He also testifies that only Mark Peters had access to the authentic string on top of which Peters typed the November 12, 2008 "Wendsday" email. He further testifies that Kirby's email account was apparently not migrated over to SPL's current Office 365 email system, which migration took place in 2015 or 2016. | |

Dated: February 19, 2025    Respectfully submitted,

         **DUANE MORRIS LLP**

         BY: _/s/ David J. Wolfsohn_
         David J. Wolfsohn (*admitted pro hac vice*)
         Tyler R. Marandola (*admitted pro hac vice*)
         30 South 17th Street
         Philadelphia, PA 19103
         Tel.: (215) 979-1000
         Fax: (215) 979-1020
         djwolfsohn@duanemorris.com
         tmarandola@duanemorris.com

         Kenneth M. Argentieri (Ohio Bar No. 0067493)
         Trial Attorney
         600 Grant St., Ste. 5010
         Pittsburgh, PA 15219
         Tel.: (412) 497-1000
         Fax: (412) 497-1001
         kmargentieri@duanemorris.com

         *Attorneys for Defendant/Counterclaim Plaintiff,*
         *The ICEE Company*