IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SLUSH PUPPIE LIMITED,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE ICEE COMPANY,<br><br>　　　　　　Defendant. | CASE NO. 1:19-cv-00189-MRB<br><br>Judge Michael R. Barrett |

**ICEE'S MEMORANDUM OF LAW ADDRESSING THE BURDEN OF PROOF AND THE LIABILITY OF THE BENESCH FIRM FOR SANCTIONS**

This brief responds to the Court's April 4, 2025 Order instructing the parties to file simultaneous briefs addressing, with respect to ICEE's Motion for Sanctions (Doc. 89), "the applicable burden of proof as well as whether sanctions can be imposed against the Benesch firm, the individual lawyers, or both."

ICEE's Motion for Sanctions identified three sources of the Court's sanction power that apply to this case: (i) the Court's inherent authority; (ii) 28 U.S.C. § 1927, which provides for sanctions against an "attorney or other person" who "so multiplies the proceedings in any case unreasonably and vexatiously"; and (iii) Fed. R. Civ. P. 26(g), which authorizes sanctions for violating the duty to ensure that a discovery disclosure is "complete and correct as of the time it is made" against "the signer, the party on whose behalf the signer was acting, or both." Where necessary, ICEE's discussion below distinguishes between these grounds.

**I.　BURDENS OF PROOF FOR SANCTIONS**

The applicable burden of proof on the sanctions issue depends on which rationale the Court is analyzing. As the parties generally agree, the Sixth Circuit has not definitively ruled on the burden of proof in any of these contexts, but that is with good reason. By far the most common approach in sanctions cases is for the court to determine that the burden of proof—in

particular the difference between the preponderance standard and the clear and convincing standard—is not material to the court's decision. *See Brown v. Lewis Cnty Primary Care Ctr., Inc.*, 2023 WL 5751426, at *2 (E.D. Ky. Sept. 6, 2023) (not deciding standard of proof but deciding sanctions were warranted under even clear and convincing standard); *Vickers v. Mt. Morris Twsp. Police Dept.*, 2022 WL 4820423, at *2 (E.D. Mich. Aug. 17, 2022) (sanctions warranted "regardless of the proper standard" of proof); *Cain v. City of Detroit*, 2022 WL 3337141, at *3 (E.D. Mich. June 21, 2022) (sanctions warranted "regardless of the proper standard" of proof); *In re Jones*, 632 B.R. 138, 150 n.6 (Bankr. S.D. Ohio 2021) ("The Court need not resolve this dispute [as to burden of proof], however, as it finds that the Debtors' conduct warrants sanctions even applying the higher clear-and-convincing standard."); *Cone v. Tessler*, 2019 WL 1140223, at *4 (E.D. Mich. Feb. 15, 2019) (court would deny sanctions "regardless of the evidentiary standard"); *In re Mills*, 2018 WL 10323376, at *18 (W.D. Tenn. July 24, 2018) ("Because clear and convincing evidence exists in this case, this Court need not determine whether the lesser standard of a 'preponderance of the evidence' would suffice."); *Garvais v. Reliant Inventory Solutions Inc.*, 2010 WL 4722260, at *4 (S.D. Ohio Nov. 15, 2010) (court "finds the distinction [between burdens of proof] irrelevant" because it would decline to impose sanctions under either standard).

That the burden of proof distinction rarely matters is not surprising. "Evidentiary presumptions set the burdens of proof and production, but they do not affect the determination of issues of law." *Anhydrides * Chemicals, Inc. v. United States*, 130 F.3d 1481, 1486 (Fed. Cir. 1997); *see also Winston v. Dept. of Labor*, 111 F.3d 143 (Fed. Cir. 1997) ("Res judicata is an issue of law that is not affected by the allocation of burdens of proof."). Because issues of law are not subject to burdens of proof, the burden of proof necessarily has little if any application in

a situation—sanctions or otherwise—in which the court is merely applying the law to undisputed facts. As ICEE's concurrently filed Proposed Findings of Fact and Conclusions of Law show, while the parties vigorously dispute the legal implications of the attorney conduct at issue, there are very few *facts* in dispute as to what the Benesch Respondents knew and when they knew it. Accordingly, the Court can rule in ICEE's favor without ruling definitively on the burden of proof issue.

Nonetheless, as ICEE explains below, the appropriate burdens here are as follows. For Rule 26 sanctions, the Benesch Respondents bear the burden of showing that they discharged their obligation to make a reasonable inquiry prior to certifying the completeness of SPL's discovery responses. As to sanctions under 28 U.S.C. § 1927 and the Court's inherent authority, the burden is borne by ICEE to show that sanctions are appropriate by a preponderance of the evidence.

