**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| SLUSH PUPPIE LIMITED, | ) | Case No. 1:19-cv-00189-MRB |
| | ) | |
| Plaintiff, | ) | Judge Michael R. Barrett |
| | ) | |
| vs. | ) | Magistrate Judge Bowman |
| | ) | |
| THE ICEE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**BENESCH RESPONDENTS' LEGAL BRIEF ON EVIDENTIARY STANDARD OF PROOF AND JOINT AND SEVERAL LIABILITY**

The Court requested certain legal issues be briefed. The answers to the Court's questions are as follows:

- **The burden of proof is clear and convincing evidence:** The greater weight of authority is that the burden of proof is a clear and convincing standard. As this Court noted in the February 10, 2025 conference, it is "more than a preponderance" given how serious sanctions are against lawyers.

- **No joint and several sanctions under Section 1927:** The Court may not impose sanctions against a law firm for the overall conduct of its lawyers. Rather, sanctions under Section 1927 can only be against individual lawyers—*with no joint and several liability* among the lawyers or a law firm. The Court can't combine the alleged errors of any individual attorney to sanction a group of lawyers as a whole.

- **No joint and several sanctions under Fed. R. Civ. P. 26(g)(3):** The same is true for discovery sanctions. There is no joint and several liability among a group of attorneys and/or against a firm. A lawyer can only be liable *for their own* discovery actions and the law is clear mere mistakes are not sanctionable.

- **Sanctions under the Court's inherent authority may be imposed against law firms:** Under the inherent authority of this Court, conduct that is "in bad faith, vexatiously, wantonly, or for oppressive reasons" may be the basis for sanctions against a law firm or individual lawyers. But again, there is no joint and several liability among lawyers. There is no support to combine simple mistakes among a group of lawyers to meet this standard.

I. **ICEE Must Prove Its Case for Sanctions by Clear and Convincing Evidence.**

This Court's thoughts as to the burden of proof were correct; more than a preponderance of the evidence—clear and convincing evidence—is required:

> **THE COURT:** Pat, I don't mean to cut you off, but I think a long time ago when we first started down this road I alerted David that I was—you know, it's going to—**I'm going to need some convincing**.
>
> **It's going to have to be *more than a preponderance*, David, you know?** Okay.

(Tr. of Feb. 10, 2025 Status Conference 9:13–18, Doc. 288, PageID# 14062) (emphasis added).

And although the Sixth Circuit has not expressly ruled on the evidentiary burden of proof for sanctions, this Court's thoughts that the higher clear and convincing standard applies make sense. *First*, a court within the Southern District of Ohio has already applied the clear and convincing standard in the sanctions context. *Second*, the overwhelming majority of federal circuits utilize a clear and convincing standard for sanctions. *Third*, the cases previously relied on by ICEE to suggest that the burden of proof should be a preponderance of the evidence are inapposite. *And fourth*, the clear and convincing standard makes sense given the gravity of the accusations and penalty imposed for sanctions—ICEE should not be able to rely on speculative and unsubstantiated stacked inferences to prove its case.

### A. The Southern District of Ohio Has Applied the Clear and Convincing Standard to Sanctions.

At least one court within the Southern District of Ohio has applied the clear and convincing standard to determine whether sanctions are warranted. And this Court should follow suit.

Judge Graham was presented with a motion for sanctions against a plaintiff pursuant to the court's inherent authority and Federal Rule of Civil Procedure 37 based on discovery misconduct. *In re Nat'l Century Fin. Enters.*, No. 2:03-md-1565, 2009 U.S. Dist. LEXIS 5772, *12–13 (S.D. Ohio Jan. 8, 2009) (Abel, M.J.) ("*In re Nat'l Century Fin. Enters. I*"). The Magistrate Judge first noted that to "determine whether a fraud on the Court has been committed requires a fact-intensive inquiry *where clear and convincing evidence supports the finding*." *Id.* at *19 (emphasis added). Ultimately, the Magistrate Judge determined that the moving defendant failed to meet this standard for sanctions under the court's inherent authority but issued sanctions under Rule 37. *Id.* at *30, 35.

