**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

SLUSH PUPPIE LIMITED,

       Plaintiff/Counterclaim
       Defendant,

          v.

THE ICEE COMPANY,

       Defendant/Counterclaim
       Plaintiff.

CASE NO. 1:19-cv-00189-MRB

Judge Michael R. Barrett

**THE ICEE COMPANY'S MEMORANDUM OF LAW IN RESPONSE TO
PLAINTIFF/COUNTERCLAIM DEFENDANT SLUSH PUPPIE LIMITED'S
MOTION FOR EXTENSION OF TIME TO ANSWER ICEE COMPANY'S
SECOND AMENDED COUNTERCLAIMS**

Plaintiff has requested 21 days additional time to answer ICEE's second amended counterclaims.  Those counterclaims were filed more than two years ago, on April 4, 2023.  Doc. 194.  Plaintiff's counsel has written literally hundreds of pages about those counterclaims in briefs and letters to the Court, and spent many hours in on-the-record argument about those counterclaims in discovery hearings and oral argument.  Counsel's representations that they need 21 days to analyze those claims "in light of this Court's June 27, 2025 Opinion and Order" and that their request has not been to delay this case does not survive scrutiny.

Plaintiff's counsel initially spent many hours analyzing those claims to prepare SPL's motion to dismiss, which was filed on April 17, 2023, and again in preparing SPL's reply brief in support of its motion and the subsequent letter briefs that followed.  Docs. 201, 218, 221, 231, 243, 249.

Plaintiff's counsel spent many more hours considering ICEE's second amended counterclaims in preparing SPL's motion to strike, which analyzed in detail all of the new factual allegations that had been pled.  Doc. 199.  Plaintiff's counsel again returned to those allegations when they prepared SPL's reply brief in support of its motion to strike.  Doc. 216.

Then, two years ago, plaintiff's counsel again focused on the factual allegations in the second amended counterclaims when they filed SPL's motion to stay non-US discovery.  Doc. 222.  And they analyzed those allegations further when they reviewed ICEE's opposition to that motion and prepared a reply brief in support of SPL's motion to stay.  Doc. 226.  Further analysis was conducted by plaintiff's counsel when they prepared their four-page single-spaced letter concerning the counterclaims and related discovery on August 25, 2023.  Doc. 231.  Yet again, plaintiff's counsel analyzed the counterclaims' allegations when they prepare their response to ICEE's supplemental opposition to the motion to stay.  Doc. 233.  And plaintiff's

counsel returned to those allegations yet another time when, on December 6, 2023, they prepared their five-page single-spaced letter to the Court about ICEE's second amended counterclaims. Doc. 249.

The "Plan B" alleged in the counterclaims was also discussed on August 18, 2023 during a conference with the Court. Doc. 229. And the Slushy Jack's/Plan B allegations were discussed yet again during a hearing held on November 28, 2023. Doc. 244.

All of the allegations regarding Benesch's misconduct and counsel's knowledge of Mark Peters' scheme have been considered by plaintiff's counsel in great depth, since those allegations track the assertions made by ICEE in the numerous briefs and oral argument regarding ICEE's motion for sanctions against the Benesch Respondents. *See, e.g.,* Docs. 308 & 310.

Finally, in late 2024 and early 2025, plaintiff's counsel billed their client almost $60,000 for consulting with RPC regarding ICEE's second amended counterclaims and SPL's motion to dismiss.

Plaintiff's counsel argues that they need time to analyze the counterclaims in light of this Court's June 27 decision denying in part and granting in part SPL's motion to dismiss. But plaintiff's counsel does not explain what it is about the Court's decision that requires further analysis in order to answer the allegations that were filed 27 months ago. Nor do plaintiff's counsel explain why the three partners on this case somehow need 21 additional days to analyze these 2-year-old claims.

ICEE does not oppose a reasonable extension of time. Under many circumstances, 21 days would be reasonable. But where the pleading is over two years old and has been the subject of hundreds of hours of analysis over those two years by plaintiff's counsel, and plaintiff's counsel provides no specific explanation for why 21 days is needed, ICEE respectfully submits

that the purpose of this motion is indeed to delay this six-year-old case further and postpone trial on the merits.

Dated:  July 12, 2025                    Respectfully submitted,

**DUANE MORRIS LLP**

BY:  _/s/ David J. Wolfsohn_
David J. Wolfsohn (*admitted pro hac vice*)
Tyler R. Marandola (*admitted pro hac vice*)
30 South 17th Street
Philadelphia, PA 19103
Tel.: (215) 979-1000
Fax: (215) 979-1020
djwolfsohn@duanemorris.com
tmarandola@duanemorris.com

Kenneth M. Argentieri (Ohio Bar No. 0067493)
Trial Attorney
600 Grant St., Ste. 5010
Pittsburgh, PA 15219
Tel.: (412) 497-1000
Fax: (412) 497-1001
kmargentieri@duanemorris.com

*Attorneys for Defendant/Counterclaim Plaintiff,*
*The ICEE Company*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

SLUSH PUPPIE LIMITED,

                Plaintiff/Counterclaim
                Defendant,

       v.

THE ICEE COMPANY,

                Defendant/Counterclaim
                Plaintiff.

CASE NO. 1:19-cv-00189-MRB

Judge Michael R. Barrett

## CERTIFICATE OF SERVICE

I, Tyler R. Marandola, certify that I served a true and correct copy of the foregoing to all counsel of record by ECF filing.

Dated: July 12, 2025                         By:*/s/ Tyler R. Marandola*