IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| SLUSH PUPPIE LIMITED,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>THE ICEE COMPANY,<br><br>    Defendant/Counterclaim Plaintiff. | Case No. 1:19-cv-00189<br><br>Judge Michael R. Barrett |

**ORDER**

This matter is before the Court on Plaintiff/Counterclaim Defendant Slush Puppie Limited's ("SPL's") Motion to Show Cause and for Relief for Violations of the Stipulated Protective Order. (Doc. 283, filed 01/10/2025). Defendant/Counterclaim Plaintiff The ICEE Company ("ICEE") filed a memorandum in opposition (Doc. 284), to which SPL replied (Doc. 285). With leave of Court, ICEE filed a sur-reply. (*See* Doc. 286-1). A discovery conference was held on February 7, 2025. (*See* Doc. 287, Transcript of Proceedings). The papers of record were discussed, along with related letters from counsel for ICEE, David Wolfsohn (dated 1/16/2025, 1/21/2025, 1/23/2025, & 1/24/2025) and from counsel for SPL, Eric Zalud (dated 1/17/2025, 1/22/2025, 1/23/2025). (*See* 02/07/2025 Minute Entry & NOTATION ORDER).[1]

**Background.** The Court entered a Stipulated Protective Order ("SPO") on September 16, 2019. (Doc. 25). Pertinent here, "Protected Material, and all summaries, compilations, or derivations thereof, whether oral or written, shall be maintained in

---

[1] The undersigned initially presumed a need for oral argument to decide this matter (*see* Doc. 287 PAGEID 14041–14043 (20:23–22:18)) but has since concluded otherwise.

1

confidence, **shall be used solely in the preparation, prosecution, or trial of this action and not for any other purpose**[.]" (*Id.* ¶ 2.1 (bold emphasis added)). "Protected Material" is defined as "any **non-public** document, material, or information" designated by a party as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY". (*Id.* ¶ 1.2 (bold emphasis added)). Challenges to confidentiality designations are permitted and the process to do so is outlined. (*Id.* ¶ 3).[2] Even so, "Challenged information shall be treated as designated until the resolution of the dispute by the parties or ruling by the Court." (*Id.* ¶ 3.1).

SPL contends that ICEE "willfully" violated the SPO by sharing more than 400 pages of "Protected Material" in parallel trademark litigation—initiated by ICEE and its parent, J&J Snack Foods Corporation, against Ralph Peters & Sons Limited and Mark Jeffrey Peters —in London (the "UK Proceedings").[3] (*See* Doc. 283 PAGEID 13813, 13815; *see also* Doc. 283-1). According to SPL, ICEE submitted a 1,738-page exhibit—attested to by Mr. Wolfsohn—in advance of an *ex parte* (called "in private" there)[4] hearing before HHJ Malcom Davis-White KC of the High Court of Justice, Business and Property Courts of England and Wales, Intellectual Property List (Chancery Division). (Doc. 283 PAGEID 13814–13815). That exhibit contained 243 pages of documents labeled

---

[2] SPL correctly points out that counsel for ICEE was aware of, and engaged in, this process. (*See* Doc. 283-3).

[3] After the fact, Mark Peters' (London) counsel objected to this disclosure (on December 11, 2024), with ICEE responding, "For clarity's sake, whilst we will reply once we have taken instructions, we note that at this stage we do not accept that the documents in question are covered by the terms of the [Ohio Proceedings] SPO, nor do we accept that our clients were precluded from deploying the documents in these proceedings." (Doc. 283 PAGEID 13815–13816; *see* Doc. 283-1 PAGEID 13824).

[4] (See Doc. 283-4 PAGEID 13832, 13839–13840 (¶ 48), 13844 (Freezing Injunction ¶ 2 ("This order was made at a hearing without notice to the Respondents at which the Court was satisfied that it was in the interests of justice to sit in private."))).

"Confidential," 83 pages of documents labeled "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," and the entire transcript of the afternoon session of the evidentiary hearing (held on August 30, 2021) regarding ICEE's preliminary injunction motion (*see* Doc. 122 SEALED). (*Id.* PAGEID 13815). On December 4, 2024, the day after the hearing, ICEE was awarded both a "Freezing Injunction"[5] and an "Imaging Order"[6]. (*Id.*).

ICEE counters that SPL's motion is "frivolous" and was filed for an "improper" purpose:

> So why has plaintiff's counsel filed this frivolous motion? The answer lies in its timing. **A hearing on ICEE's and J&J's freeze order—requiring Mark Peters and Ralph Peters & Sons to report on UK assets and maintain a certain amount in the UK—is scheduled for February 10-13, 2025 in London.** (Given Mark Peters' track record of forgery, perjury, spoliation of evidence, and lies about his financial records—and the fact that he has homes in Monaco and Malaysia—the freezing order is imperative lest he move all his UK assets to other jurisdictions.) Although plaintiff's counsel received DW1 no later than December 9, 2024, they waited a month to file this motion. **They apparently hope that this Court will not decide the motion before the hearing, which would allow RPC to try and leverage the motion for contempt to cast doubt in the High Court of Justice regarding the basis for the freezing order.**

(Doc. 284 PAGEID 13930 (bold emphasis added)). ICEE also disputes that the materials disclosed were deserving of protection, either because they were inappropriately designated (at the outset) or lost their protection (over the course of 6+ years) by the terms of the SPO.[7]

---

[5] (*See* Doc. 283-4 PAGEID 13843–13853).

[6] (*See* Doc. 283-4 PAGEID 13854–13870).

[7] SPL expressed particular concern about ICEE disclosing the deposition transcript of its head of sales, Kevin Scoles. (*See* Doc. 283 PAGEID 13815). In response, ICEE emphasized that "[t]he portions of Mr. Scoles' deposition transcript that were presented to the High Court of Justice scrupulously followed [counsel for SPL Laura] Kogan's September 8, 2022 amended designations, redacting all of the portions she claimed were confidential." (*See* Doc. 284 PAGEID 13929).

