# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| SLUSH PUPPIE LIMITED,<br><br>　　Plaintiff/Counterclaim Defendant,<br><br>　　v.<br><br>THE ICEE COMPANY,<br><br>　　Defendant/Counterclaim Plaintiff. | Case No. 1:19-cv-00189<br><br>Judge Michael R. Barrett |

## OPINION & ORDER

This matter is before the Court on Defendant The ICEE Company's ("ICEE") Motion for Partial Reconsideration (Doc. 317) of the Court's June 27, 2025 Opinion & Order (Doc. 316). Plaintiff Slush Puppie Limited ("SPL") has filed a memorandum in opposition (Doc. 324), to which ICEE has replied (Doc. 326).

### I. BACKGROUND

ICEE pled six counterclaims[1] to SPL's Second Amended Complaint: Count One (Breach of Contract – 1996 Manufacturing Appointment); Count Two (Breach of Contract – 1999 Distributor Agreement); Count Three (Lanham Act – Trademark Infringement under 15 U.S.C. § 1114); Count Four (Lanham Act – Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125); Count Five (Deceptive Trade Practices – Ohio Rev. Code §§ 4165.01 et seq.); and Count Six (Unjust Enrichment). SPL moved to dismiss Counts Three and Four pursuant to Fed. R. Civ. P. 12(b)(1) (and, in the

---

[1] (*See* Doc. 194 PAGEID 6983–7032).

1

alternative, pursuant to Fed. R. Civ. P. 12(b)(6)).  SPL also moved to dismiss Counts Five and Six pursuant to Fed. R. Civ. P. 12(b)(6).[2]

The Court determined that it had subject-matter jurisdiction over ICEE's Lanham Act counterclaims,[3] but, under *Abitron Austria GmbH v. Hetronic Int'l Inc.*, 600 U.S. 412 (2023), concluded that they failed to state a claim upon which relief can be granted.[4]  The Court also concluded that ICEE's counterclaim under Ohio statutory law, Deceptive Trade Practices in violation of Ohio Rev. Code §§ 4165.01 et seq. ("DTPA"), failed to state a claim.[5]  Thus, SPL's Rule 12(b)(6) motions were granted as to ICEE's Lanham Act and DTPA counterclaims.[6]

ICEE complains that the Court failed to address "the issue of whether ICEE's claims for trademark infringement and unfair competition, if not proper under the Lanham Act and ODTPA for extraterritorial reasons, could proceed with the Court applying U.K. trademark and unfair competition law."  (Doc. 317-1 PAGEID 15179).  ICEE points out that, in the wake of *Abitron*, it "provided formal notice pursuant to Fed. R. Civ. P. 44.1 that it intended to raise an issue of foreign law, including U.K. trademark law." (*Id.*).[7]  What's more, ICEE explains, SPL's "only" argument against applying U.K. trademark law to

---

[2] SPL did not challenge ICEE's breach of contract counterclaims (Counts One and Two) under Rule 12.  However, a Rule 56 motion is currently pending.  (*See* Doc. 350).

[3] (*See* Doc. 316 PAGEID 15155–15162).

[4] (*See* Doc. 316 PAGEID 15169–15171).

[5] (*See* Doc. 316 PAGEID 15171–15173).  The Court additionally determined that ICEE's unjust enrichment counterclaim under Ohio common law *was* plausible.  (*See* Doc. 316 PAGEID 15173–15174). ICEE (understandably) does not ask for reconsideration as to this ruling.

[6] (*See* Doc. 316 PAGEID 15175).

[7] ICEE also referenced the laws of France, The Netherlands, Germany, and Switzerland in its notice.  (*See* Doc. 224 PAGEID 8756).

ICEE's infringement and unfair competition claims is that ICEE hadn't given notice in a pleading, which Rule 44.1 does not require. (*Id.* (quoting Fed. R. Civ. P. 44.1 ("A party who intends to raise an issue about a foreign country's law must give notice by a pleading *or other writing*.") (italics emphasis added by ICEE))). In fact, the Advisory Committee Notes state, "it seems best to permit a written notice to be given outside of and later than the pleadings, provided the notice is reasonable." (*Id.* (quoting Fed. R. Civ. P. 44.1 advisory committee notes (1966 adoption))). Because SPL has been on notice since July 28, 2023 (*see* Doc. 224), and because SPL's U.K. counsel is "well versed" in the U.K. law of trademarks and passing off, "permitting ICEE to proceed with such claims could not conceivably cause SPL any prejudice." (*Id.*).

