# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| SLUSH PUPPIE LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 1:19-cv-00189-MRB |
| | ) | |
| v. | ) | JUDGE MICHAEL R. BARRETT |
| | ) | |
| THE ICEE COMPANY, | ) | MAGISTRATE JUDGE BOWMAN |
| | ) | |
| Defendant. | ) | |

**SLUSH PUPPIE LIMITED'S MOTION FOR 88-DAY
CONTINUANCE OF MARCH 9, 2026, TRIAL UNTIL JUNE 8, 2026,
TO AFFORD FULL AND FAIR DEFENSE OF BRAND-NEW FOREIGN LAW CLAIMS**

Counter-Defendant Slush Puppie Limited ("SPL") respectfully moves this Court for a continuance of the trial date scheduled for March 9, 2026, for good cause shown. The Court's February 25, 2026, 4:37p.m. EST Order (Doc. 431) on Counter-Plaintiff The ICEE Company's ("ICEE") Motion for Reconsideration (Doc. 317) materially altered this action seven business days before trial was to begin.

After granting a Rule 12(b)(6) motion and dismissing two trademark claims and one deceptive trade practices act claim, the Court later granted reconsideration – after discovery had closed and on the eve of trial. As a result, SPL has not had an opportunity to file its answer, assert affirmative defenses or conduct discovery on these claims. With its February 25, 2026 Order, the Court reinstated: Count Three (Lanham Act – Trademark Infringement under 15 U.S.C. § 1114), Count Four (Lanham Act – Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125), and Count Five (Deceptive Trade Practices – Ohio Rev. Code §§ 4165.01 *et seq*.) and substituted Sections 10(1) & 10(3) of the U.K. Trade Marks Act 1994 and the U.K. (common) law of passing off, along with all available remedies, in their place. The substituted *foreign* trademark

claims are not merely additional theories; they arise under a completely different *foreign* legal regime, with distinct infringement standards, defenses, evidentiary burdens, and remedies than those applicable in the United States. This is a *sea change* for SPL's defense strategy, on the eve of trial. The substitution of these three claims *fundamentally* alters the scope and complexity of the scheduled trial, creating brand new *foreign* legal and factual issues that require adequate preparation time.

The prejudice that SPL faces in first educating itself about such claims and preparing for a trial with twice as many claims is significant. *Notably, this prejudice cannot be cured **after** trial*. Once trial occurs: (i) discovery rights are permanently lost; (ii) the opportunity to resolve claims through summary judgment is extinguished; and (iii) the record is entered without full factual development as permitted by the Federal Rules. Despite SPL's due diligence since receipt of the February 25, 2026, Order (Doc. 431), SPL cannot meet the scheduled deadlines and provide "competent" representation to its client under the Ohio Rules of Professional Conduct. Therefore, granting a reasonable continuance of the trial date promotes fairness, preserves due process, and avoids appellate complications.

I. **FACTUAL BACKGROUND**

ICEE first filed its Lanham Act and Deceptive Trade Practices Act claims on January 6, 2020. (Doc. 29.) SPL answered, denying those claims on January 27, 2020. (Doc. 32.) On February 23, 2020, ICEE filed a Motion to Amend. (Doc. 152.) On February 7, 2023, this Court granted ICEE's Motion to Amend. On March 7, 2023, SPL filed its Fed. R. Civ. P. 12(b)(1) Motion to Dismiss The ICEE Company's Counterclaims and First Amended Counterclaims. (Doc. 187.) Then, ICEE filed its Counterclaims to SPL's Second Amended Complaint on April 4, 2023, which contained Count Three, Count Four, and Count Five. (Doc. 196.) SPL filed its Fed. R. Civ. P 12(b)(1) and 12(b)(6) Motion to Dismiss The ICEE Company's Amended Counterclaims

2

on April 17, 2023, whereby it moved to dismiss Count Three, Count Four, and Count Five. (Doc. 201.)

On June 27, 2025, this Court issued an Opinion & Order granting SPL's Rule 12(b)(6) Motion to dismiss against Count Three, Count Four, and Count Five. (June 27, 2025, Opinion & Order.) On July 2, 2025, ICEE filed its Motion for Partial Reconsideration of June 27, 2025, Order. (Doc. 317.) On July 23, 2025, SPL filed its Response in Opposition to ICEE's Motion for Partial Reconsideration of June 27, 2025, Order. (Doc. 324.) On August 6, 2025, ICEE filed its Reply in Support of its Motion for Partial Reconsideration of June 27, 2025, Order and briefing on the Motion for Reconsideration closed. (Doc. 326.)

