| | | |
|---|---|---|
| **SLUSH PUPPIE LIMITED,** | ) | |
| | ) | |
| **Plaintiff/Counter-Defendant,** | ) | **Case No: 1:19-cv-00189-MRB** |
| | ) | |
| | ) | **JUDGE MICHAEL R. BARRETT** |
| **v.** | ) | |
| | ) | **MAGISTRATE JUDGE BOWMAN** |
| **THE ICEE COMPANY,** | ) | |
| | ) | |
| **Defendant/Counter-Plaintiff.** | ) | |
| | ) | |
| | ) | |

## SLUSH PUPPIE LIMITED'S MOTION FOR POST-TRIAL PROCEEDINGS CONSISTENT WITH FED. R. CIV. P. 52(a)(1)

Plaintiff/Counter-Defendant Slush Puppie Limited ("SPL") respectfully submits this motion regarding post-trial proceedings consistent with Fed. R. Civ. P. 52(a)(1). Because an advisory jury tried this case, Rule 52(a)(1) obligates the Court to enter findings of fact and conclusions of law.

Federal Rule of Civil Procedure 52(a)(1) states:

> *In General.* In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58.

Where, as here, an advisory jury returns interrogatories, the proper procedure requires this Court to make findings of fact and conclusions of law. Specifically, "[t]he Court, therefore, will empanel an advisory jury. Pursuant to Rule 52(a)(1), the Court will still make its own findings of fact and conclusions of law." *F.T.C. v. E.M.A. Nationwide, Inc.*, No. 1:12-CV-2394, 2013 WL 3153771, at *3 (N.D. Ohio June 19, 2013); *see also Slep-Tone Ent. Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 712, 717 (6th Cir. 2015) ("To the contrary, under Rule 52 'the court *must* find the facts

1

specially and state its conclusions of law separately' in actions tried with an advisory jury")

(emphasis in original); *Zack v. Comm'r,* 291 F.3d 407, 412 (6th Cir. 2002) ("[T]he trial court's

findings [under Rule 52(a)] must support the ultimate legal conclusions reached[.] The findings

are necessary not only to reveal the logic behind the trial court's decision, but also to enable an

appellate court to conduct a meaningful review of the trial court's order.") (citations omitted); *see*

*Champion Foodservice, LLC v. Vista Food Exchange, Inc.*, No. 1:13-CV-1195, 2016 WL

6642228, at *3 - *21 (N.D. Ohio Aug. 23, 2016) (entering findings of fact and conclusions of law

with cites to the transcript and admitted exhibits); *Risner v. Regal Marine Indus., Inc.*, 8 F. Supp.

3d 959 (S.D. Ohio 2014) (same).

After the advisory jury renders a verdict, "[i]t is within the trial court's discretion to accept

or reject the verdict, or the interrogatory responses of an advisory jury." *Jammal v. Am. Family*

*Ins. Grp.*, No. 1:13 CV 437, 2017 WL 3268032, at *20 (N.D. Ohio Aug. 1, 2017), *rev'd and*

*remanded on other grounds sub nom. Jammal v. Am. Fam. Ins. Co.,* 914 F.3d 449, 453 (6th Cir.

2019) (affording parties "opportunity to present their proposed findings of fact and conclusions of

law" prior to issuing its own findings of fact and conclusions of law under Fed. R. Civ. P. 52(a)(1);

*see also Hickory Specialties, Inc. v. Forest Flavors Int'l, Inc.*, 215 F.3d 1326, 2000 WL 687681,

at *7 (6th Cir. 2000) (unpublished table decision) ("The district court was not required to accept

the jury's verdict; in fact, the district court was required to make independent findings of fact when

trying a case with an advisory jury.").

To this end, SPL proposes that ICEE and SPL submit proposed findings of fact and

conclusions of law. Due to the unique posture of this case, SPL requires the assistance of SPL's

U.K. counsel to draft findings of fact and conclusions of law related to the UK claims. SPL's

undersigned U.S. counsel is not competent to propose findings of fact and conclusions of law on

the UK claims because they lack the requisite expertise required to do so. *See e.g.*, Doc. 437-1 (Affidavit of Eric Larson Zalud in Support of Slush Puppie Limited's Motion for Continuance and Adjournment of Trial Scheduled For March 9, 2026); Doc. 437-2 (Affidavit of Jennifer Turk in Support of Slush Puppie Limited's Motion for Continuance and Adjournment of Trial Scheduled For March 9, 2026); Doc. 437-3 (Affidavit of Laura Kogan in Support of Slush Puppie Limited's Motion for Continuance and Adjournment of Trial Scheduled For March 9, 2026); Doc. 437-4 (Affidavit of Sarah J. Schneider in Support of Slush Puppie Limited's Motion for Continuance and Adjournment of Trial Scheduled For March 9, 2026). SPL's undersigned U.S. counsel has consulted with SPL's U.K. counsel who are prepared to formulate proposed findings of fact and conclusions of law for the UK claims upon receipt of the trial transcripts (which the undersigned have ordered and expect to receive on a rolling basis shortly). Accordingly, SPL respectfully requests that this Court order SPL and ICEE to each submit proposed findings of fact and conclusions of law within 45 days after receipt of the complete trial transcript.

Respectfully submitted,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

/s/ *Eric Larson Zalud*
Eric Larson Zalud (0038959)
Laura E. Kogan (0093369)
Sarah J. Schneider (0101367)
127 Public Square, Suite 4900
Cleveland, OH  44114
(216) 363-4500 – Telephone
(216) 363-4588 – Facsimile
ezalud@beneschlaw.com
lkogan@beneschlaw.com
sschneider@beneschlaw.com

Jennifer M. Turk (0073781)
41 South High Street, Suite 2600
Columbus, Ohio 43215
(614) 223-9300 – Telephone
(614) 223-9330 – Facsimile
jturk@beneschlaw.com

*Attorneys for Plaintiff Slush Puppie Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's case management and electronic filing system. Parties may access this filing through the Court's case management and electronic filing system.

/s/ *Eric Larson Zalud*
Eric Larson Zalud
*Attorney for Plaintiff Slush Puppie Limited*

28775084