# EXHIBIT A



| | | |
|---|---|---|
| NEW YORK | **DuaneMorris®** | HANOI |
| LONDON | | HO CHI MINH CITY |
| SINGAPORE | | SHANGHAI |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | ATLANTA |
| CHICAGO | | BALTIMORE |
| WASHINGTON, DC | | WILMINGTON |
| SAN FRANCISCO | TYLER MARANDOLA | MIAMI |
| SILICON VALLEY | PARTNER | BOCA RATON |
| SAN DIEGO | DIRECT DIAL: +1 215 979 1529 | PITTSBURGH |
| LOS ANGELES | PERSONAL FAX: +1 215 689 1914 | NORTH JERSEY |
| BOSTON | *E-MAIL:* TMarandola@duanemorris.com | LAS VEGAS |
| HOUSTON | | SOUTH JERSEY |
| DALLAS | *www.duanemorris.com* | SYDNEY |
| FORT WORTH | | MYANMAR |
| AUSTIN | | |
| | | ALLIANCES IN MEXICO |

July 21, 2026

VIA E-MAIL  – ezalud@beneschlaw.com

Eric L. Zalud, Esq.
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, OH  44114

> **Re:**   ***Slush Puppie Limited v. The ICEE Company***
> **C.A. No. 1:19-cv-00189-MRB**

Dear Mr. Zalud:

We received your July 17, 2026 letter saying that "on our about August 9, 2026 SPL will be making its regular monthly salary payment to Mark Peters in his role as director of the company, in the amount of €77,250 as an ordinary and necessary expenditure to preserve the business." Any such payment would plainly violate the terms of the Court's July 8, 2026 injunction (Doc. 504) and therefore we demand that you confirm that no such payment will be made.

The injunction is clear and unambiguous: "Slush Puppie Limited (now known as Frozen Brothers Limited), and all persons acting in concert with it, are hereby prohibited from making any payments . . . to Mark Peters . . . ." Doc. 504, at PAGEID 24890. Your letter states that SPL is intending to make a payment to Mark Peters.  Such a payment would violate the injunction.

Your suggestion that Paragraph 3 could be read as permitting this proposed payment (made by Mark Peters himself) to Mark Peters is meritless. First, Paragraph 3 is not an exception to Paragraphs 1 and 2 and does not limit the scope of their terms. To the contrary, Paragraph 3 is "[t]o insure compliance" with those paragraphs. In other words, SPL is required to disclose large purported ordinary-course expenditures to ensure (among other things) that they are ***not*** being made to Mark Peters or to, e.g., a straw entity that he controls. Second, it is patently obvious that a nearly 80,000 Euro monthly payment—over €925,000 per year—is not "necessary for the continued operation of the business." Doc. 504, at PAGEID 24890. Indeed, such a huge

Duane Morris llp

30 SOUTH 17TH STREET                                          PHONE: +1 215 979 1000    FAX: +1 215 979 1020
PHILADELPHIA, PA  19103-4196

DuaneMorris

Eric L. Zalud
July 21, 2026
Page 2

disbursement would harm the company's bottom line.  If SPL believes that a payment to Mark Peters (set by Mark Peters) is necessary, it must seek modification of the injunction.

If SPL ignores the injunction by making this payment to Mark Peters, both SPL and Mark Peters will be in contempt of Court. *See* Fed. R. Civ. P. 65(d)(2)(B) (injunction binds a party's officers); *Elec. Workers Pension Trust Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 383 (6th Cir. 2003) ("[W]e hold that because a civil contempt ruling either attempts to coerce compliance or compensate the complainant for losses, it is fully appropriate to impose judicial sanctions on the nonparty corporate officer.").

Please confirm by **July 23, 2026** that SPL will not make the "regular monthly salary payment" referred to in your letter, or any future such payments to Mark Peters. ICEE reserves its right to seek relief from the Court for SPL's and Mark Peters's planned contempt.

Very truly yours,

*/s/Tyler R. Marandola*

Tyler Marandola

TRM

cc:     Via E-Mail:
        Jennifer M. Turk – jturk@beneschlaw.com
        Laura E. Kogan – lkogan@beneschlaw.com
        Sarah J. Schneider – sschneider@beneschlaw.com
        David J. Wolfsohn – djwolfsohn@duanemorris.com
        Philip G. Han – pghan@duanemorris.com