**Federal Rule of Civil Procedure 26(g).** Under Federal Rule of Civil Procedure 26(g), the burden is not on the movant at all, but rather it is the "party whose conduct is being scrutinized" that bears the burden to "establish the reasonableness of its conduct." *N.T. ex rel. Nelson v. Children's Hosp. Med. Ctr.*, 2017 WL 5953118, at *5 (S.D. Ohio Sept. 27, 2017)[1] (Barrett, J.); *see also DR Distributors, LLC v. 21 Century Smoking, Inc.*, 2024 WL 2846035, at *24 (N.D. Ill. June 5, 2024). That burden fits the nature of the rule, which requires the signing attorney to certify that a response is complete and correct "to the best of the person's knowledge, information, and belief *formed after a reasonable inquiry.*" Fed. R. Civ. P. 26(g)(1)(A). Requiring the signer to justify the challenged conduct thus comports with the affirmative duty required by Rule 26(g) to make a reasonable inquiry before signing discovery responses.

---

[1] Respondents agree that this Court's *N.T.* decision accurately states the law. Doc. 95, at 3-4.

**Section 1927.** The Sixth Circuit has not expressly decided whether sanctions under 28 U.S.C. § 1927 are governed by the preponderance standard or the clear and convincing standard, but this Court should hold that the preponderance standard applies.

First, Section 1927 itself does not dictate a standard of proof, and therefore the normal rule in civil litigation—the preponderance of the evidence standard—should apply. The United States Supreme Court has made clear that the preponderance of the evidence standard is the norm in civil litigation. *See, e.g.*, *E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 50 (2025) ("[T]he preponderance-of-the-evidence standard has remained the default standard of proof in American civil litigation."). Thus, the Court has reversed circuit precedent holding that issues like attorney fee shifting should be governed by a higher clear and convincing evidence standard where the applicable statute does not explicitly dictate that higher standard. For example, in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 557-58 (2014), the Supreme Court overturned the Federal Circuit's long-standing rule that entitlement to fee shifting under the Patent Act should be governed by the clear and convincing evidence standard. Instead, the Court held that the preponderance standard—the "standard generally applicable in civil actions"—applies to fee-shifting determinations. *Id.* Courts, including the Sixth Circuit, have similarly applied *Octane Fitness'* preponderance standard to fee shifting motions under the Lanham Act, which uses identical statutory language. *Verisign, Inc. v. XYZ.COM LLC*, 891 F.3d 481, 484 (4th Cir. 2018); *La Bamba Licensing, LLC v. La Bamba Authentic Mexican Cuisine, Inc.*, 75 F.4th 607, 613-14 (6th Cir. 2018); *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016); *Baker v. DeShong*, 821 F.3d 620, 623-24 (5th Cir. 2016).

Courts' refusal to impose a clear and convincing standard for "exceptional case" fee shifting motions strongly favors similarly applying the preponderance standard to 28 U.S.C. §

1927, which is also a fee-shifting statute. Indeed, the Sixth Circuit has suggested—if not outright held—in the related (though more stringent) context of inherent authority sanctions that cases that "involve[] a court's inherent power to sanction for misconduct in litigation" do not trigger the higher clear and convincing standard. *Williamson v. Recovery Ltd. P'ship*, 826 F.3d 297, 302 (6th Cir. 2016); *see also Plastech Holding Corp. v. WM Greentech Automotive Corp.*, 257 F. Supp. 3d 867, 873 (E.D. Mich. 2017) (*Williamson* means Sixth Circuit "would likely not require the higher burden of clear and convincing proof"). The default standard of proof in civil cases and the nature of Section 1927 sanctions thus strongly support applying the preponderance standard here.

Second, the preponderance standard is consistent with the Sixth Circuit's rule that the compensatory sanctions under Section 1927 do not require a finding of subjective bad faith, but instead require "something more than negligence or incompetence." *Rentz v. Dynasty Apparel Industries, Inc.*, 556 F.3d 389, 396 (6th Cir. 2009). This standard does not require "allegations of fraud or other quasi-criminal wrongdoing" by the sanctioned party of the type that would trigger a heightened standard of proof. *See Addington v. Texas*, 441 U.S. 418, 424 (1979). As the Supreme Court has held in other contexts, it is only where particularly important individual rights are at stake in a civil context, like deportation, involuntary commitment, or termination of parental rights, that the clear and convincing standard is appropriate. *Herman & MacLean v. Huddleston*, 459 U.S. 375, 389-90 (1983). In contrast, "imposition of even severe civil sanctions that do not implicate such interests has been permitted after proof by a preponderance of the evidence." *Id.* The Seventh Circuit has followed this guidance in holding that even case-terminating sanctions—severe though they may be—require proof only by a preponderance.

*Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 777 (7th Cir. 2016).[2] And other courts have likewise held in the inherent power context that monetary sanctions do not implicate the sorts of individual rights—such as in cases of attorney suspension or disbarment—that would trigger the clear and convincing standard. *See In re Cochener*, 360 B.R. 542, 573 (S.D. Tex. 2007) ("The holding in *Crowe* suggests that, in the Fifth Circuit, when a court imposes sanctions on attorneys using its inherent powers, the standard is a preponderance of the evidence unless the sanction is disbarment or suspension, in which event the standard is clear and convincing proof."). This Court should likewise apply the preponderance standard.

In contrast, the cases cited by Respondents as supporting the clear and convincing evidence come from circuits that treat sanctions under 28 U.S.C. § 1927 differently from the Sixth Circuit. The Fifth Circuit case cited by Respondents, *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871-72 (5th Cir. 2014), made clear that the Fifth Circuit requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court" in order to impose Section 1927 sanctions. The same is true of other circuits that use the clear and convincing evidence standard. *See, e.g.*, *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) (under circuit law, Section 1927 "authorizes penalties only when there is a clear showing of bad faith on the part of an attorney"); *see also In re Avandia Marketing, Sales Practices & Prods. Liability Litigation*, 469 F. Supp. 3d 357, 360 (E.D. Pa. 2020) (finding of bad faith required for Section 1927 sanctions). While these out-of-circuit cases are incorrect about the proper burden in light of the Supreme Court's more recent precedent discussed above favoring the preponderance standard, the Court does not need to make that call for the purposes

---

[2] The *Ramirez* decision was not *en banc*, but did overrule a contrary precedent. Thus, the court circulated the opinion to all active judges before publishing, none of whom requested to hear the case *en banc*. *Ramirez*, 845 F.3d at 781.

of Section 1927; rather, the cases relied upon by Respondents are inapplicable because they apply a different (and more difficult for the movant) standard to Section 1927 sanctions than does the Sixth Circuit. Respondents' authorities therefore do not militate in favor of this court applying the clear and convincing standard for sanctions under 28 U.S.C. § 1927.

**Inherent Authority.** The issue of the burden of proof for sanctions under the Court's inherent authority is slightly less clear than in the Section 1927 context, because inherent authority sanctions do require conduct that is in "bad faith" or that is "tantamount to bad faith." *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 751 (6th Cir. 2010). As noted above, some out-of-circuit courts have used the bad faith requirement as a justification for imposing a higher standard of proof. However, while the Sixth Circuit has not definitively resolved the burden of proof for inherent authority sanctions, as noted above, *Williamson* points strongly to the preponderance standard being the appropriate one. The preponderance rule also aligns with the default standard of proof in civil cases that the Supreme Court has repeatedly applied in the fee-shifting context. *See also Cochener*, 360 B.R. at 573 (fee shifting sanctions against attorneys subject to preponderance standard, and clear and convincing standard only applies to more serious individual sanctions such as suspension and disbarment). And, notably, most out-of-circuit courts applying the clear and convincing standard do not analyze the issue in light of the Supreme Court's instruction that the preponderance standard is the default civil standard of proof. In contrast, the Seventh Circuit, which has done so, has held that inherent authority sanctions are governed by the preponderance of the evidence standard. *See Ramirez,* 845 F.3d at 777.

Thus, the best reading of the applicable Sixth Circuit law and the out-of-circuit authorities is that the preponderance of the evidence standard applies to inherent authority

sanctions in the situation the Court confronts here: a request to shift attorney's fees onto the offending attorneys and their law firm.

As ICEE explained in its recent response to the Benesch Respondents' slide deck from oral argument, the burden of proof can be met by circumstantial evidence or by reasonable inferences, and the "general rule in federal courts is that drawing an inference from another inference is not prohibited" where appropriate and reasonable. *Muller v. U.S. Postal Service*, 811 F. Supp. 325, 327 (N.D. Ohio 1992); *see also* Doc. 296, at 1-2.

## II. SANCTIONS CAN BE IMPOSED AGAINST BOTH INDIVIDUAL LAWYERS AND THE BENESCH FIRM UNDER THE COURT'S INHERENT AUTHORITY, BUT NOT UNDER 28 U.S.C. § 1927 OR FED. R. CIV. P. 26(g).

As to the law firm itself—Benesch, Friedlander, Coplan, and Aronoff LLP—the law is clear in the Sixth Circuit that only the Court's inherent authority permits sanctions against the firm. In contrast, 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 26(g) permit sanctions only against the individual attorneys involved in the sanctionable conduct.