The plaintiff moved to reconsider the decision. *In re Nat'l Century Fin. Enters.*, No. 2:03-md-1565, 2009 U.S. Dist. LEXIS 92237, *12 (S.D. Ohio Sept. 1, 2009) (Graham, J.) ("*In re Nat'l Century Fin. Enters. II*"). And Judge Graham determined that sanctions pursuant to the court's inherent authority were also appropriate. *Id.* at *27 ("Although the Magistrate Judge concluded that Credit Suisse did not present clear and convincing evidence that a fraud on the Court had been committed, the Court concludes that sanctions are warranted under the Court's inherent powers."). Importantly, this decision was *not* because Judge Graham found that the Magistrate Judge utilized the wrong standard. *Id.* at *28. Indeed, the court determined that there was *clear and convincing evidence* of bad faith. *Id.*

And another court within this district has also implicitly applied the clear and convincing standard to sanctions. In *Holmes v. United States Bank*, the defendants moved to dismiss the

3

complaint due to the plaintiff's misconduct in the case. No. 1:07-CV-695, 2009 U.S. Dist. LEXIS 49766, at *1 (S.D. Ohio May 28, 2009) (Beckwith, J.). When issuing its findings of fact, the court noted that the parties disagreed about the appropriate evidentiary burden. *Id.* at *13 n.4.

> The parties disagree whether findings of misconduct must be established by a preponderance of the evidence (Defendants) or by clear and convincing evidence (Plaintiff). Clear and convincing evidence "produces in [the] mind a firm belief or conviction as to the matter at issue." . . . Assuming without deciding that the clear and convincing evidence standard applies here, *the Court is left with a firm belief or conviction as to the matters at issue*.

*Id.* (quoting 3 O'Malley, *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS § 104.02 (5th ed. 2000)) (emphasis added). To be sure, the court noted that it was not deciding what burden of proof to apply. *Id.* Nevertheless, when determining that dismissal was an appropriate sanction, it applied that standard. *See id.*; *see also Ndoye v. Major Performance LLC*, No. 1:15-cv-380, 2017 U.S. Dist. LEXIS 28923, at *19 n.1 (S.D. Ohio Mar. 1, 2017).

This Court should also apply the clear and convincing standard in this case. Although not binding on this Court, *In re Nat'l Century Fin. Enters. I, In re Nat'l Century Fin. Enters. II*, and *Holmes* are persuasive authority on this Court to set the evidentiary standard.

### B. The Majority of Federal Courts Apply the Clear and Convincing Standard to Sanctions.

The overwhelming majority of courts in this country, within all but one circuit, have routinely held that sanctions must be supported by clear and convincing evidence:

4

| Courts Adopting the Clear and Convincing Standard | Courts Applying Without Adopting the Clear and Convincing Standard | Courts Adopting the Preponderance of the Evidence Standard |
|---|---|---|
| - *Becker v. Ute Indian Tribe*, No. 22-4022, 2023 U.S. App. LEXIS 20430, at *17 (10th Cir. Aug. 8, 2023) (inherent authority sanctions)<br>- *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 279, 281–82, 286 n.22 (2d Cir. 2021) (§ 1927 sanctions)<br>- *Hammervold v. Blank*, 3 F.4th 803, 812 (5th Cir. 2021) (§ 1927 and inherent authority sanctions)<br>- *O'Neal v. Am. Shaman Franch. Sys., LLC*, 2024 U.S. Dist. LEXIS 222226, at *11 (M.D. Fla. Dec. 9, 2024) (inherent authority)<br>- *Williams v. Ests. LLC*, 663 F. Supp. 3d 466, 487 (M.D.N.C. 2023) (§ 1927 sanctions)<br>- *Ascentium Cap. LLC v. Littell*, No. 2:20-cv-4215-NKL, 2021 U.S. Dist. LEXIS 244325, at *5 (W.D. Mo. Dec. 22, 2021) (inherent authority sanctions)<br>- *In re Avandia Mktg.*, 469 F. Supp. 3d 357, 360 (E.D.Pa. 2020) (§ 1927 and inherent authority sanctions)<br>- *Hewlett Packard Co. v. Papst Lics. GmbH & Co. KG*, 791 F. Supp. 2d 175, 184 (D.D.C. 2011) (§ 1927 and inherent authority sanctions)<br>- *Phinney v. Paulshock*, 181 F.R.D. 185, 197 (D.N.H. 1998) (inherent authority sanctions) | - *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (declining to rule explicitly but noting Ninth Circuit has routinely upheld clear and convincing evidence in support of sanctions)<br>- *Holmes v. United States Bank*, No. 1:07-CV-695, 2009 U.S. Dist. LEXIS 49766, at *13 n.4 (S.D. Ohio May 28, 2009) | - *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 781 (7th Cir. 2016) (inherent authority sanctions) |

5

This Court should follow the lead of the majority of federal courts on this issue and adopt the clear and convincing standard.