SPL asks this Court to: (1) hold ICEE in contempt; and (2) order ICEE to pay its attorneys' fees and costs related to the violation. (Doc. 283 PAGEID 13813, 13819).

**Legal Standard.**[8] "The contempt power ensures that the judiciary's mandates are authoritative rather than advisory." *Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795, 798 (6th Cir. 2017). Contempt is "serious" and "is a measure of last resort, not first resort." *Id.* at 799–800 (citations omitted). "A party that seeks civil contempt sanctions must demonstrate by clear and convincing evidence that the opposing party knowingly 'violated a definite and specific order of the court.'" *Id.* at 800 (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). "[T]he decision to hold a party in contempt is within the **sound discretion** of the district court[.]" *Id.* at 800 (bold emphasis added).[9]

---

[8] "Some courts have cited [Fed. R. Civ. P.] 37(b)(2) as a basis to sanction a party for violating a protective order." *Best Process Solutions, Inc. v. Blue Phoenix Inashco USA, Inc.*, No. 1:21-cv-0662, 2023 WL 7323327, at *3 (N.D. Ohio Nov. 7, 2023) (citing, *inter alia*, *Field Turf USA, Inc. v. Sports Constr. Grp., LLC*, No. 1:06 CV 2624, 2007 WL 4412855, at *4 (N.D. Ohio Dec. 12, 2007)). This Court, however, has previously found reliance on Rule 37 to be "debatable." *See Sinomax USA, Inc. v. Am. Signature, Inc.*, 2:21-cv-3925, 2023 WL 2752488, at *2 (S.D. Ohio Apr. 3, 2023).

"Other courts cite their own inherent civil contempt power when sanctioning a party for violating a protective order. *Best Process Solutions*, 2023 WL 7323327, at *3 (citing, *inter alia*, *Ravin Crossbows, LLC v. Hunter's Mfg. Co.*, No. 5:18-CV-01729-SL, 2023 WL 6170365 (N.D. Ohio Sept. 22, 2023)).

Although the parties *stipulated* to the protective order here, the Court *entered* it. Thus, it is the *Court's* order. "And a court enforces compliance with its orders through civil contempt sanctions. *Best Process Solutions*, 2023 WL 7323327, at *4 (citing *Clapper v. Clark Dev., Inc.*, 747 F. App'x 317, 322 (6th Cir. 2018)). Accordingly, the undersigned will decide this matter under the Court's inherent authority, not Rule 37(b)(2).

[9] "[W]here protective orders have been violated, courts have **broad discretion** to impose whatever remedy they deem appropriate." *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 500 (S.D. Ohio 2002) (citing 6 James William Moore, Moore's Federal Practice § 26.108 [2] (3d ed. 1997)) (bold emphasis added).

4

**Resolution.** The undersigned is not in the habit of doling out "get out of jail free" cards. On balance, however, having reviewed the parties' back-and-forth in the larger context of the history of this lawsuit, the Court will decline to hold ICEE in civil contempt.

Civil contempt is a means "to compensate for the **injuries** resulting from the noncompliance [with a court's order]." *Ravin Crossbows, LLC v. Hunter's Mfg. Co.*, No. 5:18-CV-01729-SL, 2023 WL 6170365, at *2 (N.D. Ohio Sept. 22, 2023) (bold emphasis added). But, here, there are no injuries. The documents at issue, even if still protected,[10] were not disclosed to a competitor, which is the *sine qua non* behind any protective order. Instead, they were (only) disclosed to a judge in England who is presiding over a trademark case involving the same parties and (presumably) the same evidence.[11] What's more, that proceeding and its consequent orders were—"in the interests of justice"—not published on the judiciary website. (*See* Doc. 283-4 PAGEID 13844 (Freezing Injunction ¶ 2)).

It is public record that, upon ICEE's request and after hearing the parties' arguments[12], the Court modified the SPO to permit the use of Protected Material in the UK proceedings (on February 12 & 13, 2025 and thereafter) "consistent with the Sensitive Information provisions of the 'Confidentiality Club Order' in place" there. (*See* Doc. 289). This same inclusive process could not have taken place prior to the December 3, 2024

---

[10] To decide this matter, the Court need not—and will not—engage in a document-by-document analysis.

[11] Two of ICEE's six counterclaims asserted Lanham Act violations, which, on SPL's motion, the Court dismissed for failure to state a claim under *Abitron Austria GmbH v. Hetronic Int'l Inc.*, 600 U.S. 412 (2023). (*See* Doc. 316 PAGEID 15169–15171, 15175). One of the points SPL's counsel argued is that ICEE's trademark claims should be heard in Europe, in his view "a *forum mais conveniens*." (*See* Doc. 249 PAGEID 9594).

[12] (*See* 02/07/2025 Minute Entry & NOTATION ORDER, 02/11/2025 Minute Entry, Doc. 290 Transcript of Proceedings)).

*ex parte* hearing, for obvious reasons. But considering the parties' express stipulation that the Court retains power to modify the protective order *sua sponte*,[13] bolstered by the UK's confidentiality club counterpart, the undersigned is satisfied that the spirit of the SPO has been honored. Therefore, in this peculiar circumstance, the Court, in its discretion, will not hold ICEE in civil contempt.

**Conclusion.** Plaintiff/Counterclaim Defendant Slush Puppie Limited's Motion to Show Cause and for Relief for Violations of the Stipulated Protective Order (Doc. 283) is hereby **DENIED**.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
JUDGE MICHAEL R. BARRETT

---

[13] (*See* Doc. 25 ¶ 8.3).