ICEE asks that the Court "reconsider its dismissal of the Lanham Act and ODTPA claims and order that ICEE can pursue its infringement and unfair competition claims under the analogous U.K. substantive law" or, alternatively, grant ICEE leave to file a third amended counterclaim that "specifically pleads the application of U.K. law." (*Id.* PAGEID 15179–15180).[8]

## II. LAW & ANALYSIS

**Standard.** Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, "district courts have authority under both common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case prior to the entry of final judgment." *Durham v. Sheets*, No. 1:13-cv-226, 2015 WL 2194755, at *2

---

[8] ICEE reasons that "[t]his issue is an important one not only for this case, but also for trademark law more generally. With *Abitron* now narrowing the infringements that will be cognizable under the Lanham Act, parties in cross-border infringement cases will no doubt increasingly ask courts to apply foreign law to the portion of the claim that may not be actionable under the Lanham Act, but that is a violation of similar foreign trademark law." (Doc. 317-1 PAGEID 15180).

3

(S.D. Ohio May 11, 2015) (citing *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). Per Rule 54,

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Still, "[m]otions for reconsideration are disfavored." *Durham*, 2015 WL 2194755, at *2 (quoting *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003)). Courts consider their merits only when the proponent fairly claims there is either: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a "clear error" or prevent "manifest injustice." *See id.* (quoting *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*)); *see also Marcum v. Duchak*, No. 3:17-cv-437, 2021 WL 2580575, at *3 (S.D. Ohio June 23, 2021) (citing *Louisville/Jefferson Cnty. Metro Gov't*). "This standard obviously vests **significant discretion** in district courts." *Rodriguez*, 89 F. App'x at 959 n.7 (bold emphasis added).

**Application.** ICEE submits that the Court committed "clear error" by failing to expressly address its notice-of-foreign-law argument. (Doc. 317-1 PAGEID 15179, 15186). Moreover, "manifest injustice" will result if the Court doesn't allow ICEE's infringement and unfair competition counterclaims to proceed under U.K. law. (*Id.* PAGEID 15186). SPL responds that the Court *did* consider ICEE's alternative request to apply U.K. law, because the undersigned referenced the documents in which the argument was made in its rote introductory paragraph. That paragraph reads:

> This matter is before the Court on two interrelated motions:
> Slush Puppie Limited's ("SPL") Fed. R. Civ. P. 12(b)(1) and 12(b)(6)

4

> Motion to Dismiss (Docs. 201, 212, 218) The ICEE Company's ("ICEE") Amended Counterclaims; and SPL's Motion to Stay (Docs. 222, **225**, 226) Non-United States Discovery Pending Resolution of its Motion to Dismiss. Several additional filings paper the docket. (*See* Docs. 221, **228–29**, 231, 243, **246**, **2**49–**50** (Motion to Dismiss); Docs. 232–35, 237 (Motion to Stay)).

(June 27, 2025 Opinion & Order, Doc. 316 PAGEID 15149 (footnote omitted) (bold & underline emphasis added)).

SPL's inference is a bridge too far. The Court acknowledges its oversight and allows that ICEE's alternative argument deserved analysis.

ICEE is obviously correct that it is not necessary to plead claims under foreign law if written notice is otherwise given. *See* Fed. R. Civ. P. 44.1 ("A party who intends to raise an issue about a foreign country's law must give notice by a pleading **or** other writing.") (bold & underline emphasis added). But the notice provided by the "other writing" must be "reasonable." *See* Fed. R. Civ. P. 44.1 advisory committee note (1966 adoption). ICEE filed both an answer and counterclaims to SPL's Second Amended Complaint on April 3, 2023. (Doc. 194 PAGEID 6983–7032). Not quite three months later, on June 29, 2023, the Supreme Court issued its decision in *Abitron*. ICEE promptly responded, filing its Rule 44.1 notice on July 28, 2023. (Doc. 224).[9] In the undersigned's view, notice given in fewer than 30 days presumptively qualifies as "reasonable."

---

[9] ICEE is spot-on in its observation that "the need to reference foreign law did not arise until after *Abitron* was decided[,]" given the fact that *Abitron* "wiped the slate clean and launched the law in a new direction[.]" (Doc. 317-1 PAGEID 15183 (citing Doc. 316 PAGEID 15159 (quoting 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 29:59 (5th ed. (May 2025 update))))).