On an August 26, 2025, Discovery Conference, this Court tentatively set trial to begin on March 2, 2026. (August 26, 2025, Discovery Conference.) At a follow-up September 9, 2025, Discovery Conference, this Court set trial to begin on March 9, 2026. (September 9, 2025, Discovery Conference.) An Updated Case Management Order reflecting the March 9, 2026, trial date was docketed on September 23, 2025. (Doc. 337.)

On February 3, 2026, the Court advised counsel that orders on certain pending motions were in draft. (February 3, 2026, Discovery Conference.) On February 18, 2026, the Court granted ICEE's Motion for Sanctions (Doc. 73) and dismissed SPL's remaining claims. (Doc. 417.) On February 25, 2026, at 4:37 p.m. EST, seven business days before trial was set to begin, the Court granted ICEE's Motion for Partial Reconsideration of June 27, 2025, Order. (Doc. 431.) On February 27, 2026, the Court and counsel participated in an informal conference whereby the Court informed the parties that it intended to begin the trial on March 9, 2026, and stated that SPL could file a Motion for Continuance. At this conference, the Court also directed the parties to involve it in settlement efforts throughout the weekend, as needed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) permits the modification of scheduling orders "for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The Sixth Circuit prescribes two relevant considerations for a determination of good cause. First, a court choosing to modify its schedule upon a showing of good cause may do so only "if [the schedule] cannot reasonably be met despite the diligence of the party seeking the extension." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting FED. R. CIV. PRO. 16) (citing *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002) (stating that good cause is measured by the movant's "diligence in attempting to meet the case management order's requirements") (internal quotation marks and citation omitted)). Second, a court will consider "whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

"Sixth Circuit policy favors deciding cases on the merits, after considering *both* Parties' arguments and evidence." *Taylor v. Purdom*, No. 1:22-CV-10178, 2024 WL 4653634, at *1 (E.D. Mich. Nov. 1, 2024) (emphasis in original) (citing *Miner v. Ogemaw Cnty. Rd. Comm'n*, 594 F. Supp. 3d 912, 926 (E.D. Mich. 2022). Indeed, "[t]he proposition that a case heard in the federal courts should be determined upon the merits and after an adequate development of the facts is an established principle of [the Sixth Circuit]." *Oil, Chem. & Atomic Workers Int'l Union, AFL-CIO v. Delta Ref. Co.*, 277 F.2d 694, 698 (6th Cir. 1960). "Certainly, all parties and the public are better served by the Court making final decisions based on a thorough review of the complete record, rather than preliminary decisions from a non-existent record." *Nat'l Tr. for Historic Pres. in the U.S. v. Fed. Highway Admin.*, No. 3:10CV-7-H, 2012 WL 5463020, at *2 (W.D. Ky. Nov. 8, 2012).

### III. If This Case Is Permitted to Go to Trial on March 9, 2026, SPL Will Not Have "Competent" Counsel Representing It at the Trial Table, as Required by the Ohio Rules of Professional Conduct.

As the sworn affidavits of the only four lawyers who will be representing SPL at trial attest:

1. They attended law school in the United States of America ("USA").

2. Since graduating from law school, they have practiced law only in the USA.

3. They are not licensed to practice law in the United Kingdom ("UK").

4. During their respective legal careers, they have never litigated a case involving UK statutes or law.

5. They have absolutely no experience with UK statutes or law, or knowledge of the same.

6. Specifically, they have absolutely no experience litigating the UK Trade Marks Act of 1994 or UK common law claims on "passing off."

7. They have never tried a case involving UK Trade Mark laws.

8. They are aware that pursuant to Ohio Rule of Professional Conduct Rule 1.1, "a lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation *reasonably* necessary for the representation."

9. By this very clear standard of governing professional conduct, they are not "competent" under Rule of Professional Conduct 1.1 to try a case under these UK laws.

10. None of them have the "legal knowledge, skill, thoroughness and preparation necessary" to try a case under these UK laws.

11. There have been no British lawyers involved in the day-to-day litigation of this case.

12. Seven business days is not enough time for British lawyers (RPC or otherwise) to

obtain the very necessary familiarity with this case before the scheduled March 9, 2026, trial date. Specifically, a British trademark lawyer would have to familiarize themselves with almost thirty deposition transcripts and tens of thousands of pages of paper discovery and apply these UK laws to those facts.