**Federal Rule of Civil Procedure 26(g).** Rule 26(g) addresses, among other things, sanctions for violation of the certification by a signer of a discovery response that it is "complete and correct as of the time it is made." While the Sixth Circuit has not ruled explicitly on whether sanctions may be imposed against a law firm under Rule 26(g), the language of the rule and Sixth Circuit case law in analogous circumstances suggests they cannot. Specifically, Rule 26(g) itself only authorizes sanctions against "the signer, the party on whose behalf the signer was acting, or both." This language suggests that the rule would not apply to a law firm, particularly in light of the rule's requirement that a discovery response be "signed by at least one attorney of record in the attorney's own name." Fed. R. Civ. P. 26(g)(1). The Supreme Court read similar language in an earlier version of Rule 11 to permit sanctions only against an individual attorney,

and not against the attorney's law firm.[3] *See Pavelic & LeFlore v. Marvel Entertainment Grp.*, 493 U.S. 120, 126-27 (1989) (interpreting Rule 11 provision permitting sanctions against "the person who signed [the paper], a represented party, or both").

Reading rule 26(g) to not allow sanctions against a law firm also comports with the Sixth Circuit's treatment of similar discovery rules, like Rule 37. Under Rule 37(d), a court may sanction "the party failing to act, the attorney advising the party, or both." The Sixth Circuit has explicitly read this language to not include law firms. *See NPF Franchising, LLP v. SY Dawgs, LLC*, 37 F.4th 369, 383 (6th Cir. 2022) ("Rule 37 makes no mention of a party's law firm but explicitly lists a party and a party's attorney. The canon of expressio unius est exclusio alterius—the express mention of one thing excludes others—thus supports the view that Rule 37 does not provide for sanctions against a law firm."). Accordingly, Federal Rule of Civil Procedure 26(g) does not permit sanctions against the Benesch firm, but does permit sanctions against the individual Benesch attorneys who signed the offending discovery responses when they knew or failed to make reasonable inquiry as to whether it was "complete and correct as of the time it [was] made." Fed. R. Civ. P. 26(g).

**Section 1927.** 28 U.S.C. §1927, permits sanctions against an "attorney or other person admitted to conduct cases in any court." The Sixth Circuit has held that this language "does not authorize the imposition of sanctions on law firms." *BDT Prods.,* , 602 F.3d at 751.

**Inherent Authority.** The Court's inherent authority is broader, and does permit the Court to sanction a law firm. *See NPF Franchising*, 37 F.4th at 383 ("While we cannot sustain

---

[3] The language of Rule 11 was changed after *Pavelic & LeFlore* to explicitly allow sanctions against an attorney's law firm, and to make the law firm jointly and severally liable with the attorney by default, "absent exceptional circumstances." Fed. R. Civ. P. 11(c)(1). But the corresponding language in Rule 26(g) was left unchanged.

sanctions against the Buchalter Law Firm under Rule 37, the district court could impose sanctions against the firm pursuant to its inherent authority."). The Court can impose such law firm sanctioned either under the "bad faith" rule or the "interests of justice" rule. *See BDT Prods.*, 602 F.3d at 752 (bad faith exception); *Grinnell Bros., Inc. v. Touche Ross & Co.*, 655 F.2d 725, 726 (6th Cir. 1981) (no bad faith, but sanctions appropriate where the "interests of justice so require"). Importantly, the "bad faith" requirement does not actually require subjective bad faith, and can be met by conduct "tantamount to bad faith." *BDT Prods*, 602 F.3d at 752. The Sixth Circuit has a three-pronged test; sanctions against a law firm are appropriate where: (1) the claims advanced were meritless; (2) counsel knew or should have known this, and (3) the motive in filing or maintaining the suit was for an improper purpose such as harassment. *Id.*

Dated: June 2, 2025

Respectfully submitted,

**DUANE MORRIS LLP**

BY:  /s/ David J. Wolfsohn
David J. Wolfsohn (*admitted pro hac vice*)
Tyler R. Marandola (*admitted pro hac vice*)
30 South 17th Street
Philadelphia, PA 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
djwolfsohn@duanemorris.com
tmarandola@duanemorris.com

Kenneth M. Argentieri (Ohio Bar No. 0067493)
Trial Attorney
600 Grant Street, Ste. 5010
Pittsburgh, PA 15219
Tel.: (412) 497-1000
Fax: (412) 497-1001
kmargentieri@duanemorris.com

*Attorneys for Defendant/Counterclaim Plaintiff The ICEE Company*

## CERTIFICATE OF SERVICE

I, Tyler R. Marandola, certify that I served a true and correct copy of the foregoing to all counsel of record by ECF filing.


Dated: June 2, 2025                                    By:<u>/s/ *Tyler R. Marandola*</u>