### C. The Cases Previously Cited by ICEE to Support the Preponderance Standard Are Inapplicable.

ICEE previously relied on one Sixth Circuit case, and two other district court decisions, to support the preponderance standard. (Doc. 98, PageID # 2507). But the Sixth Circuit decision does not actually say what ICEE claims it does. Further, the two district court decisions are not persuasive, especially when compared to the volume of other appellate and district courts that apply the clear and convincing standard.

ICEE relied on *Williamson v. Recovery Limited Partnership*, to say that the Sixth Circuit has rejected the clear and convincing standard. 826 F.3d 297, 302 (6th Cir. 2016); (Doc. 98, PageID # 2507). Not true. The Sixth Circuit did not determine that the clear and convincing standard was inapplicable to the issues at hand but, instead, found that the district court erroneously used the fraud-on-the-court test. *Williamson*, 826 F.3d at 302 ("The problem with applying this test is that the fraud-on-the-court doctrine deals with courts' inherent power to vacate their judgments, whereas this case involves a court's inherent power to sanction for misconduct in litigation."). And there is nothing in the remainder of the court's opinion, applying the facts to the correct legal test, to suggest that the court was explicitly disavowing the clear and convincing standard. *See id.* at 302–05.

And ICEE's reliance on *Plastech Holding Corporation v. WM GreenTech Automotive Corporation* is similarly unavailing. 257 F. Supp. 3d 867, 873 (E.D. Mich. 2017); (Doc. 98, PageID # 2507). There, the district court determined that the Sixth Circuit "would likely not require the higher burden of clear and convincing proof." *Plastech Holding Corp.*, 257 F. Supp. 3d at 873. But this is based on the same misreading that ICEE makes. The Sixth Circuit did not hold that the

6

clear and convincing standard was incorrect in *Williamson*. Rather, it held that the fraud-on-the-court test—which applies to vacating judgments—was inapplicable. *Williamson*, 826 F.3d at 302. Notably, the district court pointed out that there is disagreement amongst other circuits as to the correct standard and even cited to a Southern District of Ohio case where the court applied the clear and convincing standard. *Plastech Holding Corp.*, 257 F. Supp. 3d at 873 (citing *In re Nat'l Century Fin. Enters. I*, No. 2:03-md-1565, 2009 U.S. Dist. LEXIS 5772, *12–13 (S.D. Ohio Jan. 8, 2009). Tellingly, the district court *did not decide which standard to apply*. Instead, it noted that sanctions were warranted under either standard. *Id.* at 873 n.7 ("Regardless of which rule applies, the Court concludes that PHC's bad-faith conduct has been established.").

Finally, ICEE cites *Maddox v. E.F. Hutton Mortgage Corporation* in support of the preponderance standard. 723 F. Supp. 1246, 1250 (M.D. Tenn 1989); (Doc. 98, PageID # 2507). To be sure, the district court in *Maddox* applied the preponderance standard to sanctions under the court's inherent authority. *Maddox*, 723 F. Supp. at 1250. But, since the decision was published in 1989, it has only been cited a few times—and never in support of the preponderance standard. *See, e.g.*, *Langnes v. Godfrey*, No. 1:07-CV-266, 2009 U.S. Dist. LEXIS 33857, at *5 (E.D. Tenn. Apr. 21, 2009).

Accordingly, this Court should disregard these cases and determine that the clear and convincing standard applies here. The Sixth Circuit in *Williamson* did not overrule the clear and convincing standard. Rather, it held only that the fraud-on-the-court test does not apply in the sanctions context. *Williamson v. Recovery Ltd. P'ship*, 826 F.3d 297, 302 (6th Cir. 2016). And neither *Plastech Holding Corporation* nor *Maddox* are persuasive enough to outweigh the authority in support of the clear and convincing standard in the Southern District of Ohio and across the majority of federal courts.

7

### D. Requiring Clear and Convincing Evidence for Sanctions Makes Sense Given the Gravity of Accusations Made Against Counsel.