Our colleague Judge Rice once observed in a diversity case[10] that "federal courts are routinely called upon to resolve claims arising under foreign law."[11] *Baker-Bauman v. Walker*, No. 3:06cv017, 2007 WL 1026436, at *1 (S.D. Ohio Mar. 29, 2007) (claims for patent infringement under Australian and Chinese law); *see Blockbuster, LLC v. Grupo Mizbe, S.A.*, No. 13-62042-CIV-DIMITROULEAS, 2015 WL 12712312, at *2 (S.D. Fla. July 24, 2015) (claim for trademark infringement under Panama law) (citing *Baker-Bauman*). This imperative is reinforced when, as here, the parties have agreed to a forum selection clause if disputes arise. As another district court has commented:

> Yes, even domestic patent law is difficult, and it is challenging to resolve disputes between the parties over the proper translation of the foreign patent claims, and disputes about how the foreign law applies to the dispute, and learning about foreign patent law and procedure. **While I recognize these difficulties, law and language often are difficult and they are familiar challenges for a federal judge in today's world.** Such difficulties are a necessary part of deciding whether an international contract has been breached and, if so, what the damages are for that breach. **Given the reasons for enforcing a forum selection clause, they are hardly obligations for a court to shirk.**

*Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.*, 589 F. Supp. 2d 84, 100 (D. Maine 2008) (footnote omitted) (bold emphasis added). On this point, ICEE represents that the (U.K.) Trade Marks Act 1994 does not differ "in any material respect" from the (U.S.) Lanham Act. (Doc. 317-1 PAGEID 15187–15188). SPL does not disagree.

---

[10] (*See* Second Amended Complaint by Plaintiff Slush Puppie Limited, Doc. 191 ¶¶ 1–4 & Aug. 16, 2023 Letter Brief by The ICEE Company, Doc. 228).

[11] *See generally Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co., Ltd.*, 585 U.S. 33, 41 (2018) ("We granted certiorari to resolve a Circuit conflict over this question: Is a federal court determining foreign law under Rule 44.1 required to treat as conclusive a submission from the foreign government describing its own law?").

Particularly compelling here is the fact of parallel litigation in the U.K., now stayed—by agreement—awaiting resolution of these issues in *this* Court. On October 10, 2024, ICEE and its parent company, J&J Snack Foods Corp. ("Claimants"), filed claims (in the High Court of Justice, Business and Property Courts of England and Wales, Intellectual Property Division) against Ralph Peters & Sons Ltd. and Mark Jeffrey Peters ("Defendants"). (*See* Claim Form No. IL-2024-000161, Doc. 317-4).[12] Ralph Peters & Sons is the holding company that owns 100% of the shares of Frozen Brothers Ltd. ("FBL"), the successor company to SPL. (Feb. 18, 2026 Opinion & Order, Doc. 417 PAGEID 20562 n.41 (citing Mark Peters depo., Doc. 376 *SEALED* PAGEID 18482–18484 (9:22–11:22) (taken 10/29//2025))). In turn, Mark Peters is the sole shareholder of Ralph Peters & Sons and owns 100% of the shares of Frozen Brothers. (*Id.*). During a hearing held on February 12, 2025, the barrister representing Defendants acknowledged that the case against her clients (based on the registered marks under section 10(1) of the Trade Marks Act 1994) is "actually but a simple IP claim," "straightforward," "open and shut," and "would be summary judgment, more or less, based on what has been determined already in Ohio." (Doc. 317-5 PAGEID 15202 (46:15–47:17)).[13] A few months later, on May 19, 2025, a consent order was issued in the wake

---

[12] In papers related to a protective order dispute, SPL's counsel conceded "the similarity of the claims" in the "English Proceedings" vis-à-vis this civil action. (*See* Doc. 285 PAGEID 13992 n.1).

[13] Here is the entire exchange between Ms. Collett and Mr. Justice Fancourt:

> MS. COLLETT: My submissions are divided into three points. First, I am going to briefly address the rights that the claimants are relying on and on which they obtained the freezing order. Second, I will deal with the alleged acts of infringement. Then, finally, the joint tortfeasance point.
>
> MR. JUSTICE FANCOURT: Yes.
>
> MS. COLLETT: I should say that is not the order they are dealt with in our skeleton argument at paragraphs 51-68, but it is the order that the Trade Marks Act deals

of ICEE and J&J Snack Foods proposing to amend their claim to add (current-Third Party) FBL as a Defendant. (Doc. 317-6). Defendants agreed to Claimants' proposal to stay the U.K. Proceedings "until the earlier of: (i) a further order of the [U.K.] court; or (ii) final determination of liability in the Ohio Proceedings (including the exhaustion of all appeals) in respect of (a) the Third Party's [i.e., SPL's] claims against the Second Claimant [ICEE], and (b) the Second Claimant's [ICEE's] counterclaims against the Third Party [SPL]." (*Id.* PAGEID 15205).