13. They have located no British lawyer who can do that and/or is willing to attempt to do that.

(*See* Zalud Aff. at **EXHIBIT A**; Turk Aff. at **EXHIBIT B**; Kogan Aff at **EXHIBIT C**; Schneider Aff. at **EXHIBIT D**.) Thus, if this case is permitted to go to trial on March 9, 2026, SPL will not have a lawyer at trial who can provide "competent representation" under the Ohio Rules of Professional Conduct, to defend against ICEE's substituted claims under Sections 10(1) & 10(3) of the UK Trade Marks Act 1994 and the UK common law of passing off, *in a case in which ICEE seeks in excess of $40 million under those UK laws*.

IV. **ARGUMENT**

   a. **Good Cause to Continue the Trial Exists Because the Case Was Materially Altered Twelve Days Before Trial, After the Vast Majority of Trial Preparation Was Complete.**

Due to the significant material changes to the case's legal posture, the existing schedule must be extended in non-prejudicial, and prompt fashion, to ensure that SPL is afforded due process. This request is not made for delay; rather, it is a necessary step to ensure competent representation and an informed defense. Indeed, SPL merely seeks reasonable time to address foreign trademark claims that did not previously exist in this case until now.[1] ICEE's claim that

---

[1] In accordance with all applicable ethical and professional rules, counsel for SPL promptly notified and requested qualified British trademark counsel to: (1) review the trademarks at issue; (2) analyze the alleged trademark infringement claims in preparation to draft the Answer; (3) review the evidentiary record, including deposition testimony; (4) interpret and apply United Kingdom trademark law; (5) evaluate defenses unique to United Kingdom jurisprudence; (6) assess evidentiary requirements under the correct legal standard; and (7) assist in trial strategy and witness preparation. As a threshold matter, British trademark counsel have not been involved with this litigation, which approaches the seventh anniversary of its removal to this Court, so British trademark counsel has an impossible

6

SPL has been on notice of these claims for several years is unavailing. On July 28, 2023, ICEE filed its Fed. R. Civ. P. 44.1 Notice of Foreign Law. (Doc. 224.) This notice merely states that ICEE "intends to raise issues of foreign law, specifically the law of the United Kingdom, France, The Netherlands, Germany, and Switzerland, to the extent applicable, in support of ICEE's second amended counterclaims for trademark infringement, unfair competition, and unjust enrichment." (*Id.* at PAGEID 8756.) This notice did not inform SPL of the specific claims—Sections 10(1) & 10(3) of the UK Trade Marks Act 1994 and the UK (common) law of passing off—that ICEE would ask this Court to substitute for its dismissed Lanham Act and Deceptive Trade Practices Act claims in July of 2025. (*See* Doc. 317.) And, until this Court ruled on February 25, 2026, the claims had *not* been substituted into the case and SPL had no duty to prepare for trial as if they had been. *These claims were not in the case until four business days ago*.

Moreover, information about the Sections 10(1) & 10(3) of the UK Trade Marks Act 1994 and the UK common law "passing off" claims is not contemplated in either party's motions *in limine* or deposition designations, which were filed and exchanged in advance of the Court's February 25, 2026, Order. In fact, SPL filed a Motion *in Limine* as to Trademarks/Domain Names Not Owned by Slush Puppie Limited (Doc. 420) on February 16, 2026, which asked this Court to exclude any attempt to introduce any trademarks, domain names, or websites not owned or previously licensed by SPL. (*Id.* at PAGEID 20566.) As elucidated by this filing, SPL sought to exclude any evidence related to any trademark or domain names to be introduced at trial and did not expect for any such evidence to be introduced, much less in reference to the three newly operative claims first substituted on February 25, 2026.

---

learning curve to overcome if trial proceeds as scheduled. For example, British trademark counsel must totally immerse themselves in almost thirty deposition transcripts and tens of thousands of documents to gain the competency and familiarity required to understand the claims and defenses under the UK statute and UK common law to try these claims.

### b. SPL Should Not Be Bound By ICEE's Counsel's Unsupported Assertions That: "No Worries, the Laws of These Two Different Countries—Are Just About the Same."