Sanctions are a serious consequence that courts do not issue lightly. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts must exercise their inherent authority with "restraint and discretion"); *Twee Jonge Gezellen (PYT) Ltd. v. Owens-Illinois*, No. 3:04 CV 7349, 2007 U.S. Dist. LEXIS 96792, at *15 (N.D. Ohio Dec. 18, 2007) ("Sanctions under § 1927 should be reserved for extreme cases and be awarded with great caution."). As such, utilizing the clear and convincing standard and not preponderance of the evidence makes sense when issuing sanctions. If the Court is going to find that members of the bar engaged in frivolous, vexatious, or bad-faith conduct, it must be sure about it.

And the reasons why ICEE would push for the preponderance standard are apparent: its case is based entirely on spurious inferences upon inferences. (*E.g.* Doc. 89, PageID # 2316, 2322, 2325; Tr. of Feb. 20, 2025 Oral Arg. 203:3–25, Doc. 294, PageID # 144431). In order for the Court to consider any of ICEE's inferences, it must accept only the single most reasonable one. *Lawson Mfg. Co. of S.D. v. Aluminart Prods.,* 559 F.3d. 1317, 1340 (Fed. Cir. 2009). If there are two reasonable inferences, the clear and convincing standard is not satisfied. *See Recticel Automobilsysteme GmbH v. Automotive Components Holdings, LLC*, No. 2:10-cv-14097-SFC, 2011 U.S. Dist. LEXIS 127261, at *6 (E.D. Mich. Nov. 3, 2011) (citing *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290–91 (Fed. Cir. 2011)). This alone would be fatal to ICEE's claims. And, of course, inferences cannot be stacked under the clear and convincing standard. *See EEOC v. T. Marzetti Co.*, 411 F. Supp. 1036, 1037 (S.D. Ohio 1976); *Muller v. United States Postal Service*, 811 F. Supp. 325, 327 (N.D. Ohio 1992). Further, credibility determinations should be made based on *live* testimony, not a cold record. *See Julie A. Su v. Kde Equine, LLC*, No. 24-5309, 2024 U.S. App. LEXIS 32652, at *4 (6th Cir. Dec. 23, 2024) ("It is difficult to assess a

8

party's subjective mental state from a cold record, without the benefit of in-court testimony that enables the factfinder to make judgments about a witness's demeanor and credibility.").

Moreover, this Court has acknowledged that the standard should be something more than a preponderance. (Tr. of Feb. 10, 2025 Status Conf. 9:13–18, Doc. 288, PageID # 14062) ("THE COURT: . . . I think a long time ago when we first started down this road I alerted David that I was—you know, it's going to—I'm going to need some convincing. It's going to have to be more than a preponderance, David, you know?"). And ICEE's "turtles all the way down" inferences do not satisfy this standard.[1] Indeed, this Court should feel definitively certain when it makes its decision on sanctions against Benesch. The clear and convincing standard provides the Court with that certainty. *Holmes v. United States Bank*, No. 1:07-CV-695, 2009 U.S. Dist. LEXIS 49766, at *13 n.4 (S.D. Ohio May 28, 2009) (quoting 3 O'Malley, *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS § 104.02 (5th ed. 2000)) ("Clear and convincing evidence 'produces in [the] mind a firm belief or conviction as to the matter at issue.'").

## II. Joint and Several Liability for Sanctions Depends on the Legal Authority Under Which Sanctions Are Sought.

### A. Sanctions Awarded Under 28 U.S.C. § 1927 May Only Be Imposed on Individual Attorneys, not Law Firms.

There can be no "overall I think the law firm's lawyers deserve to be sanctioned." Rather, there can only be sanctions against individual lawyers—and no joint and several liability among those lawyers. To be sure, the Sixth Circuit has been clear: sanctions under 28 U.S.C. § 1927 are only applicable against individual attorneys, not law firms. *NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 383 (6th Cir. 2022) (quoting *BDT Prods. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 757 (6th Cir. 2010)). And this is supported by the plain text of the statute:

---

[1] *See Rapanos v. United States*, 547 U.S. 715, 754 n.14 (2006).

9

> Any ***attorney or other person admitted to conduct cases*** in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (emphasis added). "Even if firms can admittedly be personified in a literary sense through briefs, there is no reason to consider a law firm a 'person' under the statute. More importantly, law firms are not 'admitted' to 'conduct cases' in court." *BDT Prods.*, 602 F.3d at 751.