ICEE persuasively argues that it would be inefficient to try the unjust enrichment and breach of contract claims in *this* Court and later try the infringement and unfair competition claims in the U.K. The undersigned is well familiar with the key (and largely remarkable) facts brought to light during (paper and witness) discovery; it is not an exaggeration to say they transverse all causes of action that either were the subject of,

---

with them, which is why it is helpful to take them in that order. I should also caveat at the start, my Lord, **if one pushes away the bluff and noise around fraud and forgery and dishonesty, this is actually but a simple IP claim**. In short, has a party infringed various registered and Phase 2 unregistered intellectual property rights?

MR. JUSTICE FANCOURT: **It would be straightforward [if] it was brought against FBL.**

MS. COLLETT: Quite.

MR. JUSTICE FANCOURT: **Indeed, Phase 1 would be open and shut, would it not? It would be summary judgment, more or less, based on what has been determined already in Ohio.**

MS. COLLETT: Subject of course to appropriate pleadings and so on. There is the complications, as my Lord identifies, against the parties, the pleadings of the acts and the relevant causes of actions, particularly in respect of Phase 2 that stopped this from being that simple.

MR. JUSTICE FANCOURT: Yes.

(Doc. 317-5 PAGEID 15202 (46:15–47:17) (bold emphasis added)).

8

or remain, after motion practice. And, besides, ICEE represents that the U.K. Defendants, through counsel, have "refused to consent to the joinder of SPL" in the U.K. Proceedings or to agree they will not defend those claims "on the ground that they should be decided in Ohio" per the parties' forum selection clause. (*See* Doc. 317-1 PAGEID 15190; Doc. 326 PAGEID 15379–15380 & Doc. 326-1, Doc. 326-2 ¶ 2 (2.1–2.9)). With Mark Peters at the helm of the U.K. proceedings, the latter circumstance is not an inconceivable outcome.[14]

One final note. The Ohio forum selection clause in both the 1996 Appointment and the 1999 Agreement begin with the recitation, "It is understood and agreed that **it is the intention of the parties that this agreement comply with all applicable statutes, or rules and regulations of** any states, the United States of America, or **any foreign nation**, state, province or county **that may have jurisdiction over the execution, enforcement, or performance of this agreement**." (*Cf.* Doc. 27-2 PAGEID 396 ¶ (16) (bold emphasis added) *with* Doc. 27-3 PAGEID 407 § XVI (nominal text difference)). At the risk of overstatement, SPL (and ICEE) pledged to comply with U.K. law. Whether, as ICEE claims, SPL flouted that obligation *ipso factor* calls for this federal court, sitting in Ohio, to apply U.K. law.

"Generally, a manifest injustice or a clear error of law requires unique circumstances[.]" *Durham*, 2015 WL 2194755, at *2 (quoting *McWhorter v. ELSEA, Inc.*, No. 2:00-cv-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006)). As the forgoing analysis demonstrates, several factors—in combination—fit that bill.

---

[14] Peters' forgeries sustain a recent sanctions order that both (1) dismissed SPL's claims with prejudice and (2) awarded attorneys' fees (and costs) to ICEE. (*See* Feb. 18, 2026 Opinion & Order, Doc. 417).

### III. CONCLUSION

ICEE's Motion for Partial Reconsideration (Doc. 317) of the Court's June 27, 2025 Opinion & Order (Doc. 316) is hereby **GRANTED**. Counts Three, Four, and Five of ICEE's counterclaims to SPL's Second Amended Complaint, previously dismissed pursuant to Fed. R. Civ. P. 12(b)(6), are **REINSTATED**. Sections 10(1) & 10(3) of the U.K. Trade Marks Act 1994 and the U.K. (common) law of passing off, along with all available remedies, are **SUBSTITUTED** and shall apply to ICEE's trademark infringement and unfair competition counterclaims—as alleged in Counts Three, Four, and Five—in place of the Lanham Act (15 U.S.C. §§ 1114, 1125) and the Deceptive Trade Practices Act (Ohio Rev. Code §§ 4165.01 et seq.).

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
JUDGE MICHAEL R. BARRETT