ICEE has asserted that Sections 10(1) & 10(3) of the UK Trade Marks Act 1994 and the UK (common) law of passing off are practically identical to Lanham Act claims. ICEE argues that therefore, SPL is not prejudiced by the addition of UK claims. However, *SPL should not be forced to blindly abide by ICEE's arguments regarding foreign law*. Indeed, in proceedings in the UK, ICEE's instant counsel has been reprimanded for getting UK Trade Mark law wrong:

47. **In Wolfsohn 1, the position on similarity was misrepresented**. Mr Wolfsohn asserts at para 11 that there is a good arguable case in relation to all the claims "but the one that can most readily be identified without a mini-trial is the claim in the Phase 1 Claim under 10(1) of the TMA" ["UK Trade Marks Act 1994"]. He then asserts (para 39) that the Defendants transitioned the RPSL group's customers to a frozen drink product that was identical to Slush Puppie under the Slushy Jack's sign, and that this was in the guise of a re-branding exercise using the same recipe.

48. At para 42, Mr Wolfsohn says:

    "To further add to the confusion, the design of the Slushy Jack's logo was very similar to the Claimants' registered trade marks and other non-registered devices in which they had acquired goodwill. Indeed, as illustrated below, the Slushy Jack's devices used, among other things, similar colours and depicted characters in a similar stance, each holding outright a drinking container featuring a miniature version of the character."

    There are then two colourful images side by side: one a device featuring a puppy, which is not one of the Claimants' trade marks; the other a device featuring a child in a fur hat and mittens holding out a drink. Both wear blue coloured clothing, which is the same colour as the frozen drink in the cup.

49. Although there is similarity of the devices, **the issue of similarity under s.10 of the Act,** which requires an assessment in relation to a trade mark of the Claimants, **has nothing to do with the similarity of these devices**, as the coloured puppy device is not a trade mark of the Claimants (whether in colour or in black and white). The trade marks are three word marks and black and white device marks with a puppy in a very different pose, surrounded by the words "SLUSH PUPPIE", and a different puppy's mouth device. At first blush, there is therefore little similarity between the Slushy Jack's devices and the Claimants' Slush Puppie word or figurative marks. Further, **no attempt was**

**made to establish the existence of goodwill** connected to the Claimants' coloured puppy device.

(J&J Snack Foods Corp. v Ralph Peters & Sons Ltd. [2025] EWHC (Ch) 436 [13]–[14] (Eng.) (emphasis added) (pertinent portions attached hereto as **EXHIBIT E**).) Counsel for SPL would not be fulfilling its ethical obligations to its client by failing to make an independent assessment of the validity of ICEE's newly substituted claims with the assistance of British counsel, after reviewing all the facts.

### c. The Current Trial Date Causes Severe Prejudice to SPL by Forcing the Parties to Forego Discovery and Dispositive Motions Related to the Substituted Claims.

A jury trial is not a substitute for discovery or dispositive motion practice. By proceeding to trial on March 9, 2026, SPL is deprived of the opportunity to:

(i) conduct discovery tailored to the newly asserted UK trademark law claims;

(ii) seek discovery from witnesses relevant to those claims;

(iii) engage an expert witness to opine on liability under the UK statute and common law;

(iv) engage an expert witness to opine on damages under the UK statute and common law;

(v) develop fact and expert testimony addressing the standards under UK trademark standards;

(vi) file a dispositive motion; and

(vii) create a complete, reviewable evidentiary record as every litigant is permitted to do.

Instead, based upon the posture of SPL's two Motions to Dismiss (Doc. 187; Doc. 201), SPL has taken no discovery on ICEE's trademark infringement or "passing off" claims. Indeed, SPL has not even *answered* ICEE's trademark infringement or "passing off" claims, nor has SPL

been afforded an opportunity to lodge its affirmative defenses (with British trademark counsel's input) against ICEE. Of course, ICEE has not amended its Counterclaim to make *any* specific allegations under UK law, as required by Fed. R. Civ. P. 8(a).

Using *trial* as the first opportunity to test the sufficiency of these UK claims is fundamentally inconsistent with the Federal Rules, and basic notions of fairness. Instead, the Federal Rules mandate decisions on a complete and properly developed record, which involves the filing of dispositive motions, if so sought. *See Peebles v. ADM S. Cellulose*, No. 1:06-CV-228, 2007 WL 9733734, at *2 (E.D. Tenn. May 8, 2007) ("Additionally, just as the Court explained during the scheduling conference, **under the Federal Rules of Civil Procedure, both parties are given the opportunity to file dispositive motions**.") (emphasis added); *Cruse v. Gibson*, No. 1:10-CV-587, 2012 WL 1145861, at *4 (S.D. Ohio Apr. 5, 2012) (extending dispositive motion deadline "to allow [the] defendant [] an opportunity to file a dispositive motion prior to the trial date"). Thus, maintaining the March 9, 2026, trial date has the practical effect of forcing SPL to trial without any meaningful opportunity to engage in the pretrial processes contemplated by the Federal Rules.