Therefore, this Court may only issue sanctions against the Benesch Respondents, *individually*, if the individual lawyer "unreasonably and vexatiously" multiplied the proceedings. 28 U.S.C. § 1927; *NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 383 (6th Cir. 2022). Sanctions against the Benesch Firm as a whole, under a joint and several theory, are unavailable. *NPF Franchising LLC*, 37 F.4th at 383.

### B. Sanctions Awarded Under Fed. R. Civ. P. 26(g)(3) May Only Be Imposed on Individual Attorneys, not Law Firms.

Whether sanctions can be issued against a law firm or only individual attorneys is a matter of first impression for this Court. *KCI USA, Inc. v. Healthcare Essentials, Inc.*, 797 F. App'x 1002, 1008 (6th Cir. 2020) ("If necessary on remand, the district court should consider in the first instance whether Federal Rules of Civil Procedure 26(g)(3) and 37(b)(2)(C) even allow for sanctions against a firm, as opposed to individual attorneys. Our circuit has not weighed in on the issue."). But a plain reading of the Rule only allows for sanctions against the signing attorney and the party. And this interpretation is in line with the Sixth Circuit's interpretation of other authorities for sanctions.

Federal Rule of Civil Procedure 26(g)(3) states that:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on ***the signer***, the party

10

> on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g)(3) (emphasis added). The plain text of the Rule makes clear that only the signing attorney—not the other attorneys or the law firm in general—may be sanctioned. *Id.* So, to the extent that ICEE can prove that sanctions are proper under Rule 26(g), sanctions can only be issued against the specific attorney who certified the responses, SPL, or both. And the Sixth Circuit is clear, in the context of sanctions, that the express mention of the party and the signer excludes others who could be sanctioned. *Cf. NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 383 (6th Cir. 2022) ("The canon of expressio unius est exclusio alterius—the express mention of one thing excludes others—thus supports the view that Rule 37 does not provide for sanctions against a law firm.").

Notably, other authorities for sanctions under the Federal Rules specifically identify the actors that the Court could issue sanctions against. Take Rule 11, for example. Rule 11 explicitly states that, if there is a violation of the rule, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1); *NPF Franchising LLC*, 37 F.4th at 383. Similarly, Rule 37 provides sanctions against the party or their attorney, depending on the specific violation of the Rule. Fed. R. Civ. P. 37; *NPF Franchising LLC*, 37 F.4th at 383.

So, under Rule 26(g)(3), the Court may only issue sanctions against the Benesch lawyers who made the certification or signed the discovery responses. *See* Fed. R. Civ. P. 26(g)(3). And there is no basis for joint and several liability under the law.

    **C.**    **Sanctions Awarded Under the Court's Inherent Authority May Be Imposed on Both Individual Attorneys and Law Firms.**

The Sixth Circuit has held that courts may issue sanctions against law firms under their inherent authority. *NPF Franchising LLC*, 37 F.4th at 383. However, to "sanction in this manner, the district court must find that the party litigated 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997)). And the "mere fact that an action is without merit does not amount to bad faith." *BDT Prods. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 753 (6th Cir. 2010) (quoting *Miracle Mile Assocs. v. City of Rochester*, 617 F.2d 18, 21 (2d Cir. 1980)). So, in order for the Court to find bad faith, it "must find *something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." *Id.*

While the Court can sanction a law firm under its inherent authority, the Court should be cognizant not to impute the bad faith conduct of a single party onto the firm, or others, without evidence that ***the individual attorneys or firm*** were also acting with the same improper purpose. *See id.* at 756. Again, there is simply no joint and several liability. *Id.*

    Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570) (Trial Attorney)
Steven A. Chang (0088321)
Mrinali Sethi (0101295)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215

Ian D. Mitchell (0090643)
**REMINGER CO., L.P.A.**
525 Vine Street, Suite 1500
Cincinnati, Ohio 45202

*Counsel for the Benesch Respondents*

12

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and accurate copy of the foregoing document was served upon the following counsel of record via the Court's E-filing system, this 2nd day of June, 2025.

              */s/ Mrinali Sethi*
              Patrick Kasson (0055570)
              Steven A. Chang (0088321)
              Mrinali Sethi (0101295)