        **d. ICEE Will Sustain Minimal Prejudice from an 88-Day-Continuance (63 Business-Days).**

In contrast, any prejudice to ICEE from a 63-Business-Day continuance is minimal. ICEE will remain able to pursue its claims on the merits, after proper preparation and under the correct legal framework. A continuance ensures that trial—when it occurs—is fair, efficient, and based upon a properly developed record. The lack of prejudice to ICEE is set forth below:

- Since ICEE has indicated that it is ready to try this case now, it will not have any affirmative discovery to serve upon SPL prior to the proposed June 8, 2026, trial date.

- Similarly, ICEE will not have any expert witness reports needed if the trial is continued until June 8, 2026.

- ICEE's counsel has completed much of its trial preparation and is currently satisfied with that preparation, so will not have to undertake significant new trial preparation.

- ICEE's four live witnesses are all USA residents with much less prejudice to attend trial in Cincinnati than SPL's witnesses from the UK.

- ICEE's counsel has stated that most of its evidence will come from SPL's witnesses.

- ICEE's counsel has stated that he has studied these UK laws for three years and is thus already familiar with them. (Contrarily, SPL's counsel has had four business days to attempt to digest these claims and defend them "competently.")

e. **SPL Proposes an Efficient 88-Day Amended Scheduling Order Only for These New Foreign Claims.**

SPL understands that this case has been pending for quite some time. However, that lengthy pendency should not at all be a reason to deny SPL's motion for continuance and force SPL to try this case with lawyers who are, self-admittedly, not "competent" under Rule 1.1 of the Ohio Rule of Professional Conduct, to try claims under foreign laws with which they have absolutely no experience, on seven business days' notice. (*See* **Exs. A–D**.) SPL has assessed the additional factual and legal development that it would need to try this case with "competent" counsel at the trial table. Those proposed deadlines are set forth below.

- ICEE to submit Amended Counterclaim with specific allegations under new foreign laws, consistent with Ohio Federal Rules of Civil Procedure 8, on or before March 16, 2026.

11

- SPL to respond to ICEE's new specific allegations in Amended Counterclaim on or before March 23, 2026.
- SPL to submit abbreviated supplemental written discovery, only relating to new foreign law claims, on or before April 3, 2026.
- ICEE to submit accelerated responses to SPL's limited discovery request on or before April 10, 2026.
- SPL to conduct limited Rule 30(b)(6) deposition, limited to new foreign claims, on or before April 24, 2026.
- SPL to submit any new expert reports on or before May 8, 2026.
- Dispositive motion deadline on ICEE's new foreign claims May 13, 2026.
- Dispositive motion opposition, if any, May 20, 2026.
- Dispositive motion reply May 27, 2026.
- Trial date June 8, 2026.

Such a limited extension, and a compressed and limited supplemental discovery timetable, will afford SPL the opportunities and rights that it has under the Federal Rules of Civil Procedure.[2] It will also enable SPL to take this case to trial with "competent" counsel, under these new UK Trade Mark laws, sitting at the trial table.

V.   **CONCLUSION**

For the reasons elucidated in the foregoing motion, SPL respectfully requests that this Court grant a reasonable continuance of the March 9, 2026, trial date, to June 8, 2026, to promote fairness and preserve SPL's due process rights.

---

[2] As an ancillary benefit, the granting of the instant Motion would enable the parties to continue the settlement negotiations that have now begun, either with the Court as a continued facilitator, or with a private mediator.

Respectfully submitted,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

/s/ *Eric Larson Zalud*
Eric Larson Zalud (0038959)
Laura E. Kogan (0093369)
127 Public Square, Suite 4900
Cleveland, OH  44114
(216) 363-4500 – Telephone
(216) 363-4588 – Facsimile
ezalud@beneschlaw.com
lkogan@beneschlaw.com

Jennifer M. Turk (0073781)
41 South High Street, Suite 2600
Columbus, Ohio 43215
(614) 223-9300 – Telephone
(614) 223-9330 – Facsimile
jturk@beneschlaw.com

*Attorneys for Plaintiff Slush Puppie Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's case management and electronic filing system. Parties may access this filing through the Court's case management and electronic filing system.

<pre>
                              /s/ <u>Eric Larson Zalud</u>
                              Eric Larson Zalud
                              *Attorney for Plaintiff Slush Puppie Limited*
</pre>

14
28335754